CERTIFIED COPY

10285 1/4/2008 00133



FILED
IN COUNTY CLERK'S OFFICE

A.M. JAN 0 4 2008 P.M.

PIERCE COUNTY, WASHINGTON
KEVIN STOCK, County Clerk
BY_____ DEPUTY

07-2-12633-9  28925108  MMATH  01-04-08

Judge D. Gary Steiner
Department 10

## STATE OF WASHINGTON
## PIERCE COUNTY SUPERIOR COURT

| | |
|---|---|
| DOUGLAS TOBIN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON and PIERCE COUNTY,<br><br>Defendants. | NO. 07-2-12633-9<br><br>MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT OF DISMISSAL |

COMES NOW the State of Washington by and through Robert M. McKenna, Attorney General, and Patricia C. Fetterly, Assistant Attorney General, undersigned and submits the following memorandum of authorities in support of its motion for summary judgment.

### I. NATURE OF THE CASE

This lawsuit that arose out of the arrest and conviction of plaintiff Douglas Tobin for felony theft of geoduck and other shellfish belonging to the State of Washington in 2002 and 2003. Specifically, it relates to the agreement as part of these prosecutions in Pierce County Cause Numbers 02-1-05810-0 and 02-1-01236-3 that the State of Washington would return a

MEMORANDUM OF AUTHORITIES IN
SUPPORT OF DEFENDANT STATE OF
WASHINGTON'S MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL



1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Exhibit A-4
Page 52

10205 1/4/2008 00134

1  limited number of personal property seized at the time of Mr. Tobin's arrest in March of 2002. Mr. Tobin claims in this lawsuit that the State of Washington failed to return certain items of personal property it agreed to return to him as set forth in a Stipulation on Forfeiture of Property filed in Pierce County Cause No. 02-1-05810-0 on December 10, 2003. See Appendix A. He claims damages in the amount of $6,000,000. which he asserts is the value of the property retained by the State. Plaintiff's claims lack all merit. All items which plaintiff was entitled to receive pursuant to the terms of the Stipulation dated December 10, 2003 have been returned to him. Pursuant to the express terms of his plea bargain agreement entered which resolved the criminal matters, all other property remains forfeited to the State of Washington Department of Fish and Wildlife.

## II.   FACTUAL BACKGROUND

On March 18, 2002 State of Washington Department of Fish and Wildlife Officers arrested plaintiff Douglas Tobin. Plaintiff's arrest followed a lengthy investigation of suspected felony theft and other crimes related to the illegal harvest and sale of geoduck and crab belonging to the State of Washington. At the time of his arrest, Fish and Wildlife officers seized a large amount of plaintiff's property located at his home, business premises and found on board his commercial fishing vessels pursuant to a search warrant dated March 15, 2002. See Declarations of William Jarmon Jr. and Charles R. Pudwill.

Information filed in Pierce County Cause No. 02-1-01236-3 and Pierce County Cause No. 02-1-05810-0 originally charged Douglas Tobin with leading organized crime; 10 counts of first degree trafficking in stolen property; 27 counts of first degree theft; and one count of first degree conspiracy to commit theft. Amended information charged plaintiff with 33 counts

MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT OF DISMISSAL

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Exhibit A-4
Page 53

of first degree violation of commercial area or time; 33 counts of unlawful trafficking in fish or wildlife; one count of first degree engaging in fish dealing activity unlicensed; one count of first degree commercial fishing without a license; and 33 counts of failure to report commercial fish, shellfish harvest or delivery. These charges concerned the illegal harvest and sale of geoduck and crab between 2000 and 2002. See Declaration of Tom L. Moore.

At the time of plaintiff's arrest, Washington State Department of Fish and Wildlife officers seized numerous items of personal property used in plaintiff's suspected illegal operations. This property included a 42 foot commercial fishing vessel known as the "Typhoon," the vessel registration, maintenance books, all engines, compressors and equipment related to the vessel, personal property located on the vessel including diving logs, an underwater video camera, a night vision scope, binoculars, a GPS plotter, numerous log sheets, a cellular telephone, photographs, shellfish business licenses, fish tickets, drawings of South Puget Sound waterways, maritime charts and other miscellaneous personal property kept on the Typhoon including bedding, clothing and other items of personal property. Additional property was seized which included several motor vehicles, two other vessels (a 20 foot Boston whaler and a 17 foot aluminum bowpicker) and two bank accounts located at Bank of America as well as other property. All property seized were subject to a notice of forfeiture and an amended notice of forfeiture filed pursuant to RCW 9A.82.120 in Pierce County Cause No. 02-1-01236-3 on March 25, 2002 and March 29, 2002. In these notices of forfeiture the State of Washington claimed restitution damages in excess of $3,000,000. See Declaration of Tom L. Moore.

MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT OF DISMISSAL

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Exhibit A-4
Page 54

On April 25, 2003 plaintiff entered a plea of guilty to one count of first degree theft in Cause No. 02-1-01236-3 and several misdemeanor charges in Pierce County Cause No. 02-1-05810-0 plus an additional cause for firearm enhancement filed in another cause number. These plea bargain agreements included a recommendation that the prosecutor would recommend a sentence of 168 months imprisonment. As part of the agreements, plaintiff expressly agreed that all property seized would be forfeited to the State of Washington. It was further agreed that the State would pursue restitution claims in excess of $1,200,000.00. See Declaration of Tom L. Moore. Following a restitution hearing held on April 9, 2004, restitution in excess of $1,000,000.00 was awarded to the State. Plaintiff appealed the restitution order which was affirmed by the Washington Supreme Court earlier in 2007. *See State v. Tobin*, 161 Wn. 2d 517 (2007).

On December 10, 2003 representatives of plaintiff and the Pierce County Prosecuting Attorney entered into a Stipulation on Forfeiture of Property in which the State agreed to release a limited amount of personal property to Douglas Tobin or his authorized representative. The property which the State agreed to release included $1700 in cash, a 1969 Chevrolet Nova automobile, the two accounts located at Bank of America and '[p]ersonal property found on the boat Typhoon to include, medicine bag, clothes etc." The Stipulation expressly stated as follows:

> **The rest of the property seized by the State will become the property of the State of Washington, Department of Fish and Wildlife, Statewide Enforcement Program.** This includes all property listed in the (Attached) Notice of Intent to Forfeit except that listed above, and any other property seized listed or not, to include: electronics on the boats seized, commercial fishing gear and weapons. (emphasis added)

See Appendix A. See Exhibit H to Declaration of Tom L. Moore.

MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT OF DISMISSAL

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Exhibit A-4
Page 55

On January 16, 2004 Detective William Jarmon Jr. and Detective Charles Pudwill met with Stacey Tobin, plaintiff's daughter and designated representative, at a public location in Olympia, Washington. On this date the Department of Fish and Wildlife officers delivered to Ms. Tobin the items of miscellaneous personal property found on the boat Typhoon, including the medicine bag, clothes etc as described on the Stipulation dated December 10, 2003, which were not seized as evidence and had minimal market value. Stacey Tobin signed a receipt acknowledging that she received these items which included bedding, clothing utensils, eagle feather, beaded medicine bag, video tapes and other items of miscellaneous personal property. See Declarations of William Jarmon Jr., Charles R. Pudwill and Stacey M. Tobin. See also Appendix B.

On April 5, 2007 plaintiff filed a tort claim with the State of Washington alleging that these same items of personal property plus other items of personal property retained as evidence were not returned to him. He claims damages against the State for the alleged fair market value of these items at in excess of $491,400.00. Specifically plaintiff claims that the State unlawfully retained the items of personal property including bedding, clothing, utensils, eagle feathers, medicine bag, video tapes and other personal property that were received by Stacey Tobin on his behalf on January 10, 2004. Further plaintiff claims that other items of personal property which were properly retained by the State of Washington (including the GPS plotter, log sheets, cellular phone, maritime charts, vessel registration, dive logs, video camera, night vision scope, binoculars, boat equipment, diving gear and tools) were "unlawfully" retained by the State of Washington. In the complaint filed following the rejection of his tort

MEMORANDUM OF AUTHORITIES IN
SUPPORT OF DEFENDANT STATE OF
WASHINGTON'S MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Exhibit A-4
Page 56

10285 1/4/2008 00138

claim, plaintiff seeks damages of $6,000,000 based on a claim of $3,000,000 fair market value of property allegedly retained unlawfully doubled.

### III. ISSUES AND ANALYSIS

**A.  All Property Plaintiff Had a Right to Receive Has Been Returned**

All property that plaintiff had a right to receive pursuant to the terms of the Stipulation dated December 10, 2003 was returned to him. He had no right to receive any items of property other than the items expressly covered by the Stipulation dated December 10 2003. Specifically, he had no right to the return of the items inventoried on his claim for damages after item number 25 (the GPS plotter and other items following that on the inventory). The plea bargain agreement, which plaintiff signed and maintained that he entered into freely, expressly stated that all property seized would be forfeited and will become the property of the Washington State Department of Fish and Wildlife Enforcement Division.

Summary judgment is proper when reasonable minds can draw but one conclusion regarding material facts. *S.H.C. v. Sheng-Yen Ly*, 113 Wn. App. 511 (2002); *Ruffer v. St. Francis Cabrini Hospital*, 56 Wn. App. 625, 628, 784 P2d 1288 (1990). In the present case reasonable minds can draw but one conclusion. All items listed on the December 10, 2003 Stipulation which plaintiff had a right to receive have been delivered to his daughter, his designated representative, or otherwise returned to him. He had no right to receive the other items listed on the inventory in support of his claim for damages since all items not specifically listed on the Stipulation dated December 10, 2003 were forfeited to the State of Washington.

MEMORANDUM OF AUTHORITIES IN
SUPPORT OF DEFENDANT STATE OF
WASHINGTON'S MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Exhibit A-4
Page 57

**B.   Plaintiff's Claims are Barred by the Statute of Limitations**

The statute of limitations for bringing an action to recover property forfeited to the State is two years. RCW 4.16.100. Plaintiff filed this lawsuit on October 10, 2007, nearly three years after his personal property was returned to his representative in January of 2004 and more than five years after plaintiff's property was seized and forfeited at the time of his arrest in March of 2002. It is anticipated that plaintiff will claim that the statute of limitations is tolled by his imprisonment pursuant to RCW 4.16.190. This argument also lacks merit. Although RCW 4.16.190 does provide that the statute of limitations is tolled by imprisonment, the statute expressly states that the tolling provision does not apply to a forfeiture action. Even if plaintiff's claims in this lawsuit concerning the forfeiture of his property had merit, they are barred by the statute of limitations.

Plaintiff's complaint should be dismissed with prejudice.

DATED this __21__ day of December, 2007.

ROBERT M. MCKENNA
Attorney General

_____
PATRICIA FETTERLY, WSBA No. 8425
Assistant Attorney General

STATE OF WASHINGTON, County of Pierce
ss: I, Kevin Stock, Clerk of the above entitled Court, do hereby certify that this foregoing instrument is a true and correct copy of the original now on file in my office. IN WITNESS WHEREOF, I hereunto set my hand and the Seal of said County this ____ day of FEB 1 2 2009, 20 ____
By _____ Deputy

MEMORANDUM OF AUTHORITIES IN
SUPPORT OF DEFENDANT STATE OF
WASHINGTON'S MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Exhibit A-4
Page 58

10285 1/4/2008 00140

## PROOF OF SERVICE

I certify that I caused to be served a copy of this document on all parties or their counsel of record on the date below as follows:

- [x] US Mail Postage Prepaid via Consolidated Mail Service
- [ ] ABC/Legal Messenger
- [ ] State Campus Delivery
- [ ] Hand delivered by _____

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 3rd day of January, 2008 at Tumwater, WA.

*Laurel B. DeForest*
LAUREL B. DeFOREST

MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT OF DISMISSAL

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Exhibit A-4
Page 59

10205 1/4/2008 00141

# APPENDIX A

10285 1/4/2008 00142
20026 12/11/2003 00027

ORIGINAL

FILED
DEPT. 11
IN OPEN COURT
DEC 10 2003
Pierce County Clerk
By............ DEPUTY

SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

STATE OF WASHINGTON,

Plaintiff,

vs.

DOUGLAS JOHN MARTIN TOBIN,

Defendant.

CAUSE NO. 02-1-05810-0

STIPULATION ON FORFEITURE OF PROPERTY

The State of Washington represented by Deputy Prosecutor Tom L. Moore and the defendant DOUGLAS JOHN MARTIN TOBIN represented by Attorney Allen Ressler enter into the following stipulation regarding the forfeiture of property, seized pursuant to a series of search warrants served on March 18th, 2002. The defendant was originally served with a Notice of Seizure and Intent to Forfeit Property on March 22nd, 2002, under cause number 02-1-01236-3. The State subsequently filed an Amended Information under this cause number charging the defendant with Leading Organized Crime.

The State and the Defendant reach the following agreement:

The State will release to the defendant or his representative:

~~One pair of binoculars~~

~~$850.00~~ $700 seized from the defendant's person

The State's lien on a 1969 Chevrolet Nova, license CV3982

The State's hold on two bank accounts located at Bank of America, Fife Washington, #16492605 and #70458401

Personal property found on the boat Typhoon to include, medicine bag, clothes, etc.

The rest of the property seized by the State will become the property of the State of Washington, Department of Fish and Wildlife, Statewide Enforcement Program. This includes all property listed in the ( Attached) Notice of Intent to Forfeit, except that listed above, and any other property seized listed or not, to include: electronics on the boats seized, commercial fishing gear, and weapons.

gencaption.dot

Office of the Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10285 1/4/2008 08143

29826 12/11/2003 00029

1  Tom L. Moore, DPA, #17542

2
3  Allen Ressler, Attorney for Defendant

4
5  Douglas John Martin Tobin

6
## COURT ORDER

7  The Court being fully advised in this matter and having reviewed the Stipulation of the Parties.

8
9  NOW HEREFORE

10  ORDERS that the property listed above shall be forfeited to the State of Washington, Department of Fish and Wildlife, Statewide Enforcement Program, except that property that by
11  Stipulation is to be returned to the defendant.

12
13  DONE IN OPEN COURT this __10__ day of December, 2003.

14  Judge, John A. MCCarthy

gencaption.dot

Office of the Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10285 1/4/2008 00144

# APPENDIX B

4/10-013                                                           10285 1/4/2008 00145

## PROPERTY INVENTORY (continuation sheet)

| CITATION/CASE # 01-0011 | NAME: TOBIN, DOUG | | |
|---|---|---|---|
| TAG | PROPERTY DESCRIPTION (Include Serial #) | LOCATION HELD | DISPOSITION |
| | (2) Turq. Blue Sleep Bags | | |
| | (2) Blu/Blk Coleman Sleep Bags | | |
| | (2) Red/Wht/Blu Pillows | | |
| | (1) Bedspread type quilt / Flowers | | |
| | (1) Dark Red/Blu quilt | | |
| | (1) Green Blanket | | |
| | (2) Tribal design quilts | | |
| | (7) Throw pillows Seven (7) | | |
| | (2) Bed type pillows | | |
| | (1) Shave Kit | | |
| | (1) Columbia Boots | | |
| | (3) Coats | | |
| | (2) Pants | | |
| | (5) Shirts | | |
| | (10) Hats | | |
| | (1) Colt Brown Shoes | | |
| | (1) Coffee Maker (1) Teapot | | |
| | (1) Box - Misc Kitchen/food consumables | | |
| | (2) Bib Coveralls | | |
| | (1) Outback type Jacket | | |

I hereby acknowledge the receipt of the listed article(s) and that the listed article(s) are in the same condition as when seized.

SIGNED: _____   DATE: 1/16/04

CHAIN OF CUSTODY: X W. Harmon JR. #55
X C. R. Howard #54

01 /02

DISTRIBUTION OF COPIES:   WHITE = Storage Location   YELLOW = Captain   PINK = Headquarters

If item is DESTROYED or RETURNED TO WATER, then the WHITE and PINK copy are forwarded to Headquarters.

Page ___ of ___ Pages

10205 1/4/2008 00146

## PROPERTY INVENTORY (continuation sheet)

| CITATION/CASE # 01-0011 | | NAME: TOBIN, DOUG | |
|---|---|---|---|
| TAG | PROPERTY DESCRIPTION (Include Serial #) | LOCATION HELD | DISPOSITION |
| | (2) Feathers | | |
| | (1) Bead Medallion | | |
| | (3) Video tapes (damaged) | | |
| | (4) Pieces - Misc Underwear | | |
| | (1) Glasses Case | | |
| | (1) Bird Book | | |
| | (3) Bottles / Sky Blue | | |
| | (16) Cans / Sprite | | |
| | (1) Green towel | | |

I hereby acknowledge the receipt of the listed article(s) and that the listed article(s) are in the same condition as when seized.

SIGNED: _____   DATE: 1/10/04

CHAIN OF CUSTODY: X W.R. Harmon JR #55
X C.R. Wadnell #54

02 of 02

DISTRIBUTION OF COPIES:   WHITE = Storage Location   YELLOW = Captain   PINK = Headquarters

If item is DESTROYED or RETURNED TO WATER, then the WHITE and PINK copy are forwarded to Headquarters.

Page    of    Pages