10206 1/4/2008 00001

# CERTIFIED COPY



07-2-12633-9   28925113   DCLR   01-04-08

IN COUNTY CLERK'S OFFICE
**FILED**
A.M.   JAN 04 2008   P.M.
PIERCE COUNTY, WASHINGTON
KEVIN STOCK, County Clerk
BY_____ DEPUTY

Judge D. Gary Steiner
Department 10

## STATE OF WASHINGTON
## PIERCE COUNTY SUPERIOR COURT

| | |
|---|---|
| DOUGLAS TOBIN, | NO. 07-2-12633-9 |
| Plaintiff, | DECLARATION OF TOM L. MOORE |
| v. | |
| STATE OF WASHINGTON and PIERCE COUNTY, | |
| Defendants. | |

I, Tom L. Moore, make the following declaration under penalty of perjury:

1.     My name is Tom L. Moore. I am employed as a Deputy Prosecuting Attorney for Pierce County. I was so employed in 2002 and 2003. I am an active member of the Washington State Bar Association. My business address is 955 Tacoma Avenue South, Tacoma, Washington. I am over the age of 18 and am competent to be a witness. I make this declaration based upon my own knowledge and belief.

2.     In 2002 and 2003 I was the lead prosecuting attorney in the prosecution of plaintiff Douglas Tobin for felony theft, conspiracy, trafficking in stolen property and other crimes arising out of his illegal harvest and sale of geoduck and other shellfish belonging to the

DECLARATION OF TOM L. MOORE                1



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Exhibit A-7
Page 104

18286 1/4/2888 88882

1  State of Washington.  Criminal charges were filed against Mr. Tobin in Pierce County Cause

2  Numbers 02-1-01236-3 and 02-1-05810-0.  Criminal proceedings against Mr. Tobin

3  commenced with the filing of information in Pierce County Cause No. 02-1-01236-3 on March

4  14, 2002.  The initial information filed in that cause number charged plaintiff Douglas Tobin

5  with forty-one felony charges including one count of leading organized crime and criminal

6  profiteering concerning the theft of geoducks contrary to RCW 9A.82.060(1)(a), ten counts of

7  trafficking in stolen property in the first degree, twenty-seven counts of first degree theft and

8  one count of conspiring to commit theft in the first degree.  A copy of the initial information

9  filed in Pierce County Cause No. 02-1-01236-3 is attached hereto and incorporated herein as

10  Exhibit A.  Amended information was later filed in this cause number which resulted in a total

11  of 90 criminal charges arising from the illegal harvest and sale of geoducks.

12

13         On December 17, 2002 plaintiff was charged with thirty-nine additional crimes in

14  Pierce County Cause No. 02-1-05810-0.  These charges included several counts of trafficking

15  in stolen property, conspiracy to commit theft and theft in the first degree.  A copy of the initial

16  information filed in Pierce County Cause No. 02-1-05810-0 is attached hereto and incorporated

17  herein as Exhibit B.  These charges also arose from the alleged illegal harvest and sale of

18  geoduck and crab between 2000 and 2002.  After amended information was filed in Cause No.

19  02-1-01236-3, plaintiff was charged with 120 additional claims, including 34 counts of

20  unlawful trafficking in fish or wildlife, fish dealing without a license, 33 counts of violation of

21  commercial fishing area, 12 gross misdemeanor counts of possession of shellfish without a

22  health certificate and 33 counts of failing to report filling out fish tickets.

23

24

25

26

DECLARATION OF TOM L. MOORE                    2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

10206  1/4/2008  00003

3.     On March 25, 2002 the State of Washington filed a notice of lien and notice of intent to forfeit the property seized pursuant to the March 15, 2002 search warrant.  A copy of the search warrant is attached hereto and incorporated herein as Exhibit C.  The notice of lien encompassed, among other property, the vessel Typhoon and all electronics and other equipment and gear associated with the vessel.  A notice of intent to seek forfeiture of this property to the State of Washington pursuant to RCW 9A.82.120 was filed on March 25, 2003 and an amended notice of seizure and intent to forfeit filed on March 29, 2002.  As part of this notice the State of Washington also filed notice of an intention to seek restitution damages against plaintiff in excess of $3,000,000.00.

4.     On April 25, 2003 plaintiff entered a plea of guilty to one count of first degree theft in Cause No. 02-1-01236-3, 33 counts of trafficking in fish and wildlife, several gross misdemeanors in Cause No. 02-1-01236-3, plus unlawful possession of a firearm in the first degree as charged in Pierce County Cause No. 02-1-01499-4 since plaintiff was a convicted felon in unlawful possession of a firearm.   In exchange I, on behalf of the State, agreed to recommend that all other charges be dropped in exchange for plaintiff receiving an exceptional sentence.  As part of these plea bargain agreements, the State reserved the right to seek restitution damages in the amount of $1,200,000.00, and plaintiff expressly agreed that all property seized would become the property of the State of Washington.  Even though the charge of leading organized crime in violation of RCW 9A.82.060(1)(a) was dropped, the plea bargain agreement expressly provided that all property seized would be forfeited to the state of Washington.  Copies of the plea bargain agreements filed in both cause numbers are attached

DECLARATION OF TOM L. MOORE          3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA  98504-0126
(360) 586-6300

1  hereto as Exhibit D and E.  Following entry of the pleas of guilty, plaintiff was sentenced to an

2  exceptional sentence of 168 months imprisonment for all charges.

3      5.      An order on restitution was entered on April 9, 2004 following a hearing which

4
5  set restitution owed by plaintiff to the State of Washington at $879,408.40 in Cause No. 02-1-

6  05810-0 and $274,803.00 in Cause No. 02-1-1236-3. See Exhibits F and G.  (Plaintiff sought

7  an appeal of this order.  The Court of Appeals and later the Supreme Court affirmed the

8  restitution order.  *See State v. Tobin*, 161 Wn.2d 517 (2007)).

9      6.      On December 10, 2003 I entered into an agreement with plaintiff's attorney in

10  which on behalf of the State I agreed to return certain items of personal property including

11  clothing, bedding and other personal items which had no market value or no evidentiary value

12  which were located on the Typhoon when it was seized.  This agreement did not encompass

13
14  any items associated with the vessel such as generators and equipment related to the vessel and

15  did not encompass items seized as evidence such as diving gear, the GPS plotter, night vision

16  goggles, cellular phone, diving logs, maritime charts and other similar items utilized as

17  evidence in the prosecution.  In addition the State agreed to return cash in the amount of

18  $1,700.00 and to release its lien upon on of Mr. Tobin's vehicles and upon his two bank

19  accounts.  A copy of this Stipulation on Forfeiture of Property is attached hereto as Exhibit H.

20  The Stipulation expressly provided that all other property seized would remain the property of

21
22  the State of Washington Department of Fish and Wildlife.

23      Following entry of this Stipulation, Department of Fish and Wildlife officers met with

24  Stacey Tobin, plaintiff's daughter and designated representative, to return the miscellaneous

25  items of personal property described on the December 10, 2007 Stipulation and as outlined in

26

DECLARATION OF TOM L. MOORE            4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

10206 1/4/2008 00005

1   the Declarations of William Jarmon Jr. and Charles R. Pudwill.  These items were located on

2   the Typhoon when it was seized and had no market value.  They coincide with the first twenty

3   four items listed on the inventory filed by Mr. Tobin in support of his tort claim which is

4   attached hereto as Exhibit I.

5

6           The additional items on the inventory which include the GPS plotter, underwater

7   cameras, diving logs, night vision scope, binoculars, log sheets, cellular telephone,

8   photographs, shellfish licenses, fish tickets, drawing of waterways, maritime charts and other

9   miscellaneous property seized at the time of plaintiff's arrest and seizure of the vessel Typhoon

10  were retained as evidence and were not subject to being returned.  As can be seen from a

11  review of my declaration in support of probable cause in the original criminal informations

12  filed, Douglas Tobin conducted all his illegal harvesting at night to avoid detection.  He

13  utilized the Typhoon, a 42 foot commercial fishing vessel, for the illegal harvesting of geoduck

14  and crab.  He operated the vessel at night without lights in South Puget Sound, stopping at

15  known geoduck tracts.  He employed several people in his illegal harvesting operation

16  including divers who harvest the geoduck at night by utilizing hoses attached to a high pressure

17  water pump powered by a compressor used to blast mud away from the clams and geoducks

18  that are retrieved from underwater shellfish beds.  Plaintiff utilized two smaller boats, a twenty

19

20  two foot Boston Whaler and 17 foot skiff, to ferry the clams from Typhoon to the dock or

21  landing.  He utilized several vehicles to transport the stolen shellfish to the packing plant that

22  he owned and operated.  In addition the marine equipment, tools, generators, compressors and

23  diving gear were seized with the vessels and were properly retained by the State of

24

25

26

DECLARATION OF TOM L. MOORE                   5                    ATTORNEY GENERAL OF WASHINGTON
                                                                              Torts Division
                                                                         7141 Cleanwater Drive SW
                                                                              PO Box 40126
                                                                         Olympia, WA  98504-0126
                                                                            (360) 586-6300

10286 1/4/2008 00006

1    Washington.  All such property was seized at the time of plaintiff's arrest and was subject to

2    the notice of lien filed by the state following plaintiff's arrest.

3         The items listed on plaintiff's inventory filed in support of his tort claim which were

4    not returned to him (items number 25 through the end of the list which included the GPS

5
     plotter, marine log sheets, personal papers, cellular phone, maritime charts, vessel registrations,
6
7    diving logs, underwater video camera, night vision scope and binoculars) were retained as

8    evidence and were forfeited.  In addition the marine equipment, tools, generators, compressors

9    and diving gear were seized with the vessels and were properly retained by the State of

10   Washington.  The other items covered by the Stipulation which included the cash were

11   returned to Allen Ressener, Mr. Tobin's attorney and designated representative to receive the
12
     cash.  Following entry into the Stipulation dated December 10, 2003, the State released its lien
13
14   upon the Chevrolet Nova and upon the two bank accounts, the remaining items covered by the

15   Stipulation.  Douglas Tobin has received all property that he was entitled to have returned

16   under the December 10, 2003 Stipulation.  All other property seized at the time of his arrest

17   remains forfeited to the State of Washington.

18        Signed under penalty of perjury this ____ day of December 2007 at Tacoma,
19
     Washington.
20

21   _____
     TOM L. MOORE
22
     STATE OF WASHINGTON, County of Pierce
23   ss: I, Kevin Stock, Clerk of the above
     entitled Court, do hereby certify that this
     foregoing instrument is a true and correct
24   copy of the original now on file in my office.
     IN WITNESS WHEREOF, I hereunto set my
25   hand and the Seal of said Court this
     ____ day of FEB 12 2009, 20 ____
26   Kevin _____
     By _____ Deputy

DECLARATION OF TOM L. MOORE            6            ATTORNEY GENERAL OF WASHINGTON
                                                            Torts Division
                                                        7141 Cleanwater Drive SW
                                                            PO Box 40126
                                                        Olympia, WA  98504-0126
                                                          (360) 586-6300

10206 1/4/2008 00007

**PROOF OF SERVICE**

I certify that I caused to be served a copy of this document on all parties or their counsel of record on the date below as follows:

☒ US Mail Postage Prepaid via Consolidated Mail Service

☐ ABC/Legal Messenger

☐ State Campus Delivery

☐ Hand delivered by _____

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 3rd day of January, 2008 at Tumwater, WA.

LAUREL B. DeFOREST

DECLARATION OF TOM L. MOORE                    7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

10206  1/4/2008  00008

# EXHIBIT A

10286  1/4/2008  00009

CLERK07 3/15/2002 385500078

THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

STATE OF WASHINGTON,

                Plaintiff,

           vs.

DOUGLAS JOHN MARTIN TOBIN,

                Defendant.

CAUSE NO.  02   1   01236   3

INFORMATION

FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

A.M.  MAR 1 4 2002  P.M.

857   29425

BOB SAN SOUCIE
COUNTY CLERK

BY _____ DEPUTY

DOB: 04/27/1952    SEX: MALE    RACE: WHITE
SS#: UNKNOWN    SID#: UNKNOWN    DOL#: UNKNOWN

CO-DEF: LORI KERN    02   1   01235   5
CO-DEF: XIANG LI    02   1   01234   7
CO-DEF: JASON LEE BISS    02   1   01233   9

I, GERALD A. HORNE, Prosecuting Attorney for Pierce County, in the name and by the authority of

the State of Washington, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of LEADING

ORGANIZED CRIME, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 9th day

of June, 2001 and the 18th day of March, 2002, did unlawfully, feloniously, and intentionally organize,

manage, direct, supervise, or finance any three or more persons, Lori Kern, Xiane Li (Jack Li), Jason Biss,

Heidi Mills, Michael Beard, Clint (not known), Mike Krise, Greg Koenig, Jeff Choke, and others unnamed at

this time, with the intent to engage in a pattern of criminal profiteering activity, to-wit: the theft of Geoducks

from the State of Washington Department of Natural Resources and/or Squaxin, Nisqually, Puyallup Tribes

and the subsequent sale of the Geoduck to California and Canadian processors., contrary to RCW

9A.82.060(1)(a), and against the peace and dignity of the State of Washington.

COUNT II

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN KERN and

DOUGLAS JOHN MARTIN TOBIN of the crime of TRAFFICKING IN STOLEN PROPERTY IN THE

FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a

series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected

INFORMATION - 1

ORIGINAL

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00010

CLKE07 3/15/2002 3859O879

02  1  01236  3

1   in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of

2   the others, committed as follows:

3          That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the

4   period between the 10th day of June, 2001 and the 29th day of June, 2001, did unlawfully, feloniously, and

5   knowingly initiate, organize, plan, finance, direct, manage, or supervise the theft of property for sale to

6   others, or did knowingly traffick in stolen property, to-wit: Geoducks, belonging to the State of Washington

7   Department of Natural resources or Squaxin, Nisqually, and Puyallup Indian Tribes, contrary to RCW

    9A.82.050(2), and against the peace and dignity of the State of Washington.

8                                    COUNT III

9          And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN

10  MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character,

11  and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a

12  single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be

    difficult to separate proof of one charge from proof of the others, committed as follows:

13         That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 10th day

14  of June, 2001 and the 29th day of June, 2001, did unlawfully, feloniously, and wrongfully obtain or exert

15  unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State

16  of Washington Department of Natural Resources or Squaxin, Nisqually and Puyallup Indian Tribes, of a

17  value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW

    9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

18                                   COUNT IV

19         And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN KERN and

20  DOUGLAS JOHN MARTIN TOBIN of the crime of TRAFFICKING IN STOLEN PROPERTY IN THE

21  FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a

22  series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected

23  in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of

    the others, committed as follows:

24         That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about

25  during the period between the 1st day of July, 2001 and the 23rd day of July, 2001, did unlawfully,

26  feloniously, and knowingly initiate, organize, plan, finance, direct, manage, or supervise the theft of property

27

28  INFORMATION - 2

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206  1/4/2008  00011

CLERK87 3/15/2002 3859000

02  1  01236  3

1   for sale to others, or did knowingly traffic in stolen property, to-wit: Geoducks, belonging to State of

2   Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes , contrary

3   to RCW 9A.82.050(2), and against the peace and dignity of the State of Washington.

4                                    COUNT V

5       And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN

6   MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character,

7   and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a

    single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be

8   difficult to separate proof of one charge from proof of the others, committed as follows:

9       That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about during the period between

10  the 1st day of July, 2001 and the 23rd day of July, 2001, did unlawfully, feloniously, and wrongfully obtain

11  or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging

12  to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes,

    of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to

13  RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of

14  Washington.

15                                   COUNT VI

16      And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN KERN and

17  DOUGLAS JOHN MARTIN TOBIN and XIANG LI of the crime of TRAFFICKING IN STOLEN

    PROPERTY IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the

18  same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or

19  so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one

20  charge from proof of the others, committed as follows:

21      That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN and XIANG LI, in Pierce

22  County, on or about during the period between the 1st day of August, 2001 and the 28th day of August, 2001,

23  did unlawfully, feloniously, and knowingly initiate, organize, plan, finance, direct, manage, or supervise the

24  theft of property for sale to others, or did knowingly traffic in stolen property, to-wit: Geoducks, belonging

25  to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes,

    contrary to RCW 9A.82.050(2), and against the peace and dignity of the State of Washington.

26

27

28  INFORMATION - 3

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma. Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00012

CLK207 3/15/2002 3853088

COUNT VII   **02   1   01236   3**

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about during the period between the 1st day of August, 2001 and the 28th day of August, 2001, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT VIII

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN and XIANG LI of the crime of TRAFFICKING IN STOLEN PROPERTY IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN and XIANG LI, in Pierce County, on or about during the period between the 6th day of September, 2001 and the 30th day of September, 2001, did unlawfully, feloniously, and knowingly initiate, organize, plan, finance, direct, manage, or supervise the theft of property for sale to others, or did knowingly traffic in stolen property, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes , contrary to RCW 9A.82.050(2), and against the peace and dignity of the State of Washington.

COUNT IX

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character,

INFORMATION - 4

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00013

CLK207 3/15/2002 3859002

02   1   01236   3

1  and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a

2  single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be

3  difficult to separate proof of one charge from proof of the others, committed as follows:

4        That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about during the period between

5  the 6th day of September, 2001 and the 30th day of September, 2001, did unlawfully, feloniously, and

6  wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit:

   Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and

7  Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property

8  and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and

9  dignity of the State of Washington.

10                                    COUNT X

11        And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN KERN and

   DOUGLAS JOHN MARTIN TOBIN, XIANG LI, and JASON LEE BISS of the crime of TRAFFICKING

12  IN STOLEN PROPERTY IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime

13  based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or

14  plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate

15  proof of one charge from proof of the others, committed as follows:

16        That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN and XIANG LI, in Pierce

17  County, on or about during the period between the 4th day of October, 2001 and the 30th day of October,

18  2001, did unlawfully, feloniously, and knowingly initiate, organize, plan, finance, direct, manage, or

   supervise the theft of property for sale to others, or did knowingly traffick in stolen property, to-wit:

19  Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and

20  Puyallup Indians Tribes , contrary to RCW 9A.82.050(2), and against the peace and dignity of the State of

21  Washington.

22                                    COUNT XI

23        And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN

   MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character,

24  and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a

25  single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be

26  difficult to separate proof of one charge from proof of the others, committed as follows:

27

28  INFORMATION - 5

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206  1/4/2008  00014

CLK#207 3/15/2002 3DE590003

02  1  01236  3

1    That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 4th day

2  of October, 2001 and the 30th day of October, 2001, did unlawfully, feloniously, and wrongfully obtain or

3  exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to

4  State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of

5  a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to

6  RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of

Washington.

7                                        COUNT XII

8    And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN KERN and

9  DOUGLAS JOHN MARTIN TOBIN, XIANG LI and JASON LEE BISS of the crime of TRAFFICKING

10  IN STOLEN PROPERTY IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime

11  based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or

12  plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate

proof of one charge from proof of the others, committed as follows:

13    That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN and XIANG LI, in Pierce

14  County, during the period between the 1st day of November, 2001 and the 30th day of November, 2001, did

15  unlawfully, feloniously, and knowingly initiate, organize, plan, finance, direct, manage, or supervise the theft

16  of property for sale to others, or did knowingly traffick in stolen property, to-wit: Geoducks, belonging to

17  State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes,

contrary to RCW 9A.82.050(2), and against the peace and dignity of the State of Washington.

18                                        COUNT XIII

19    And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN

20  MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character,

21  and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a

22  single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be

23  difficult to separate proof of one charge from proof of the others, committed as follows:

24    That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 1st day

25  of November, 2001 and the 30th day of November, 2001, did unlawfully, feloniously, and wrongfully obtain

26  or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging

27  to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes,

28  INFORMATION - 6

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10286 1/4/2008 00015

CLM287 3/15/2002 30559084

02  1  01236  3

1    of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to

2    RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of

3    Washington.

COUNT XIV

5    And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN KERN and

6    DOUGLAS JOHN MARTIN TOBIN, XIANG LI and JASON LEE BISS of the crime of TRAFFICKING

     IN STOLEN PROPERTY IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime

7    based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or

8    plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate

9    proof of one charge from proof of the others, committed as follows:

10   That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN and XIANG LI, in Pierce

11   County, during the period between the 1st day of December, 2001 and the 30th day of December, 2001, did

12   unlawfully, feloniously, and knowingly initiate, organize, plan, finance, direct, manage, or supervise the theft

13   of property for sale to others, or did knowingly traffick in stolen property, to-wit: Geoducks, belonging to

14   State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes,

     contrary to RCW 9A.82.050(2), and against the peace and dignity of the State of Washington.

15                                              COUNT XV

16   And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN

17   MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character,

     and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a

18   single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be

19   difficult to separate proof of one charge from proof of the others, committed as follows:

20   That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 1st day

21   of December, 2001 and the 30th day of December, 2001, did unlawfully, feloniously, and wrongfully obtain

22   or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging

23   to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes,

     of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to

24   RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of

25   Washington.

26

27

28   INFORMATION - 7

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00016

CLK207 3/15/2002 38558085

COUNT XVI          02  1   01236   3

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN, XIANG LI and JASON LEE BISS of the crime of TRAFFICKING IN STOLEN PROPERTY IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN and XIANG LI, in Pierce County, during the period between the 4th day of January, 2002 and the 16th day of January, 2002, did unlawfully, feloniously, and knowingly initiate, organize, plan, finance, direct, manage, or supervise the theft of property for sale to others, or did knowingly traffic in stolen property, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, contrary to RCW 9A.82.050(2), and against the peace and dignity of the State of Washington.

COUNT XVII

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 4th day of January, 2002 and the 16th day of January, 2002, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XVIII

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN of the crime of UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the

INFORMATION - 8

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10286 1/4/2008 00017

CLK287 3/15/2002 3859086

02  1  01236  3

same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 4th day of January, 2001 and the 24th day of January, 2001, did unlawfully and feloniously traffic in fish or wildlife with a wholesale value of two hundred fifty dollars or more and:  (a) the fish or wildlife was classified as game, food fish, shellfish, game fish, or protected wildlife and the trafficking was not authorized by statute or rule of the Department of Fish and Wildlife; or (b) the fish or wildlife was unclassified and the trafficking violated a rule of the Department, contrary to RCW 77.15.260.(2)(a), and against the peace and dignity of the State of Washington.

COUNT XIX

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 4th day of January, 2001 and the 24th day of January, 2001, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XX

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN of the crime of UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

INFORMATION - 9

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00018

CIN287 3/15/2002 38558087

02   1   01236   3

1    That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the

2  period between the 11th day of February, 2001 and the 27th day of February, 2001, did unlawfully and

3  feloniously traffic in fish or wildlife with a wholesale value of two hundred fifty dollars or more and:  (a) the

4  fish or wildlife was classified as game, food fish, shellfish, game fish, or protected wildlife and the trafficking

5  was not authorized by statute or rule of the Department of Fish and Wildlife; or (b) the fish or wildlife was

6  unclassified and the trafficking violated a rule of the Department, contrary to RCW 77.15.260.(2)(a), and

   against the peace and dignity of the State of Washington.

7                                          COUNT XXI

8      And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN

9  MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character,

10  and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a

11  single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be

   difficult to separate proof of one charge from proof of the others, committed as follows:

12      That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 11th day

13  of February, 2001 and the 27th day of February, 2001, did unlawfully, feloniously, and wrongfully obtain or

14  exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to

15  State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of

16  a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to

17  RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of

   Washington.

18                                          COUNT XXII

19      And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN KERN and

20  DOUGLAS JOHN MARTIN TOBIN of the crime of UNLAWFUL TRAFFICKING IN FISH OR

21  WILDLIFE IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the

22  same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or

23  so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one

   charge from proof of the others, committed as follows:

24      That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about

25  the 18th day of May, 2001, did unlawfully and feloniously traffic in fish or wildlife with a wholesale value of

26  two hundred fifty dollars or more and:  (a) the fish or wildlife was classified as game, food fish, shellfish,

27

28  INFORMATION - 10

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00019

CLK#287 3/15/2002 38559088

02  1  01236  3

1    game fish, or protected wildlife and the trafficking was not authorized by statute or rule of the Department of

2    Fish and Wildlife; or (b) the fish or wildlife was unclassified and the trafficking violated a rule of the

3    Department, contrary to RCW 77.15.260.(2)(a), and against the peace and dignity of the State of Washington.

COUNT XXIII

4

5        And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN

MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character,

6    and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a

7    single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be

8    difficult to separate proof of one charge from proof of the others, committed as follows:

9        That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about the 18th day of May, 2001,

10   did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or

11   services other than a firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural

     Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to

12   deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW

13   9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

14                                     COUNT XXIV

15       And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN KERN and

16   DOUGLAS JOHN MARTIN TOBIN of the crime of UNLAWFUL TRAFFICKING IN FISH OR

     WILDLIFE IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the

17   same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or

18   so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one

19   charge from proof of the others, committed as follows:

20       That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the

21   period between the 3rd day of June, 2001 and the 8th day of June, 2001, did unlawfully and feloniously

22   traffic in fish or wildlife with a wholesale value of two hundred fifty dollars or more and: (a) the fish or

     wildlife was classified as game, food fish, shellfish, game fish, or protected wildlife and the trafficking was

23   not authorized by statute or rule of the Department of Fish and Wildlife; or (b) the fish or wildlife was

24   unclassified and the trafficking violated a rule of the Department, contrary to RCW 77.15.260.(2)(a), and

25   against the peace and dignity of the State of Washington.

26

27

28   INFORMATION - 11

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10286 1/4/2008 00020

CLKR287 3/15/2002 5059009·

COUNT XXV     02  1  01236  3

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN

MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character,

and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a

single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be

difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 3rd day

of June, 2001 and the 8th day of June, 2001, did unlawfully, feloniously, and wrongfully obtain or exert

unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State

of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a

value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW

9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XXVI

I, GERALD A. HORNE, Prosecuting Attorney for Pierce County, in the name and by the authority of

the State of Washington, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of UNLAWFULLY

ENGAGE IN FISH DEALING ACTIVITY WITHOUT A LICENSE IN THE FIRST DEGREE, committed

as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about the 14th day of March,

2001, did unlawfully and feloniously engage in the wholesale selling, buying, or brokering of food fish or

shellfish worth $250.00 or more without a valid wholesale dealer's or buying license as required by RCW

77.65.280(2) or 77.65.480 for anadromous game fish or shellfish, contrary to RCW 77.65.480, RCW

77.65.280(2) and RCW 77.15.620(1)(b) and (3), and against the peace and dignity of the State of

Washington.

COUNT XXVII

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN

MARTIN TOBIN of the crime of UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST

DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series

of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in

respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the

others, committed as follows:

INFORMATION - 12

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

Exhibit A-7
Page 123

10286 1/4/2008 00021

CLK287 3/15/2002 30590690

02  1  01236  3

1      That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about the 14th day of March,

2   2001, did unlawfully and feloniously traffic in fish or wildlife with a wholesale value of two hundred fifty

3   dollars or more and:  (a) the fish or wildlife was classified as game, food fish, shellfish, game fish, or

4   protected wildlife and the trafficking was not authorized by statute or rule of the Department of Fish and

5   Wildlife; or (b) the fish or wildlife was unclassified and the trafficking violated a rule of the Department,

6   contrary to RCW 77.15.260.(2)(a), and against the peace and dignity of the State of Washington.

                                COUNT XXVIII

7      I, GERALD A. HORNE, Prosecuting Attorney for Pierce County, in the name and by the authority of

8   the State of Washington, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of CONSPIRACY TO

9   COMMIT THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based

10  on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan,

11  and/or closely connected in respect to time, place and occasion that it would be difficult to separate proof of

    one charge from proof of the others, committed as follows:

12     That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 1st day

13  of March, 1999 and the 9th day of June, 2001, did unlawfully, feloniously, with intent that conduct

14  constituting the crime of Theft in the First Degree, as prohibited by  RCW 9A.56.020(1)(a) and RCW

15  9A.56.030(1)(a), be performed, agree with one or more persons, Lori Kern, Xiane Li (Jack Li), Jason Biss,

16  Heidi Mills, Michael Beard, Clint (not known), Mike Krise, Greg Koenig, Jeff Choke, and others unnamed at

17  this time, to engage in or cause the performance of such conduct, and any one of the persons involved in the

18  agreement did take a substantial step in pursuance of the agreement, contrary to RCW 9A.28.040 and against

    the peace and dignity of the State of Washington.

19     The elements of the completed crime of Theft in the First Degree are:  wrongfully obtain or exert

20  unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State

21  of Washington Department of Natural Resources and/or Squaxin, Nisqually, and Puyallup Tribes, of a value

22  exceeding $1,500, with intent to deprive said owner of such property and/or services.

                                COUNT XXIX

23     I, GERALD A. HORNE, Prosecuting Attorney for Pierce County, in the name and by the authority of

24  the State of Washington, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of VIOLATION OF

25  COMMERCIAL FISHING AREA OR TIME IN THE SECOND DEGREE, committed as follows:

26     That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about the 13th day of July, 2000,

27

28  INFORMATION - 13

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2000 00022

CLK#287 3/15/2002 385S0091

02   1   01236   3

(1) while acting for commercial purposes, did unlawfully take, fish for, possess, deliver, or receive food fish

or shellfish: (a) at a time not authorized by statute or rule;  (b) from an area that was closed to the taking of

such food fish or shellfish for commercial purposes by statute or rule; or (c) if such fish or shellfish do not

conform to the special restrictions or physical decriptions established by rules of the department , contrary to

RCW 77.15.550.1, and against the peace and dignity of the State of Washington.

<div align="center">COUNT XXX</div>

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN

MARTIN TOBIN of the crime of POSSESSING OR SELLING SHELLFISH WITHOUT CERTIFICATE

OF APPROVAL, a crime of the same or similar character, and/or a crime based on the same conduct or on a

series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected

in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of

the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about during the period between

the 10th day of June, 2001 and the 24th day of June, 2001, without certificate of approval did unlawfully

possess a commercial quantity of shellfish or sold or offered to sell shellfish in the state which have not been

grown, shucked, packed or shipped in accordance with RCW 69.30, contrary to RCW 69.30.110 and RCW

69.30.140, and against the peace and dignity of the State of Washington.

<div align="center">COUNT XXXI</div>

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN

MARTIN TOBIN of the crime of POSSESSING OR SELLING SHELLFISH WITHOUT CERTIFICATE

OF APPROVAL, a crime of the same or similar character, and/or a crime based on the same conduct or on a

series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected

in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of

the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about during the period between

the 1st day of July, 2001 and the 23rd day of July, 2001, without certificate of approval did unlawfully

possess a commercial quantity of shellfish or sold or offered to sell shellfish in the state which have not been

grown, shucked, packed or shipped in accordance with RCW 69.30, contrary to RCW 69.30.110 and RCW

69.30.140, and against the peace and dignity of the State of Washington.

INFORMATION - 14

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10286 1/4/2008 00023

CLK#287 3/15/2002 3659069Z

COUNT XXXII   02   1   01236   3

And I, GERALD A. HORNE, *Prosecuting Attorney aforesaid*, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of POSSESSING OR SELLING SHELLFISH WITHOUT CERTIFICATE OF APPROVAL, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about during the period between the 1st day of August, 2001 and the 28th day of August, 2001, without certificate of approval did unlawfully possess a commercial quantity of shellfish or sold or offered to sell shellfish in the state which have not been grown, shucked, packed or shipped in accordance with RCW 69.30, contrary to RCW 69.30.110 and RCW 69.30.140, and against the peace and dignity of the State of Washington.

COUNT XXXIII

And I, GERALD A. HORNE, *Prosecuting Attorney aforesaid*, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of POSSESSING OR SELLING SHELLFISH WITHOUT CERTIFICATE OF APPROVAL, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about during the period between the 6th day of September, 2001 and the 30th day of September, 2001, without certificate of approval did unlawfully possess a commercial quantity of shellfish or sold or offered to sell shellfish in the state which have not been grown, shucked, packed or shipped in accordance with RCW 69.30, contrary to RCW 69.30.110 and RCW 69.30.140, and against the peace and dignity of the State of Washington.

COUNT XXXIV

And I, GERALD A. HORNE, *Prosecuting Attorney aforesaid*, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of POSSESSING OR SELLING SHELLFISH WITHOUT CERTIFICATE OF APPROVAL, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of

INFORMATION - 15

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00024

CLK287 3/15/2002 38550053

the others, committed as follows:                         **02  1   01236  3**

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about during the period between the 4th day of October, 2001 and the 30th day of October, 2001, without certificate of approval did unlawfully possess a commercial quantity of shellfish or sold or offered to sell shellfish in the state which have not been grown, shucked, packed or shipped in accordance with RCW 69.30, contrary to RCW 69.30.110 and RCW 69.30.140, and against the peace and dignity of the State of Washington.

<div align="center">COUNT XXXV</div>

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of POSSESSING OR SELLING SHELLFISH WITHOUT CERTIFICATE OF APPROVAL, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about during the period between the 1st day of November, 2001 and the 30th day of November, 2001, without certificate of approval did unlawfully possess a commercial quantity of shellfish or sold or offered to sell shellfish in the state which have not been grown, shucked, packed or shipped in accordance with RCW 69.30, contrary to RCW 69.30.110 and RCW 69.30.140, and against the peace and dignity of the State of Washington.

<div align="center">COUNT XXXVI</div>

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of POSSESSING OR SELLING SHELLFISH WITHOUT CERTIFICATE OF APPROVAL, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 1st day of December, 2001 and the 30th day of December, 2001, without certificate of approval did unlawfully possess a commercial quantity of shellfish or sold or offered to sell shellfish in the state which have not been grown, shucked, packed or shipped in accordance with RCW 69.30, contrary to RCW 69.30.110 and RCW 69.30.140, and against the peace and dignity of the State of Washington.

INFORMATION - 16

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00025

COUNT XXXVII **02  1  01236  3**

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of POSSESSING OR SELLING SHELLFISH WITHOUT CERTIFICATE OF APPROVAL, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, *committed as follows:*

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 4th day of January, 2002 and the 16th day of January, 2002, without certificate of approval did unlawfully possess a commercial quantity of shellfish or sold or offered to sell shellfish in the state which have not been grown, shucked, packed or shipped in accordance with RCW 69.30, contrary to RCW 69.30.110 and RCW 69.30.140, and against the peace and dignity of the State of Washington.

COUNT XXXVIII

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of POSSESSING OR SELLING SHELLFISH WITHOUT CERTIFICATE OF APPROVAL, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 4th day of January, 2001 and the 24th day of January, 2001, without certificate of approval did unlawfully possess a *commercial quantity of shellfish or sold or offered to sell shellfish in the state which have not been grown,* shucked, packed or shipped in accordance with RCW 69.30, contrary to RCW 69.30.110 and RCW 69.30.140, and against the peace and dignity of the State of Washington.

COUNT XXXIX

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of POSSESSING OR SELLING SHELLFISH WITHOUT CERTIFICATE OF APPROVAL, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of

INFORMATION - 17

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00026

CLK207 3/15/2002 3E530095

the others, committed as follows:

**02 1 01236 3**

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 11th day of February, 2001 and the 27th day of February, 2001, without certificate of approval did unlawfully possess a commercial quantity of shellfish or sold or offered to sell shellfish in the state which have not been grown, shucked, packed or shipped in accordance with RCW 69.30, contrary to RCW 69.30.110 and RCW 69.30.140, and against the peace and dignity of the State of Washington.

<div align="center">COUNT XL</div>

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of POSSESSING OR SELLING SHELLFISH WITHOUT CERTIFICATE OF APPROVAL, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about the 18th day of May, 2001, without certificate of approval did unlawfully possess a commercial quantity of shellfish or sold or offered to sell shellfish in the state which have not been grown, shucked, packed or shipped in accordance with RCW 69.30, contrary to RCW 69.30.110 and RCW 69.30.140, and against the peace and dignity of the State of Washington.

<div align="center">COUNT XLI</div>

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of POSSESSING OR SELLING SHELLFISH WITHOUT CERTIFICATE OF APPROVAL, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 3rd day of June, 2001 and the 8th day of June, 2001, without certificate of approval did unlawfully possess a

INFORMATION - 18

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

18286 1/4/2888 88827

CLK#287 3/15/2882 385#8896

02  1  01236 3

1    commercial quantity of shellfish or sold or offered to sell shellfish in the state which have not been grown,

2    shucked, packed or shipped in accordance with RCW 69.30, contrary to RCW 69.30.110 and RCW

3    69.30.140, and against the peace and dignity of the State of Washington.

4         DATED this 12th day of March, 2002.

5    WA ST FISH/WILDLIFE CASE          GERALD A. HORNE
6    WA0WSFG                           Prosecuting Attorney in and for said County
                                       and State.
7
8    lak                               By:_____
9                                          TOM L. MOORE
                                           Deputy Prosecuting Attorney
10                                         WSB#: 17542

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   INFORMATION - 19

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00028

CLK287 3/15/2002 3855989Z

NO. 02  1  01236  3

DECLARATION FOR DETERMINATION

OF PROBABLE CAUSE

Tom L. Moore, declares under penalty of perjury:

That I am a deputy prosecuting attorney for Pierce County and I am familiar with the police report and/or investigation conducted by the Washington Department of Fish and Wildlife, case number 01-0011;

That the police report and/or investigation provided me the following information:

That in Pierce County, Washington, on or about the period the 1st day of March, 1999, through the 16th day of March, 2002, the defendants, DOUGLAS JOHN MARTIN TOBIN, LORI ELLEN KERN, XIANG LI( JACK LI), and JASON BISS did commit the crimes of LEADING ORGANIZED CRIME; TRAFFICKING IN STOLEN PROPERTY IN THE FIRST DEGREE; THEFT IN THE FIRST DEGREE; CONSPIRACY TO COMMIT THEFT IN THE FIRST DEGREE; UNLAWFUL COMMERCIAL FISHING IN A CLOSED AREA AND OR TIME IN THE FIRST DEGREE; UNLAWFUL TRAFFICKING IN FISH AND WILDLIFE IN THE FIRST DEGREE; UNLAWFULLY ENGAGING IN FISH DEALING WITHOUT A LICENSE IN THE FIRST DEGREE; UNLAWFUL POSSESSION OF SHELLFISH IN A COMMERCIAL QUANTITY WHICH HAS NOT BEEN GROWN SHIPPED OR PACKED IN ACCORDANCE WITH THE PROVISIONS OF WAC 246-282-090 and WAC 246-282-010 (12).

In the State of Washington the harvest of Geoduck, a large burrowing clam, is controlled by the Washington Department of Natural Resources. The clams are sedentary, and therefore are a commodity that can be sold much as timber is. The Washington Department of Natural Resources (DNR) auctions off quotas from specified tracts to the highest bidder. DNR then closely monitors the harvest to insure that the contract conditions are met and that there is an accurate accounting of the clams harvested. Harvest vessels are weighed out at the end of the day by DNR monitors and fish receiving tickets are completed. " Fish tickets" as they are known in the industry record the date, time, place, pounds of geoduck, and the harvester. The fish tickets are required by statute to be filed with the State of Washington. Fish tickets provide the data to determine quotas for non-Indian and Indian harvesters.

There is also in Washington a Tribal Fishery for Treaty Indians. The Tribes in Washington have entered into an in-kind agreement for the harvest of Geoducks. The Tribes follow much of the same procedures as non-Indian harvesters. The Tribe by agreement opens a tract for harvest within their Usual and Accustomed fishing grounds and establishes seasons. The Tribe then monitors each vessel or harvester to insure that they do not harvest in excess of their quota. Indian harvesters and buyers make out fish tickets the same as non-Indians. The responsibility for the production of the fish ticket is generally with the licensed buyer of the Geoduck. The Washington Department of Health must also certify each tract both tribal and

DECLARATION FOR DETERMINATION
OF PROBABLE CAUSE - 1

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00029

CLXF207 3/15/2002 3059698

non-Indian before Geoduck can be harvested.                02  1  01236  3

The commercial taking of crabs is regulated by the Washington Department of Fish and Wildlife. In the South Puget Sound region there is no commercial season for non-Indians below the Tacoma Narrows Bridge. The three South Puget Sound Tribes ( Puyallup, Nisqually and Squaxin) are court ordered to share equally with non-Indians in the harvest of shellfish. The Tribes and the State entered into an agreement in 1999 that seasons could be opened by the Tribes, with the agreement of the State, in the Usual and Accustomed fishing grounds of each Tribe. The Squaxin tribe has not opened a commercial season for crab in its Usual and Accustomed Areas. Any Treaty Indian fishing outside of his Usual and Accustomed Area is in violation of the agreement and comes under the authority of the Washington Department of Fish and Wildlife (WDFW).

In June of 2000 the WDFW detectives received several complaints from citizens and a Nisqually police officer that a large aluminum commercial boat was fishing for crab in the Nisqually Delta area. The citizens reported that the boat was operated by several individuals, was using commercial gear attached to a groundline and that the pots that were baited with Geoduck. The boat was identified as the TYPHOON which belongs to DOUGLAS TOBIN.

DOUGLAS TOBIN is a registered member of the Squaxin Island Tribe and as such may fish and harvest geoduck under his Treaty rights in his Usual and Accustomed fishing grounds. DOUGLAS TOBIN also possess a Squaxin Island Wholesale Fish Dealers License which allows him to engage in fish buying within in his Usual and Accustomed Areas. DOUGLAS TOBIN is the sole owner of Toulok Seafoods located in Fife, Washington, where he packages and transports greoduck and other seafoods.

DOUGLAS TOBIN has an extensive criminal history to include convictions: Burglary in the First Degree and Assault in the Second Degree in 1976; Manslaughter in 1988 (Originally charged with Murder in the First Degree) and numerous fishing violations.

The detectives of WDFW because of the reports by citizens began surveilance of the movements of the TYPHOON and its crew. The TYPHOON is a 42 foot aluminum boat rigged for commercial fishing of both geoduck and crab. The TYPHOON is usually moored at Cornell's Landing on Fox Island. The detectives observed that the TYPHOON often left in the evening with empty geoduck crates and empty plastic garbage cans. In the early moring hours the TYPHOON would return and the crew would offload dozens of full crates of geoduck and full plastic garbage cans of crab. The officers attempted to follow the boat to learn where it was fishing. This was extemely difficult since it was impossible to follow with a boat at night because the lights would be observed. The detectives attempted to follow the TYPHOON from the shore so that they would not be observed. The TYPHOON however would run at night without lights. (In violation of US Coast Guard regulations.) Eventually after repeated tries the detectives were able to follow the TYPHOON. The TYPHOON invaribly went into the South Puget Sound Area and stopped at a known geoduck tract. Often the tracts were within the Usual and Accustomed fishing areas of the Squaxins. However, the Squaxins had no commercial seasons, the fishing was at night and the tract had not been certified by the Washington Health Department.

On 11/12/01 while several detectives were watching the TYPHOON, at approximatley 10:00 pm three vehicles arrived. The vehicles each were unloaded in turn by the crew and the geoduck cages, plastic garbage cans for crab and and crab pots were loaded on the TYPHOON. The detectives were able to follow the TYPHOON even though it ran without lights. The detectives were able to view the TYPHOON on the Drayton Tract near Devil's Head on the Longbranch Peninsula. The rear of the TYPHOON during these trips is covered by a canvas tarp. The tarp prevents anyone from seeing what is going on, on the rear deck, and muffles the sound of a compressor used to provide air to the divers. The detectives did observe one diver

DECLARATION FOR DETERMINATION
OF PROBABLE CAUSE - 2

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

18286 1/4/2888 88838

02   1   01236   3

enter the water. The TYPHOON then moved to another tract, Wycoff Shoals, where another detective
spotted it. All of the detectives travelled to Wycoff Shoals and observed the TYPHOON. The detectives
could hear the compressor motor running. Divers harvest geoduck underwater by using scuba gear or surface
supplied air. A hose attached to a high pressure water pump is used to blast the mud away from the clams
that are then picked up. At approximately 5:15 am two detectives left to return the mooring site of the
TYPHOON ,while one detective remained to observe the TYPHOON. When the detectives arrived at Fox
Island the TYPHOON was already being offloaded. The detectives with the aid of a spotting scope observed
nine cages of geoduck offloaded and stacked in groups of three. A dolly was used to load the cages into a
white GMC van registered to DOUG TOBIN.

The detectives then returned to Wycoff Shoals where the TYPHOON had been working. The
detectives called in a WDFW boat equiped with dive gear and two WDFW biologists. The boat was
positioned exactly where the TYPHOON had been and the two biologists entered the water. The biologists
immediately observed the telltale signs of harvest holes for geoduck. The biologists determined that the holes
were fresh having been made within hours. The biologists videotaped the site and documented the position.
There has been no legal harvesting at this site since 1991. The biologists noted that this site contained one of
the highest densities of geoduck that they had observed in Puget Sound. The biologists estimated that 400 to
500 pounds of geoduck had been removed from the site. This is consistent with what the detectives observed
being offloaded from the TYPHOON.

The detectives also followed the vehicles has they left the marina and transported the geoduck to
DOUG TOBIN's packing plant in Fife. On 11/21/01 the detectives observed the offloading of ninteeen cages
of geoduck from the TYPHOON and then went to the packing plant to observe. The detectives observed the
white GMC van arrive. Within minutes a known employee of TOBIN arrived, LORI KERN. KERN is
responsible for packing the geoduck for transportation to the airlines. The white van was driven inside of the
packing plant. A short time later a blue Plymouth Van arrived driven by XIANG SHENG LI (JACK LI) a
known shellfish buyer/seller, who has often been investigated for violations related to buying and selling
shellfish. The detectives observed JACK LI's van being loaded with white wet-lock boxes of a kind used to
ship geoduck. The detectives observed TOBIN to arrive at his apartment which is next door to the packing
plant. JACK LI drove around to the apartment, exited the van with a briefcase and entered the apartment.
KERN was observed stacking empty geoduck cages outside to be cleaned. JACK LI exited the apartment got
in his van and drove North on I-5. The detectives followed JACK LI to the Air Cargo Terminal at Sea-TAC and
watched as he backed into the Alaska Airline's dock. The detectives observed JACK LI offload the white
boxes and then enter the Alaska Airlines office. JACK LI exited the office with some paperwork in his hands
and then left in his van.

The detectives went into the Alaska Airlines office and identified themselves. The Alaska employees
produced an air cargo bill #027-2181-7902. The shipper was listed as Daisun International, 10-11720
Voyagour Way, Richmond B.C. V5Z-IC4. JACK LI is known to be associated with Daisun International.
JACK LI has not been licensed as a Wholesale Fish Dealer in the State of Washington since 1998. The
consignee was listed as Ocean Harvesters, 1844 E. Benbow Street, Covina, California. The waybill listed
seventeen pieces to be shipped at a gross weight of nine hundred and seventy pounds of live geoduck. The
value of geoduck depends upon the grade of the product and varies between $4.25 per pound and $7.50 per
pound. The value of this shipment would be approximately $6,000.00 at wholesale.

The detectives returned to Alaska Airlines office in January of 2002 and obtained all of the shipping
bills for DOUGLAS TOBIN, Toulok, JACK LI, and Daisun International from January of 2001 through
January 16th, 2002. The detectives documented the pounds of live geoduck shipped during this period and

DECLARATION FOR DETERMINATION
OF PROBABLE CAUSE - 3

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00031

1K287 3/15/2002 385910BB

02  1  01236  3

then compared the pounds shipped with the pounds reported to be harvested or puchased by DOUGLAS TOBIN. The pounds harvested or purchased must be reported on "fish tickets" as required by Washington statutes. The detectives found 112 shipments during the year January 2001 through January 2002 that were not reported on fish tickets. The detectives found 9 shipments which showed what was shipped was greater than what was reported on fish tickets. The total pounds of geoduck shipped in 2001 and not reported on fish tickets was 89,292 pounds.

The wholesale value of the undocumented geoduck shipped by DOUGLAS TOBIN and his associates during the year 2001 is approximately in the range of $380,000.00 to $670,000.00. The State has information that other airlines were used at times to ship geoduck and that a buyer from Oregon would pick up large quantities of geoduck by truck. DOUGLAS TOBIN also harvested crab on his nightly fishing trips with his crew. The State has information that DOUGLAS TOBIN sold most of the crab in Seattle.

FURTHER CHARGES WILL FOLLOW AS THE INVESTIGATION CONTINUES.

DOUGLAS TOBIN's criminal enterprise from June 9th, 2001, through March 18th, 2002, is the basis for COUNT I.

FROM June 10th, 2001, through June 29th, 2001, DOUGLAS TOBIN and LORI KERN shipped 8 shipments of live geoduck totaling 5,135 pounds. There is no documentation on file with the State for these geoduck, nor is there documentation that the geoduck were harvested from Health Department certified tracts. This is the basis for COUNTS II and III.

FROM July 1st, 2001, through July 23rd, 2001, DOUGLAS TOBIN and LORI KERN shipped 12 shipments of live geoduck totaling 7,840 pounds. There are fish tickets for only 485 pounds of geoduck purchased during July, 2001. There is no Health certification for the undocumented geoduck. This is the basis for COUNTS IV and V.

FROM August 1st, 2001, through August 28th, 2001, DOUGLAS TOBIN , LORI KERN and JACK LI shipped 15 shipments of live geoduck totaling 9,697 pounds. There are no fish tickets or Health certifications for these geoduck. This is the basis for COUNTS VI andVII.

FROM September 6th, 2001, through September 30th, 2001, DOUGLAS TOBIN, LORI KERN and JACK LI shipped 10 shipments of live geoduck totaling 6,886 pounds. There are no fish tickets or Health certifications for these geoduck. This is the basis of COUNTS VIII and IX.

FROM October 4th, 2001, through October 30th, 2001, DOUGLAS TOBIN, LORI KERN, JACK LI and JASON BISS shipped 18 shipments of live geoduck totaling 16,357 pounds. There are fish tickets for only 242 pounds of geoduck purchased during October of 2001. There is no Health certification for undocumented geoduck. This the basis for COUNTS X and XI.

FROM November 1st, 2001, through November 30th, 2001, DOUGLAS TOBIN, LORI KERN, JACK LI, and JASON BISS shipped 19 shipments of live geoduck totaling 13,577 pounds. There are fish tickets for only 1,403 pounds of geoduck purchased during November 2001. There is no Health certification for undocumented geoduck. This is the basis for COUNTS XII and XIII.

FROM December 1st, 2001, through December 30th, 2001, DOUGLAS TOBIN, LORI KERN, JACK LI, and JASON BISS shipped 18 shipments live geoduck totaling 16,217 pounds. There are fish tickets for only 1,118 pounds of geoduck purchased. There is no Health certification for undocumented geoduck. This is the basis for COUNTS XIV and XV.

FROM January 4th, 2002, through January 16th, 2002, DOUGLAS TOBIN and LORI KERN shipped 10 shipments of live geoduck totaling 10,964 pounds. There are no fish tickets or Health certifications for these geoduck. This is the basis for COUNTS XVI and XVII.

FROM January 4th, 2001, through January 24th, 2001, DOUGLAS TOBIN and LORI KERN

DECLARATION FOR DETERMINATION
OF PROBABLE CAUSE - 4

Office of Prosecuting Attorney
930 Tacoma Avenue South. Room 946
Tacoma. Washington 98402-2171
Main Office: (253) 798-7400

18286 1/4/2008 00832

1K287 3/15/2002 3859014

02  1  01236  3

shipped 15 shipments of live geoduck totaling 6,473 pounds. There are fish tickets for only 813 pounds.
There is no Health certification for the undocumented geoduck. This is the basis for COUNTS XVIII and
XIV.

FROM February 11th, 2001, through February 27th, 2001, DOUGLAS TOBIN and LORI KERN
shipped 5 shipments of live geoduck totaling 2,342 pounds. There are no fish tickets or Health certifications
for these clams. This is the basis for COUNTS XX and XXI.

ON May 18th, 2001, DOUGLAS TOBIN and LORI KERN shipped 2 shipments totaling 1,596
pounds of live geoduck. There are no fish tickets or Health certifications for these clams. This is the basis for
COUNTS XXII and XXIII.

FROM June 3rd, 2001, through June 8th, 2001, DOUGLAS TOBIN and LORI KERN shipped 5
shipments totaling 2,396 pounds of live geoduck. There are fish tickets for 371 pounds of geoduck. There is
no Health certification for undocumented clams. This is the basis for COUNTS XXIV and XXV.

On March 14th, 2001, WDFW detectives received a report from a Tulalip Tribal Monitor that the
TYPHOON was moored at Shileshole Marina in Seattle. The Tulalip Tribal Monitor was suspicious because
the rear deck of the TYPHOON was covered with canvas. The WDFW detectives travelled to Shileshoe
Marina and set up a video camera. At about 7:00 pm a turquoise Ford pick-up, #A31306B, driven by two
women but belonging to DOUGLAS TOBIN arrived. The two women unloaded a scale from the van and set
it up on the pavement. A short time later DOUGLAS TOBIN arrived in another Ford van, #A97175B. The
detectives observed the two females weighing geoduck crates and and completing paperwork. The detectives
observed 114 crates of geoduck being loaded into TOBIN's van. The scales were loaded and they left the site.

On March 15th, 2001 the detectives obtained copies of the fish tickets signed by DOUGLAS TOBIN
the previous day. The records showed that TOBIN had purchased 7,683 pounds of geoduck on two
tickets,#V644873 and #V644874, for a total price of $33,440.00.

DOUG TOBIN's fish buying license is only valid in Usual and Accustomed fishing grounds of the
Squaxin Tribe. DOUG TOBIN has previously been cited for the same violation. On 11/1/01 DOUG TOBIN
plead guilty in Whatcom County Superior Court to Attempted Buying Without a Wholesale Fish Buyers
License and Attempted Trafficking in Fish or Wildlife. The March 14, 2001, buy is the basis for COUNTS
XXVI and XXVII.

Generally when DOUGLAS TOBIN went fishing there would be a crew of several individuals:
Someone needs to operate the boat; There may be several divers in the water harvesting geoduck at one time;
A deck hand assists the divers by monitoring the dive safety and retrieves the harvested geoduck from the
divers with the aid of a davit; Another deck hand may monitor communications or help pack the harvested
geoduck. Once the geoduck are returned to the processing plant they must be packed for shipment and there
is paperwork to process. Over the years of his operation DOUGLAS TOBIN has employed dozens of
individuals both Indian and non-Indian. The detectives from WDFW were able to identify many of these
crew members to include the following: LORI KERN; XIANG LI (JACK LI); JASON BISS; Michael Beard;
Michael Krise; Mark Purdue; Heidi Mills; Keith Smith; Matt Donovik; Greg Koeinig; Jeffery Choke; Clint
and others.

The detectives in August of 2001 were contacted by a Keith Smith, who indicated that he had
information regarding DOUGLAS TOBIN's illegal fishing operation. On 8/25/01 Smith gave the detectives
a taped statement regarding his involvement in TOBINS's fishing operation. Smith stated that he met TOBIN
in in early 1998 and shortly thereafter TOBIN asked him to work on his boat. Smith indicated that they
fished for crab and harvested geoduck at night. Smith stated that when they fished for crab he was the deck
boss, running the labor operation on deck. When fishing for crab the pots must be brought up from the

DECLARATION FOR DETERMINATION
OF PROBABLE CAUSE - 5

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10286 1/4/2008 00033

02  1  01236  3

1  bottom with a crab block, the pots emptied, rebaited and put back in the water. When fishing for geoduck
2  Smith acted as the dive tender, helping the diver with their gear, taking care of the hoses, and retrieving the
   harvested geoduck. Smith stated that TOBIN generally fished crab in the Nisqually Reach and harvested
3  geoduck at Green Point (Pierce County).  Smith identified Mark Purdue as a diver, Heidi Mills would help
   tend the divers and do communications, Mike Krise was a diver, Jeff Choke was a diver, Greg Koenig was a
4  diver, and Frank Earl was a diver. Smith indicated that TOBIN still owed him money for work that he had
   performed.  Smith indicated that he began working for TOBIN in May of 1999 and that he worked for
5  TOBIN for approximately two years.  Smith stated that TOBIN knew that they were fishing illegally. If
6  anyone approached the boat, TOBIN had given the crew orders to drop the air hoses and the geoduck into the
   water. Smith stated that TOBIN would provide fraudulent Health certifications by indicating that the
7  geoduck were taken from an open tract.
          The detectives also spoke with Mark Purdue and Heidi Mills. Mills stated that she had been involved
8  in the fishing industry in Alaska for 10 years and wished to start a business in Washington. Mills began a
   business relationship with TOBIN in April of 2000.  Mills was interested in buying and reselling crab. Mills
9  leased some space from TOBIN at his plant with the intention of buying crab that TOBIN harvested under his
10 Treaty rights. Mills soon noted that the fishing was being done at night and that no fish tickets were being
   produced. Mills on one occasion asked TOBIN where the paperwork for a Canadian shipment was.  TOBIN
11 replied that once it hits the border the paperwork disappears.
          Mark Purdue also stated that he had first met TOBIN in April of 2000.  Purdue had experience fishing
12 in Alaska and helped TOBIN to outfit his boat. Purdue then worked for TOBIN both as a dive tender and a
   diver. Purdue for a period believed TOBIN was legally exercising his Treaty rights.  Purdue realized later that
13 no fish tickets were being produced and that they were fishing exclusively at night. Purdue and Mills were on
14 TOBIN's boat fishing crab in the Nisqually Delta area at night on July 13th, 2000, when Mills fell into an
   open hold and broke her ribs.  They broke off their relationship with TOBIN after this incident.
15        These acts are the basis for COUNTS XXVIII and XXIX.
          The basis for COUNTS XXX through COUNT XLI are the violations of the Health certification
16 statutes.
          DOUG TOBIN uses his prior criminal history to intimidate his associates and any potential witnesses.
17 Everyone of the witnesses interviewed by the detectives expressed some fear of retribution by  DOUG
18 TOBIN.
          I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF
19 WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

20        DATED: March 13th, 2002
          PLACE: Tacoma Wa.
21
22                                                    Tom L. Moore DPA #17542
23
24
25
26
27 DECLARATION FOR DETERMINATION
28 OF PROBABLE CAUSE - 6

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00034

# EXHIBIT B

10206 1/4/2008 00035
12/18/2002 9599 00001

IN COUNTY CLERK'S OFFICE
FILED

A.M. DEC 1 7 2002 P.M.

PIERCE COUNTY WASHINGTON
KEVIN STOCK County Clerk
BY_____DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

STATE OF WASHINGTON,

                Plaintiff,

      vs.

DOUGLAS JOHN MARTIN TOBIN,

                Defendant.

CAUSE NO. 02  1  05810  0

INFORMATION

857 29425

| DOB: 04/27/1952 | SEX:  MALE | RACE: WHITE |
|---|---|---|
| SS#: 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 | SID#: UNKNOWN | DOL#: WA TOBINDJ482J7 |

CO-DEF: LORI KERN

CO-DEF: XIANG  LI

CO-DEF: JASON LEE BISS

I, GERALD A. HORNE, Prosecuting Attorney for Pierce County, in the name and by the authority of the State of Washington, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of LEADING ORGANIZED CRIME, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 9th day of June, 2001 and the 18th day of March, 2002, did unlawfully, feloniously, and intentionally organize, manage, direct, supervise, or finance any three or more persons, Lori Kern, Xiane Li (Jack Li), Jason Biss, Heidi Mills, Michael Beard, Clint Wilson, Stacey Tobin, , Michael Shane Beard, Mark Purdue, Keith Smith, Nicole McConnell-Holt, Kevin Riconoscuito, Mike Krise, Greg Koenig, and Jeff Choke, with the intent to engage in a pattern of criminal profiteering activity, to-wit: the theft of Geoducks from the State of

INFORMATION - 1

ORIGINAL

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206  1/4/2008  00036
12/10/2002  9599  00002

02   1   05810   0

Washington Department of Natural Resources and/or Squaxin, Nisqually, Puyallup Tribes and the subsequent sale of the Geoduck to California and Canadian processors, this scheme included multiple thefts, multiple instances of trafficking in stolen property and conspiracy to commit theft, contrary to RCW 9A.82.060(1)(a), and against the peace and dignity of the State of Washington.

<center>COUNT II</center>

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN of the crime of TRAFFICKING IN STOLEN PROPERTY IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 10th day of June, 2001 and the 30th day of June, 2001, did unlawfully, feloniously, and knowingly initiate, organize, plan, finance, direct, manage, or supervise the theft of property for sale to others, or did knowingly traffick in stolen property, to-wit: Geoducks, belonging to the State of Washington Department of Natural resources or Squaxin, Nisqually, and Puyallup Indian Tribes, contrary to RCW 9A.82.050(2), and against the peace and dignity of the State of Washington.

<center>COUNT III</center>

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 10th day of June, 2001 and the 30th day of June, 2001, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually and Puyallup Indian Tribes, of a value exceeding $1,500, with intent to deprive said owner of such

INFORMATION - 2

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00037
12/18/2002 9599 00003

02   1   05810   0

1

2   property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against

3   the peace and dignity of the State of Washington.

4                          COUNT IV

5       And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN

6   KERN and DOUGLAS JOHN MARTIN TOBIN of the crime of TRAFFICKING IN STOLEN

7   PROPERTY IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based

    on the same conduct or on a series of acts connected together or constituting parts of a single scheme
8
    or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to
9
    separate proof of one charge from proof of the others, committed as follows:

10      That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or

11  about during the period between the 1st day of July, 2001 and the 31st day of July, 2001, did

12  unlawfully, feloniously, and knowingly initiate, organize, plan, finance, direct, manage, or supervise

    the theft of property for sale to others, or did knowingly traffick in stolen property, to-wit: Geoducks,
13
    belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and
14
    Puyallup Indians Tribes , contrary to RCW 9A.82.050(2), and against the peace and dignity of the

15  State of Washington.

16                          COUNT V

17      And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN

18  MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar

    character, and/or a crime based on the same conduct or on a series of acts connected together or
19
    constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and
20
    occasion that it would be difficult to separate proof of one charge from proof of the others, committed

21  as follows:

22      That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about during the period

23  between the 1st day of July, 2001 and the 31st day of July, 2001, did unlawfully, feloniously, and

    wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-
24
    wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin,
25
    Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said

26  owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW

27  9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

28

INFORMATION - 3

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00038
12/18/2002 9599 00004

COUNT VI          02   1   05810   0

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN
KERN and DOUGLAS JOHN MARTIN TOBIN and XIANG LI of the crime of TRAFFICKING IN
STOLEN PROPERTY IN THE FIRST DEGREE, a crime of the same or similar character, and/or a
crime based on the same conduct or on a series of acts connected together or constituting parts of a
single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would
be difficult to separate proof of one charge from proof of the others, committed as follows:

That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN and XIANG LI, in
Pierce County, on or about during the period between the 1st day of August, 2001 and the 31st day of
August, 2001, did unlawfully, feloniously, and knowingly initiate, organize, plan, finance, direct,
manage, or supervise the theft of property for sale to others, or did knowingly traffick in stolen
property, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or
Squaxin, Nisqually, and Puyallup Indians Tribes, contrary to RCW 9A.82.050(2), and against the
peace and dignity of the State of Washington.

COUNT VII

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN
MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar
character, and/or a crime based on the same conduct or on a series of acts connected together or
constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and
occasion that it would be difficult to separate proof of one charge from proof of the others, committed
as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about during the period
between the 1st day of August, 2001 and the 31st day of August, 2001, did unlawfully, feloniously,
and wrongfully obtain or exert unauthorized control over property and/or services other than a
firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or
Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive
said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW
9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT VIII

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN
KERN and DOUGLAS JOHN MARTIN TOBIN and XIANG LI of the crime of TRAFFICKING IN

INFORMATION - 4

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10286 1/4/2008 00039
12/18/2002 9599 00005

02   1   05810   0

STOLEN PROPERTY IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN and XIANG LI, in Pierce County, on or about during the period between the 1st day of September, 2001 and the 30th day of September, 2001, did unlawfully, feloniously, and knowingly initiate, organize, plan, finance, direct, manage, or supervise the theft of property for sale to others, or did knowingly traffick in stolen property, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes , contrary to RCW 9A.82.050(2), and against the peace and dignity of the State of Washington.

COUNT IX

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, on or about during the period between the 1st day of September, 2001 and the 30th day of September, 2001, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT X

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN, XIANG LI, and JASON LEE BISS of the crime of TRAFFICKING IN STOLEN PROPERTY IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and

INFORMATION - 5

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma. Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00040
12/18/2002 9599 00006

02   1   05810   0

1

2

occasion that it would be difficult to separate proof of one charge from proof of the others, committed

3   as follows:

4       That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN, XIANG LI, and

5   JASON LEE BISS in Pierce County, on or about during the period between the 1st day of October,

6   2001 and the 31st day of October, 2001, did unlawfully, feloniously, and knowingly initiate,

7   organize, plan, finance, direct, manage, or supervise the theft of property for sale to others, or did

8   knowingly traffick in stolen property, to-wit: Geoducks, belonging to State of Washington

    Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes , contrary to

9   RCW 9A.82.050(2), and against the peace and dignity of the State of Washington.

10                          COUNT XI

11       And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN

12   MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar

13   character, and/or a crime based on the same conduct or on a series of acts connected together or

     constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and

14   occasion that it would be difficult to separate proof of one charge from proof of the others, committed

15   as follows:

16       That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the

17   1st day of October, 2001 and the 31st day of October, 2001, did unlawfully, feloniously, and

18   wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-

     wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin,

19   Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said

20   owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW

21   9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

22                          COUNT XII

23       And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN

     KERN and DOUGLAS JOHN MARTIN TOBIN, XIANG LI and JASON LEE BISS of the crime of

24   TRAFFICKING IN STOLEN PROPERTY IN THE FIRST DEGREE, a crime of the same or similar

25   character, and/or a crime based on the same conduct or on a series of acts connected together or

26   constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and

27   occasion that it would be difficult to separate proof of one charge from proof of the others, committed

28   as follows:

INFORMATION - 6

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00041
12/18/2002 9599 00007

02   1   05810   0

That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN, XIANG LI and JASON LEE BISS, in Pierce County, during the period between the 1st day of November, 2001 and the 30th day of November, 2001, did unlawfully, feloniously, and knowingly initiate, organize, plan, finance, direct, manage, or supervise the theft of property for sale to others, or did knowingly traffick in stolen property, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes , contrary to RCW 9A.82.050(2), and against the peace and dignity of the State of Washington.

COUNT XIII

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 1st day of November, 2001 and the 30th day of November, 2001, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XIV

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN, XIANG LI and JASON LEE BISS of the crime of TRAFFICKING IN STOLEN PROPERTY IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN, XIANG LI and JASON LEE BISS, in Pierce County, during the period between the 1st day of December, 2001 and

INFORMATION - 7

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

18206 1/4/2008 00042
12/18/2002 9599 00000

02   1   05810   0

the 31st day of December, 2001, did unlawfully, feloniously, and knowingly initiate, organize, plan,

finance, direct, manage, or supervise the theft of property for sale to others, or did knowingly traffick

in stolen property, to-wit: Geoducks, belonging to State of Washington Department of Natural

Resources or Squaxin, Nisqually, and Puyallup Indians Tribes , contrary to RCW 9A.82.050(2), and

against the peace and dignity of the State of Washington.

### COUNT XV

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN

MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar

character, and/or a crime based on the same conduct or on a series of acts connected together or

constituting parts of a single scheme or plan, and/so closely connected in respect to time, place and

occasion that it would be difficult to separate proof of one charge from proof of the others, committed

as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the

1st day of December, 2001 and the 31st day of December, 2001, did unlawfully, feloniously, and

wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-

wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin,

Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said

owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW

9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

### COUNT XVI

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse LORI ELLEN

KERN and DOUGLAS JOHN MARTIN TOBIN, XIANG LI and JASON LEE BISS of the crime of

TRAFFICKING IN STOLEN PROPERTY IN THE FIRST DEGREE, a crime of the same or similar

character, and/or a crime based on the same conduct or on a series of acts connected together or

constituting parts of a single scheme or plan, and/so closely connected in respect to time, place and

occasion that it would be difficult to separate proof of one charge from proof of the others, committed

as follows:

That LORI ELLEN KERN and DOUGLAS JOHN MARTIN TOBIN, XIANG LI and

JASON LEE BISS, in Pierce County, during the period between the 1st day of January, 2002 and the

31st day of January, 2002, did unlawfully, feloniously, and knowingly initiate, organize, plan,

finance, direct, manage, or supervise the theft of property for sale to others, or did knowingly traffick

INFORMATION - 8

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10286 1/4/2008 00043
12/18/2002 9599 00009

02. 1   05810   0

in stolen property, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes , contrary to RCW 9A.82.050(2), and against the peace and dignity of the State of Washington.

## COUNT XVII

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the 1st day of January, 2002 and the 31st day of January, 2002, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

## COUNT XVIII

I, GERALD A. HORNE, Prosecuting Attorney for Pierce County, in the name and by the authority of the State of Washington, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of TRAFFICKING IN STOLEN PROPERTY IN THE FIRST DEGREE, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period between the 1st day of February, 2002 and the 28th day of February, 2002, did unlawfully, feloniously, and knowingly initiate, organize, plan, finance, direct, manage, or supervise the theft of property for sale to others, or did knowingly traffick in stolen property, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, contrary to RCW 9A.82.050(2), and against the peace and dignity of the State of Washington.

## COUNT XIX

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or

INFORMATION - 9

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma. Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00044
12/18/2002 9599 00010

02   1   05810   0

constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period between the 1st day of February, 2002 and the 28th day of February, 2002, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit:  Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XX

I, GERALD A. HORNE, Prosecuting Attorney for Pierce County, in the name and by the authority of the State of Washington, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of TRAFFICKING IN STOLEN PROPERTY IN THE FIRST DEGREE, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period between the 1st day of March, 2002 and the 18th day of March, 2002, did unlawfully, feloniously, and knowingly initiate, organize, plan, finance, direct, manage, or supervise the theft of property for sale to others, or did knowingly traffic in stolen property, to-wit:  Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, contrary to RCW 9A.82.050(2), and against the peace and dignity of the State of Washington.

COUNT XXI

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period between the 1st day of March, 2002 and the 18th day of March, 2002, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit:  Geoducks, belonging to State of Washington Department of Natural Resources or

INFORMATION - 10

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00045
12/18/2002 9599 00011

02    1    05810    0

Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XXII

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period between the 1st day of January, 2002 and the 31st day of January, 2002, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XXIII

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period between the 1st day of February, 2002 and the 28th day of February, 2002, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

INFORMATION - 11

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2000 00046
12/18/2002 9599 00012

COUNT XXIV        02   1   05810   0

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period between the 1st day of March, 2002 and the 31st day of March, 2002, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XXV

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period between the 1st day of April, 2002 and the 30th day of April, 2002, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XXVI

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar

INFORMATION - 12

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00047
12/18/2002 9599 00013

02   1   05810   0

character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period between the 1st day of May, 2002 and the 31st day of May, 2002, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit:  Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XXVII

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period between the 1st day of January, 2000 and the 31st day of January, 2000, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit:  Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XXVIII

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and

INFORMATION - 13

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00048
12/18/2002 9599 00014

02   1   05810   0

occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period between the 1st day of February, 2000 and the 28th day of February, 2000, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit:  Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XXIX

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period between the 1st day of March, 2000 and the 31st day of March, 2000, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit:  Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XXX

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

INFORMATION - 14

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00049

12/18/2002 9599 00015

02  1  05810  0

2  That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period
3  between the 1st day of April, 2000 and the 30 day of April, 2000, did unlawfully, feloniously, and
4  wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-
5  wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin,
6  Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said
7  owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW
   9A.56.030(1)(a), and against the peace and dignity of the State of Washington.
8
                                 COUNT XXXI
9  And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN
10 MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar
11 character, and/or a crime based on the same conduct or on a series of acts connected together or
12 constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and
   occasion that it would be difficult to separate proof of one charge from proof of the others, committed
13 as follows:
14 That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period
15 between the 1st day of May, 2000 and the 31st day of May, 2000, did unlawfully, feloniously, and
16 wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-
17 wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin,
   Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said
18 owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW
19 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.
20                               COUNT XXXII
21 And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN
22 MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar
   character, and/or a crime based on the same conduct or on a series of acts connected together or
23 constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and
24 occasion that it would be difficult to separate proof of one charge from proof of the others, committed
25 as follows:
26 That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period
27 between the 1st day of June, 2000 and the 30th day of June, 2000, did unlawfully, feloniously, and
28 wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-

INFORMATION - 15

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00050

12/18/2002 9599 00016

02   1   05810   0

wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XXXIII

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period between the 1st day of July, 2000 and the 31st day of July, 2000, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XXXIV

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period between the 1st day of August, 2000 and the 31st day of August, 2000, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive

INFORMATION - 16

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10286 1/4/2008 00051

12/18/2002 9599 00017

02   1   05810   0

said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

### COUNT XXXV

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period between the 1st day of September, 2000 and the 30th day of September, 2000, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

### COUNT XXXVI

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar character, and/or a crime based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others, committed as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period between the 1st day of October, 2000 and the 31st day of October, 2000, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks, belonging to State of Washington Department of Natural Resources or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW 9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

INFORMATION - 17

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00052
12/18/2002 9599 00010

02  1  05810  0

COUNT XXXVII

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN
MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar
character, and/or a crime based on the same conduct or on a series of acts connected together or
constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and
occasion that it would be difficult to separate proof of one charge from proof of the others, committed
as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period
between the 1st day of November, 2000 and the 30th day of November, 2000, did unlawfully,
feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other
than a firearm, to-wit:  Geoducks, belonging to State of Washington Department of Natural Resources
or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to
deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW
9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XXXVIII

And I, GERALD A. HORNE, Prosecuting Attorney aforesaid, do accuse DOUGLAS JOHN
MARTIN TOBIN of the crime of THEFT IN THE FIRST DEGREE, a crime of the same or similar
character, and/or a crime based on the same conduct or on a series of acts connected together or
constituting parts of a single scheme or plan, and/or so closely connected in respect to time, place and
occasion that it would be difficult to separate proof of one charge from proof of the others, committed
as follows:

That DOUGLAS JOHN MARTIN TOBIN, in the State of Washington, during the period
between the 1st day of December, 2000 and the 31st day of December, 2000, did unlawfully,
feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other
than a firearm, to-wit:  Geoducks, belonging to State of Washington Department of Natural Resources
or Squaxin, Nisqually, and Puyallup Indians Tribes, of a value exceeding $1,500, with intent to
deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and RCW
9A.56.030(1)(a), and against the peace and dignity of the State of Washington.

COUNT XXXIX

I, GERALD A. HORNE, Prosecuting Attorney for Pierce County, in the name and by the
authority of the State of Washington, do accuse DOUGLAS JOHN MARTIN TOBIN of the crime of

INFORMATION - 18

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00053

12/18/2002 9599 00019

02   1   05810   0

1

2  CONSPIRACY TO COMMIT THEFT IN THE FIRST DEGREE, a crime of the same or similar

3  character, and/or a crime based on the same conduct or on a series of acts connected together or

4  constituting parts of a single scheme or plan, and/or closely connected in respect to time, place and

5  occasion that it would be difficult to separate proof of one charge from proof of the others, committed

6  as follows:

7      That DOUGLAS JOHN MARTIN TOBIN, in Pierce County, during the period between the

8  1st day of March, 1999 and the 9th day of June, 2001, did unlawfully, feloniously, with intent that

   conduct constituting the crime of Theft in the First Degree, as prohibited by  RCW 9A.56.020(1)(a)

9  and RCW 9A.56.030(1)(a), be performed, agree with one or more persons, Lori Kern, Xiane Li (Jack

10 Li), Heidi Mills, Stacey Tobin, Jason Biss, Clint Wilson, Michael Shane Beard, Mark Purdue, Mike

11 Krise, Greg Koenig, Jeff Choke, Keith Smith, Nicole McConnell-Holt, and Kevin Riconoscuito, to

12 engage in or cause the performance of such conduct, and any one of the persons involved in the

13 agreement did take a substantial step in pursuance of the agreement, contrary to RCW 9A.28.040 and

   against the peace and dignity of the State of Washington.

14     The elements of the completed crime of Theft in the First Degree are:  wrongfully obtain or

15 exert unauthorized control over property and/or services other than a firearm, to-wit: Geoducks,

16 belonging to State of Washington Department of Natural Resources and/or Squaxin, Nisqually, and

17 Puyallup Tribes, of a value exceeding $1,500, with intent to deprive said owner of such property

18 and/or services.

       DATED this 17th day of December, 2002.

19

20 WA ST FISH/WILDLIFE CASE              GERALD A. HORNE
   WA0WSFG                              Prosecuting Attorney in and for said County
21                                      and State.

22 amp

23                                      By: _____
                                          TOM L. MOORE
24                                        Deputy Prosecuting Attorney
                                          WSB#: 17542
25

26

27

28

INFORMATION - 19

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

  
10206 1/4/2008 00054

12/18/2002 9599 00020

NO.   02  1  05810  0

DECLARATION FOR DETERMINATION

OF PROBABLE CAUSE

FILED
IN COUNTY CLERK'S OFFICE

A.M. DEC 17 2002 P.M.

PIERCE COUNTY WASHINGTON
KEVIN STOCK County Clerk
BY_____ DEPUTY

Tom L. Moore, declares under penalty of perjury:

That I am a deputy prosecuting attorney for Pierce County and I am familiar with the police report

and/or investigation conducted by the Washington Department of Fish and Wildlife, case number 01-0011003;

That the police report and/or investigation provided me the following information:

That in Pierce County, Washington, on or about the period the 1st day of January, 2000, through the 18th day of March, 2002, the defendant, DOUGLAS JOHN MARTIN TOBIN, did commit the crimes of *LEADING ORGANIZED CRIME; TRAFFICKING IN STOLEN PROPERTY, TEN COUNTS; THEFT IN THE FIRST DEGREE, TWENTY-SEVEN COUNTS and CONSPIRACY TO COMMIT THEFT IN THE FIRST DEGREE. DOUGLAS TOBIN* was charged in an Original Information, March 18th, 2002, Cause Number 02-1-01236-3, with forty-one counts related to the illegal harvest and sale of geoduck for the time period January, 2001, through March 18th, 2002. Agents from the Washington Department of Fish and Wildlife have now documented the illegal harvest and sale of geoduck for the time period January, 2000, through December, 2000. ( On 7/25/02 the State filed an Amended Information charging an additional one-hundred and one counts related to the illegal harvest and sale of Dungeness crab.) This Information seperates the charge of LEADING ORGANIZED CRIME and the associated predicate crimes from the original Cause Number, 02-1-01236-3, and adds two counts of TRAFFICKING IN STOLEN PROPERTY and fourteen counts of THEFT IN THE FIRST DEGREE.

During the charged period, January of 2000 through March 18th, 2002, the defendant ran a sophisticated organization which harvested geoduck clams that belonged to the State of Washington and the Puyallup, Nisqually, and Squaxin Indian Tribes. The defendant did all of his illegal harvesting at night to avoid being detected. The defendant after harvesting the clams transported them to his packing plant, Toulok, in Fife, Washington. The defendant then sold the stolen clams to various shellfish processors in Canada, California and Washington.

The defendant employed a number of people in his organization. Several divers were needed each night to harvest the geoduck. Tenders were needed on the deck of the boat to aid the divers in the harvest of the geoduck. Someone had to pilot the boat, TYPHOON a forty-two foot diesel powered boat equiped with commercial fishing gear. Two smaller boats, a twenty-two foot Boston Whaler and seventeen foot open skiff were used to ferry the clams from the TYPHOON to the dock or landing. Several vehicles including a couple of commercial vans were used to transport the clams to the packing plant. Several persons were employed at

DECLARATION FOR DETERMINATION
OF PROBABLE CAUSE - 1

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00055

12/18/2002 9599 00021

02  1  05810  0

the plant to pack the geoduck for shipment and to keep the books.

Among the persons employed by the defendant were: divers; Jason Biss, Michael Beard, Michael Krise, Mark Purdue, Greg Koeinig, Jeffery Choke, Keith Smith and others not named at this time. Clint Wilson often ran the boat, TYPHOON, during the period the August , 2001, through March 18th, 2002. Lori Kern, Heidi Mills and Stacy Tobin worked in the plant packing geoduck and keeping records. Nicole McConnell-Holt and Kevin Riconoscuito acted as tenders for the divers. Xiang (Jack) Li acted as a middleman and paid cash for the geoducks which were shipped to processors in California during the period June 10th, 2001, through March 18th, 2002.

All of the employees were aware that the operation was illegal. TOBIN told the persons on the boat that if approached by law enforcement they were to throw the geoducks over the side. TOBIN did not allow any lights on the boat or smoking at night. TOBIN did not file any of the required paperwork, fish tickets, on the stolen geoducks. TOBIN did file fish tickets when he legally bought geoduck. TOBIN instructed employees to falsify the dates and catch areas on health certificates. COUNT 39.

Agents from the Washington Department of Fish and Wildlife on March 18th, 2002, served a search warrant on the business of DOUG TOBIN, Toulok, the shellfish processing plant in Fife. The agents upon reviewing the seized documents were able to determine where the defendant sold the geoduck that he had illegally harvested. The agents then obtained search warrants for the named seafood/shellfish outlets and served the warrants on the businesses. Using the various documents obtained, airbills, invoices, fish tickets, checks and deposits, the agents were able to determine the amount of geoduck that was illegally harvested and sold by the defendant during the period January, 2000, through March 18th, 2002.

During the period the 10th of June, 2001, through the 30th of June, 2001, the defendant sold 5,469 pounds of illegally harvested geoduck for $33,306.21. COUNTS 2&3

During the month of July, 2001, the defendant sold 6,049 pounds of illegally harvested geoduck for $37,201.35. COUNTS 4&5

During the month of August, 2001, the defendant sold 8,630 pounds of illegally harvested geoduck for $62,608.50. COUNTS 6&7

During the month of September, 2001, the defendant sold 8,237 pounds of illegally harvested geoduck for $43,561.00. COUNTS 8&9

During the month of October, 2001, the defendant sold 15,355 pounds of illegally harvested geoduck for $93,972.60. COUNTS 10 &11

During the month of November, 2001, the defendant sold 11,941 pounds of illegally harvested geoduck for $72,004.23. COUNTS 12&13

During the month of December, 2001, the defendant sold 13,777 pounds of illegally harvested geoduck for $82,386.46. COUNTS 14&15

During the month of January, 2002, the defendant sold 15,050 pounds of illegally harvested geoduck for $102,463.25. COUNTS 16&17

During the month of February, 2002, the defendant sold 9,038 pounds of illegally harvested geoduck for $60,027.25. COUNTS 18&19

During the period the 1st day of March, 2002, through the 18th day of March, 2002, the defendant sold 10,883 pounds of illegally harvested geoduck for $70,883.25. COUNTS 20&21

During the month of January, 2001, the defendant sold 7,862 pounds of illegally harvested geoduck for $58,886.38. COUNT 22

During the month of February, 2001, the defendant sold 6,024 pounds of illegally harvested geoduck for $41,854.95. COUNT 23

DECLARATION FOR DETERMINATION
OF PROBABLE CAUSE - 2

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10286 1/4/2008 00056

12/18/2002 9599 00022

02  1  05810  0

1    During the month of March, 2001, the defendant sold 6,919 pounds of illegally obtained geoduck for
2   $14,098.86. COUNT 24
      During the month of April, 2001, the defendant sold 3,804 pounds of illegally harvested geoduck for
3   $26,704.08. COUNT 25
      During the month of May, 2001, the defendant sold 3,660 pounds of illegally harvested geoduck for
4   $26,300.00. COUNT 26

5
      In January of 2000 the defendant sold 6,714 pounds of illegally harvested geoduck for $50,861.30.
6   This is the basis for Count 27.
      In February of 2000 the defendant sold 495 pounds of illegally harvested geoduck for $1,564.00.
7   This is the basis for Count 28.
      In March of 2000 the defendant sold 524 pounds of illegally harvested geoduck for $3,107.32. This is
8   the basis for Count 29.
      In April of 2000 the defendant sold 785 pounds of illegally harvested geoduck for $4,655.05.  This is
9   the basis for Count 30.
      In May of 2000 the defendant sold 5,943 pounds of illegally harvested geoduck for $33,459.09.  This
10  is the basis for Count 31.
      In June of 2000 the defendant sold 7,997 pounds of illegally harvested geoduck for $51,373.50.  This
11  is the basis for Count 32.
      In July of 2000 the defendant sold 6,080 pounds of illegally harvested geoduck for $44,019.20.  This
12  is the basis for Count 33.
      In August of 2000 the defendant sold 8,771 pounds of illegally harvested geoduck for $67,068.15.
13  This is the basis for Count 34.
      In September of 2000 the defendant sold 7,817 pounds of illegally harvested geoduck for $56,596.00.
14  This is the basis for Count 35.
      In October of 2000 the defendant sold 9,183 pounds of illegally harvested geoduck for $67,168.75.
15  This is the basis for Count 36.
      In November of 2000 the defendant sold 5,410 pounds of illegally harvested geoduck for $42,524.50.
16  This is the basis for Count 37.
      In December of 2000 the defendant sold 5,305 pounds of illegally harvested geoduck for $40,153.50.
17  This is the basis for Count 38.
      During the year 2000 the defendant illegally harvested 65,024 pounds of geoduck and sold that geoduck
18  for $462,580.36. In the year 2001 the defendant illegally harvested 97,727 pounds of geoduck and sold that
19  geoduck for $619,884.62. In the period January 1st, 2002, through March 18th, 2002, the defendant illegally
20  harvested 34,971 pounds of geoduck and sold that geoduck for $233,373.75.  The total loss to the State of
    Washington is in excess of 1.3 million dollars.
21    The defendant has a history of violence; a conviction for Burglary in the First Degree and Assault in the
    Second Degree from 1976 and a conviction for Manslaughter in the First Degree from 1986. The
22  Manslaughter conviction was a reduced charge from Murder in the First Degree. The defendant was involved
23  in a contract murder and received the reduced charge in exchange for his testimony.  The defendant used his
    reputation for violence to control his employees and associates.  Every witness interviewed by the State
24  expressed fear of the defendant.
25    The defendant's prior record and the current charge of LEADING ORGANIZED CRIME will invoke

26

27

DECLARATION FOR DETERMINATION
28  OF PROBABLE CAUSE - 3

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206  1/4/2008  00057
12/18/2002  9599  00023

02   1   05810   0

1   the provisions of the Persistent Offender Statute.  RCW 9.94A.570, RCW 9.94A.030 (28) (31).

2

3       I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF
    WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

4

5       DATED: December 16, 2002.
        PLACE: TACOMA, WASHINGTON

6

7                                        Tom L. Moore, WSB# 17542

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   DECLARATION FOR DETERMINATION
     OF PROBABLE CAUSE - 4

Office of Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10286  1/4/2008  00058

# EXHIBIT C

10206 1/4/2008 00059

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR PIERCE COUNTY

STATE OF WASHINGTON     )          NO.
                        Plaintiff   )
COUNTY OF PIERCE        )          SEARCH WARRANT FOR FRUITS,
                        Defendant )  INSTRUMENTALITIES AND/OR
                                     EVIDENCE OF CRIME

### TO ANY PEACE OFFICER IN THE STATE OF WASHINGTON:

**WHEREAS,** upon the sworn affidavit made and filed in the above entitled court, it appears to the undersigned judge of the above entitled court, that there is probable cause to believe that, in violation of the laws of the state of Washington and that fruits, instrumentalities and/or evidence of crime(s) as defined by law, is being possessed, or kept, in on or about and upon certain premises within Pierce and King County, State of Washington, hereinafter designated and described;

**NOW, THEREFORE,** in the name of the state of Washington, you are hereby commanded, with the necessary and proper assistance, to enter and search said premises and to seize any fruits, instrumentalities and/or evidence of the crimes(s) of:

(1) RCW 9A.82.060(1)        - Leading organized crime, a class A felony;

(2) RCW 9A.82.050(1)&(2)-  Trafficking in stolen property, a class B felony;

(3) RCW 9A.56.030(1)(a)    - Theft in the first degree, a class B Felony;

(4) RCW 9A.56.040(1)(a)    - Theft in the second degree, a class C Felony;

(5) RCW 77.15.550(2)(a)(b)- Unlawful commercial fishing in closed area and or time in the first degree, a class C felony;
(6) RCW 77.15.260 (2)(a)   - Unlawful trafficking in fish and wildlife in the first degree, a class C felony;
(7) RCW 77.15.620(1b)(3) - Unlawfully engaging in fish dealing without a license in the first degree, a class C felony;
(8) RCW 77.15.560(1)(b) -  Unlawfully fail to report a commercial fish or shellfish harvest or delivery, a gross misdemeanor;
(9) RCW 69.30.110 -        Unlawful possession of shellfish in a commercial quantity, which ave not been grown, shipped or packed in accordance with the provisions of WAC 246-282-090 and WAC 246-282-010(12), a gross misdemeanor as provided for in RCW 69.30.140.

Affidavit for Search Warrant                    1

FW-0000033

18206 1/4/2008 00060

As described in the affidavit of William Jarmon.

To wit:

    A.    All records pertaining to the harvesting, buying and selling of all reported or unreported, geoduck clam, crab or other shellfish product, including any and all business records or sets of records, whether handwritten, printed, typed or contained in a computer or electronic memory. Including all electronic data processing and storage devices, fax machines, Doug Tobin's cellular phone(s), telephone answering machines, electronic memories, computers and computer systems. Computer systems to be seized and analyzed off site include central processing units (CPU's), internal and peripheral storage devices (such as internal hard disks, external hard drives, Zip Drives and disks, floppy diskettes, tape drives, backup tapes, optical storage devices, or other electronic data storage devices), peripheral input/output devices such as keyboards, printers, video display monitors, optical readers and related communications devices, such as modems, as well as papers or files with passwords, together with system operating documentation, manuals, and commercial program software.

        The records referenced above in this section relate to the harvesting, purchasing, weighing, processing, storing, transportation of, and sale of all geoduck clams, crab or other shellfish. The business records described are expected to include: cash, bank and financial accounts and details; federal tax returns; credit card account details; account reconciliation records; sales invoices; purchase orders; purchase receipts; State of Washington Fish Receiving Tickets; books or files of accounts; product inventories; sales and purchase ledgers and journals; and any files relating to income and expenses; employee identification records; addresses, identification, and phone numbers of employees, co-conspirators, harvesters, fishermen, and customers; Department of Health Shellfish purchase and sales logs; papers documenting dominion and control of the premises; and other related indicia or memoranda.

    B.    All records pertaining to the harvesting, buying and selling of all reported or unreported, geoduck clams or crab product, including any and all bank and cash account records, bank statements, withdrawal and deposit records, wire transfer documentation, check registers, petty cash journals and memoranda, canceled checks payable to cash, employee Lori Kern, or other employees, geoduck and crab harvesters or suppliers, and other checks or documentation to individuals as yet unknown related to payments for the purchase of illegal geoduck clams or crab.

    C.    All documents, including telephone and address books identifying individuals as shellfish harvesters by name or telephone number for the time period covering May 1, 1999 to the present.

Affidavit for Search Warrant        2

FW-0000034

10286 1/4/2008 00061

D.      Any and all keys, combinations, or passwords to computers, file cabinets, desks, and any locked storage areas, vehicles, vessels or furniture which is capable of holding the evidence sought by this warrant.

E.      All monies in Doug Tobin's business bank accounts at Bank of America, Fife Branch. The bank accounts are identified as Toulok, Inc. (account #16492605) and Toulok (account #70458401). These funds represent assets or proceeds derived from Doug Tobin's illegal activities as described in this affidavit. Monies are to be frozen by bank officials so as to be unavailable to the account holders;

F.      All on-board electronic navigational equipment including but not limited to navigational plotters, GPS systems, loran systems, radar systems and Fathometers which may contain within their computer memory, evidence identifying locations of crab and/or geoduck harvesting, and to examine and analyze either on or off site all associated electronic memories contained in the above mentioned items for the purpose of finding and seizing all actively fishing crab pots or associated gear;

G.      Memoranda, notations, or indicia related to any of the above;

H.      Any and all shellfish or foodfish illegally possessed.

I.      Any firearms possessed by previously convicted felons, including Douglas John Martin Tobin. AND THE VEHICLES AND BOATS LISTED ON PAGES 4 & 5 OF THIS WARRANT AS FRUITS AND INSTRUMENTALITERS OF THIC ABOUE LISTED CACHES.

.....and to safely keep the same and to make a return of said warrant within 10 days, with a particular statement of all the articles seized and the name of the person(s), in whose possession the same were found, if any, if no person can be found in possession of said articles, the return shall so state. A copy of said warrant shall be served upon the person(s) found in possession thereof; if no such persons are found, then a copy should be placed in any conspicuous place upon the premises, together with a receipt for all articles seized.

The said premises above-referred to, located in Pierce County and King County, State of Washington, is designated and described as follows:

Toulok Seafood, located at 602 53rd Ave. East, Fife, WA. 98424, at the south end of 53d Ave., enclosed by a cyclone fence. The business has an office at the east end of the building with an adjoining plant building that may be entered from office or by way of a large green garage door. The plant and office are white with green trim and the office has windows facing the parking lot;

The personal apartment residence of Douglas Tobin, located in a separate building off the west end of the Toulok plant building, within the same cyclone fenced area, sharing the same address as Toulok Seafood, 602 53rd Ave. East, Fife. The apartment portion has a brown

Affidavit for Search Warrant                    3

10206 1/4/2008 00062

front and is in the south end of the white colored building with green trim. It shares joint occupancy with a fabrication business, which is located in the north end of the same building. The apartment which houses Doug Tobin is a two story building with windows on both floors facing east as is the entry door on the ground floor;

Wong Tung Seafoods, a retail fish and shellfish store, the front of the business is all glass windows and the name is posted above the front door with red letters and yellow background, located at 210 12th Ave. South, Seattle, WA 98144, in a strip of small stores;

Wong Tung Seafoods warehouse, located at the corner of 24th Ave. South and Plum Street, a light gray building with dark gray trim and a large roll-up door for entry and delivery of seafood product. The building is believed to contain tanks with recirculating oxygenated water for the storage of live seafood such as fish and crab and is situated at 2001 24th Ave. South, Seattle, WA, the address is posted on the north and east side of the building;

Bank of America, Fife Branch located at 5003 Pacific Highway East in Fife, WA;

The person of Douglas John Martin Tobin, owner of Toulok, Inc., date of birth 04/27/52, Native American, male, 6'01', 270 lbs., brown eyes, shoulder length graying hair;

The person of Xiang (Jack) Sheng Li, last licensed in 1998 as a fish buyer for Daisun International Trading Company, date of birth 09/14/55, Asian, male, 5'09", 165 lbs., brown eyes, black hair. Li resides at 10435 56th Ave. South, Seattle, WA 98178;

A blue 1992 Plymouth Voyager van, license #433 EKN (Wa), registered to Xiang (Jack) Sheng Li, at 10435 56th Ave. South, Seattle, Wa.;

A white 1992 Ford Econoline van, Wa. License #F86081H, registered to Douglas Tobin at 602 53rd Ave. E., Fife, WA;

A white 1995 Ford Van, license #A97175B, registered to Douglas Tobin at 602 53rd Ave. E., Fife, WA;

A 1983 GMC silver/gray van, Washington license #249 KNE, registered to Douglas Tobin at 602 53rd Ave. E., Fife, WA;



A white 1991 Isuzu van, Washington license #02683 Y, registered to Douglas Tobin at 602 53rd Ave. E., Fife, WA;

A teal or turquoise colored 1996 Ford Pickup, license #A31306B, registered to Douglas Tobin;

A maroon and white 1984 GMC Jimmy, Wa. license #961 JGU, registered to Carrie S. Ahre,

Affidavit for Search Warrant                    4

FW-0000036

10286  1/4/2008  00063

Ashford, Wa. 98304

aConner Series Body/AIDFC42, a 42+ foot Aluminum commercial fishing vessel
⟨...⟩ ng bridge and aluminum mast, and a black tarp covering most of the stern deck,
with . name "Typhoon" on the transom and hull, WN 221 SXN, hull identification
⟨...⟩, registered to Douglas Tobin @ 602 53rd Ave. E., Fife, WA. Including all
electronics, such as a Trac Plotter, on the vessel Typhoon, used to record G.P.S. coordinates
that identify specific locations of crab fishing or geoduck harvesting. The vessel is most
recently located about 500 yards to the west of the Dockton King County Park and boat
launch facility. Access to the moorage is via an unpaved road that leads to a parking area and
a large gray, with white trim residence. On the west side of the residence the dock is accessed
by a ramp. There are about 8 vessels at the dock. The Typhoon is located on the most
seaward end of the dock outside two purse seine vessels and is tied of the F/V Hydra. The
Typhoon also has been in the recent past located at Cornell's Landing, a marina on Fox
Island. Access to the moorage facility is from Cornell's residence and driveway above the
moorage facility;

A 20', 1979, light colored Boston Whaler, WN 9792 G, hull identification
#BWL5328AM79G, with 1998 expiration, with outboard engine, registered to Douglas Tobia
at 12610 Wind N. Tide Dr. NW, Gig Harbor, WA 98329. The Boston Whaler has been in
the recent past located at Cornell's Landing, a marina on Fox Island. Access to the moorage
facility is from Cornell's residence and driveway above the moorage facility. The boat may
also be at the same location as the F/V Typhoon;

A 17' aluminum bowpicker vessel, with a center console, WN 176 SXN with the name of "
"SAM" painted on left side of the transom in black letters, according to Squaxin tribal
records owned by John Tobin. The F/V Sam has been in the recent past located at Cornell's
Landing, a marina on Fox Island. Access to the moorage facility is from Cornell's residence
and driveway above the moorage facility. The boat may also be at the same location as the
F/V Typhoon.

GIVEN UNDER MY HAND this _15th_ day of March, 2002, at _10_ am/pm

JUDGE

Affidavit for Search Warrant                                5

10286 1/4/2008 00064

# EXHIBIT D

10206 1/4/2000 00065

4/28/2003 14356 00007



FILED
IN OPEN COURT
CDPJ

APR 25 2003

Pierce County Clerk

DEPUTY

## IN THE SUPERIOR COURT OF WASHINGTON, COUNTY OF PIERCE

STATE OF WASHINGTON,

Plaintiff,

vs.

~~Douglas John Martin Tobin~~ Defendant.

Cause No. 02-1-05810-0

**STATEMENT OF DEFENDANT ON PLEA OF GUILTY USE FOR NON-VIOLENT CRIMES COMMITTED AFTER 7-1-00**   APR 2 0 2003

1. My true name is: Doug Tobin

2. My age is: 49   DOB: 4/27/03

3. I went through the College Grad grade.

4. I HAVE BEEN INFORMED AND FULLY UNDERSTAND THAT:

(a) I have the right to representation by a lawyer and that if I cannot afford to pay for a lawyer, one will be provided at no expense to me. My lawyer's name is: Allen Ressle   WSBA#: 5330   Gary Clower   13720

(b) I have received a copy of and I am charged in _____ Information with the crime(s) of:

Count I: Theft 1°
Elements: In the State of WA, (Grooms) Obtain or exert control over property belonging to another in an amount exceed $1500 with the intent to deprive them thereof.

Count II:
Elements: In the State of WA, between 1/1/00 – 3/8/02

(c) _____ Additional counts are addressed in Attachment 4(d).

5. IN CONSIDERING THE CONSEQUENCES OF MY GUILTY PLEA, I UNDERSTAND THAT:

(a) Each crime with which I am charged carries a maximum sentence, a fine, and a STANDARD SENTENCE RANGE as follows:

| | OFFENDER SCORE | STANDARD RANGE ACTUAL CONFINEMENT (not including enhancements) | PLUS Enhancements | TOTAL ACTUAL CONFINEMENT (standard range including enhancements) | COMMUNITY CUSTODY RANGE | MAXIMUM TERM AND FINE |
|---|---|---|---|---|---|---|
| 1 | 9+ | 43-57 | | | | 10 Years $20,000 |
| 2 | | | | | | |

\* (V) VUCSA in protected zone, (JP) Juvenile present

 

Exhibit A-7
Page 168

10206 1/4/2008 00066

Q-2d-205810-Q 00000
*(Theft)*

(b)     The standard sentence range is based on the crime charged and my **criminal history**. Criminal history includes other current offenses, prior convictions and juvenile adjudications or convictions, whether in this state, in federal court, or elsewhere. [__] The parties stipulate the standard range is correct and may be relied upon.

(c)     The prosecuting attorney's **statement of my criminal history** is attached to this agreement. Unless I have attached a different statement, I agree that the prosecuting attorney's statement is correct and complete. If I am convicted of any additional crimes between now and the time I am sentenced, I am obligated to tell the sentencing judge about those convictions prior to being sentenced.

(d)     If I am convicted of any **new crimes** before sentencing, or if any **additional criminal history is discovered**, both the standard sentence range and the prosecuting attorney's recommendation may increase. Even so, my plea of guilty to this charge is binding upon me. I cannot change my mind if additional criminal history is discovered even though the standard sentencing range and the prosecuting attorney's recommendation increase, even if the result is a mandatory sentence of life imprisonment without the possibility of parole.

(e)     In addition to sentencing me to confinement, the judge will order me to pay $500.00 as a **victim's compensation fund assessment**. If this crime resulted in injury to any person or damage to or loss of property, the judge will order me to make restitution, unless extraordinary circumstances exist which make restitution inappropriate. The amount of restitution may be up to double my gain or double the victim's loss. The judge may also order that I pay a fine, court costs, attorney fees, the costs of incarceration, and other legal financial obligations.

(f)     In addition to sentencing me to confinement, the judge may order me to serve up to one year of **community custody** if the total period of confinement ordered is not more than 12 months. If the crime I have been convicted of falls into one of the offense types listed in the following chart, the court will sentence me to community custody for the community custody range established for that offense type unless the judge finds substantial and compelling reasons not to do so. If the period of earned release awarded per RCW 9.94A.728 (formerly RCW 9.94A.150) is longer, that will be the term of my community custody. If I have been convicted of a crime that is not listed in the chart and my sentence is more than 12 months, I will be placed on community custody for the period of earned release.

| OFFENSE TYPE | COMMUNITY CUSTODY RANGE |
|---|---|
| Crimes Against Persons as defined by RCW 9.94A.411 (formerly .440(2)) | 9 to 18 months or up to the period of earned release, whichever is longer |
| Offenses under Chapter 69.50 or 69.52 RCW (Not sentenced under RCW 9.94A.505 (formerly .120(6)) | 9 to 12 months or up to the period of earned release, whichever is longer |

During the period of community custody I will be under the supervision of the Department of Corrections, and I will have restrictions and requirements placed upon me. My failure to comply with these conditions will render me ineligible for general assistance, RCW 74.04.005(6)(h), and may result in the Department of Corrections transferring me to a more restrictive confinement status or other sanctions.

(g)     The prosecuting attorney will make the following **recommendation to the judge**; [__] The State and the defendant will jointly make this recommendation. *The State will request an exceptional sentence to run consecutive to cause # 02-1-01499-4 500 CVM, IN costs - The State will request restitution in the amount of 1.2 million dollars. The defendant forfeits all property seized by the State: typewood equipment, SUV + equipment, boston whaler, trucks, etc. —*

(h)     The **judge does not have to follow anyone's recommendation** as to sentence. The judge must impose a *plus, vehicles,* sentence within the standard range of actual confinement and community custody unless the judge finds substantial and compelling reasons not to do so. If the judge goes outside the standard range of actual confinement and community custody, either the State or I can appeal that sentence. If the sentence is within the standard range, no one can appeal the sentence.

(i)     If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. I am [__] I am not [__] a United States citizen.

(j)     I understand that I may not possess, own, or have under my control any firearm unless my right to do so is restored by a court of record and that I must immediately surrender any concealed pistol license. RCW 9.41.040.

(k)     **Public assistance** will be suspended during any period of imprisonment.

(l)     I understand that I will be required to have a biological sample collected for purposes of DNA identification analysis. For offenses committed on or after July 1, 2002, I will be assessed a $100 DNA collection fee.

**NOTIFICATION RELATING TO SPECIFIC CRIMES: IF ANY OF THE FOLLOWING PARAGRAPHS**

STATEMENT OF DEFENDANT ON PLEA OF GUILTY (8-2-02)                                    Z-172-2
(NON-VIOLENT CRIMES AFTER 7-1-00)

10206 1/4/2008 00067

4/28/2003 14356 00009

**DO NOT APPLY, THEY SHOULD BE STRICKEN.**

(m)   The judge may sentence me as a **first-time offender** instead of giving me a sentence within the standard range if I qualify under RCW 9.94A.030.  This sentence could include as much as 90 days confinement, and up to two years of community custody,  plus all of the conditions described in paragraph 5(f).  Additionally, the judge could require me to undergo treatment, to devote time to a specific occupation, and to pursue a prescribed course of study or occupational training.

(n)   If this is a crime of **domestic violence** and I, or the victim of the offense has a minor child, the court may order me to participate in a domestic violence perpetrator program approved under RCW 26.50.150.

(o)   If this crime involves a **sexual offense, prostitution, or a drug offense** associated with hypodermic needles, I will be required to undergo testing for the human immunodeficiency (AIDS) virus.

(p)   The judge may sentence me under the special **drug offender sentencing alternative (DOSA)** if I qualify under RCW 9.94A.660, formerly RCW 9.94A.120(6).  This sentence could include a period of total confinement in a state facility for one-half of the midpoint of the standard range plus all of the conditions described in paragraph 5(f).  During confinement, I will be required to undergo a comprehensive substance abuse assessment and to participate in treatment.  The judge will also impose community custody of at least one-half of the midpoint of the standard range that must include appropriate substance abuse treatment, a condition not to use illegal controlled substances, and a requirement to submit to urinalysis or other testing to monitor that status.  In addition, the judge could prohibit me from using alcohol or controlled substances, require me to devote time to a specific employment or training, stay out of certain areas, pay thirty dollars per month to offset the cost of monitoring and require other conditions, including affirmative conditions.  For offenses committed on or after June 8, 2000, if an offender receives a DOSA sentence and then fails to complete the drug offender sentencing alternative program or is administratively reclassified by the department of corrections, the offender shall be reclassified to serve the unexpired term of the sentence as ordered by the sentencing judge and shall then be subject to a range of community custody and early release as specified in section 5(f) of the plea form.

(q)   If the judge finds that I have a **chemical dependency** that has contributed to the offense, the judge may order me to participate in rehabilitative programs or otherwise to perform affirmative conduct reasonably related to the circumstances of the crime for which I am pleading guilty.

(r)   If this crime involves the **manufacture, delivery, or unlawful possession with the intent to deliver methamphetamine** or amphetamine or unlawful possession of pseudoephedrine or anhydrous ammonia with intent to manufacture methamphetamine, a **mandatory methamphetamine clean-up fine of $3,000.00** will be assessed. RCW 69.50.401(a)(1)(ii) or RCW 69.50.440.

(s)   If this crime involves a **motor vehicle**, my driver's license or privilege to drive will be suspended or revoked.  If I have a driver's license, I must now surrender it to the judge.

(t)   I understand that the offense(s) I am pleading guilty to include a **deadly weapon or firearm enhancement.** Deadly weapon or firearm enhancements are mandatory, they must be served in total confinement, and they must run consecutively to any other sentence and to any other deadly weapon or firearm enhancements.

(u)   I understand that the offenses I am pleading guilty to include both a conviction under RCW 9.41.040 for **unlawful possession of a firearm in the first or second degree and one or more convictions for the felony crimes of theft of a firearm or possession of a stolen firearm.**  The sentences imposed for these crimes shall be served **consecutively to each other.**  A consecutive sentence will also be imposed for each firearm unlawfully possessed.

(v)   I understand that if I am pleading guilty to the crime of **unlawful practices in obtaining assistance** as defined in RCW 74.08.331, no assistance payment shall be made for at least 6 months if this is my first conviction and for at least 12 months if this is my second or subsequent conviction.  This suspension of benefits will apply even if I am not incarcerated.  RCW 74.08.290.

STATEMENT OF DEFENDANT ON PLEA OF GUILTY (8-2-02)                                                  Z-172-3
(NON-VIOLENT CRIMES AFTER 7-1-00)

10206 1/4/2008 00068

4/28/2003 14356 00010

(w)   If this crime involves a violation of the state drug laws, my eligibility for state and federal food stamps, welfare, and education benefits will be affected. 20 U.S.C. §1091(r) and 21 U.S.C.§ 826a.

6.   I UNDERSTAND THAT I HAVE THE FOLLOWING IMPORTANT RIGHTS, AND I GIVE THEM ALL UP BY PLEADING GUILTY:
(a)   The right to a speedy and public trial by an impartial jury in the county where the crime is alleged to have been committed;
(b)   The right to remain silent before and during trial, and the right to refuse to testify against myself;
(c)   The right at trial to hear and question the witnesses who testify against me;
(d)   The right at trial to testify and to have witnesses testify for me. These witnesses can be made to appear at no expense to me;
(e)   I am presumed innocent unless the charge is proven beyond a reasonable doubt or I enter a plea of guilty;
(f)   The right to appeal a finding of guilt after a trial as well as other pretrial motions such as speedy trial challenges and suppression issues.

7.   I make this plea freely and voluntarily.

8.   No one has threatened harm of any kind to me or to any other person to cause me to make this plea.

10.   No person has made promises of any kind to cause me to enter this plea except as set forth in this statement.

11.   The judge has asked me to state what I did in my own words that makes me guilty of this crime. This is my statement: *In Pierce County WA. Between 1/1/08 Through 3/18/02 I stole Groovens From The State WH.*

If my statement is a Newton or Alfred Plea, I agree that the court may review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea.

12.   [__] I was given a copy and I read this plea statement. [X] My lawyer read this plea statement to me. Also, my lawyer has explained to me, and we have fully discussed, all of the above paragraphs. If I have any more questions about it, I understand I can and need to ask the judge when I enter my plea of guilty.

                                                            Defendant
I have read and discussed this statement with the defendant and believe that the defendant is competent and fully understands the statement.

                                                            Defendant's Lawyer, WSBA#

Approved for entry:

                                                            Prosecuting Attorney, WSBA#
The foregoing statement was signed by the defendant in open court in the presence of the defendant's lawyer and the undersigned judge. The court finds:
(a) [__] The defendant had previously read the entire statement above and the defendant understood it in full; or
(b) [__] The defendant's lawyer had previously read to him or her the entire statement above and that the defendant understood it in full; or
(c) [__] An interpreter had previously read to the defendant the entire statement above and that the defendant understood it in full.
I find the defendant's plea of guilty to be knowingly, intelligently, and voluntarily made. Defendant understands the charges and the consequences of the plea. There is a factual basis for the plea. The defendant is guilty as charged.

Dated this 25 day of _____ April _____, 2003.

                                                            Judge

FILED
IN OPEN COURT
CDPJ

APR 25 2003

Pierce County Clerk
Z-172   DEPUTY

STATEMENT OF DEFENDANT ON PLEA OF GUILTY (8-2-02)
(NON-VIOLENT CRIMES AFTER 7-1-00)

Exhibit A-7
Page 171

10206 1/4/2000 00069

4/20/2003 14356 00011

NOTIFICATION RELATING TO SPECIFIC CRIMES: IF ANY OF THE FOLLOWING PARAGRAPHS DO
NOT APPLY, THEY SHOULD BE STRICKEN AND INITIALED BY THE DEFENDANT AND THE
JUDGE.

(k)     This offense is a most serious offense, or strike, as defined by RCW 9.94A.030, and if I
        have at least two prior convictions for most serious offenses, whether in this state, in
        federal court, or elsewhere, the crime for which I am charged carries a mandatory
        sentence of life imprisonment without the possibility of parole.
        In addition, if this offense is (1) rape in the first degree, rape of a child in the first
        degree, rape in the second degree, rape of a child in the second degree, indecent
        liberties by forcible compulsion, or child molestation in the first degree, or (2) murder
        in the first degree, murder in the second degree, homicide by abuse, kidnapping in the
        first degree, kidnapping in the second degree, assault in the first degree, assault in the
        second degree, assault of a child in the first degree, or burglary in the first degree, with
        a finding of sexual motivation, or (3) any attempt to commit any of the crimes listed in
        this sentence, and I have at least one prior conviction for one of these listed crimes in
        this state, in federal court, or elsewhere, the crime for which I am charged carries a
        mandatory sentence of life imprisonment without the possibility of parole.

(l)     The judge may sentence me as a first-time offender instead of giving me a sentence within the
        standard range if I qualify under RCW 9.94A.030. This sentence could include as much as 90
        days confinement, and up to two years community supervision if the crime was committed prior
        to July 1, 2000, or two years of community custody of the crime was committed on or after July
        1, 2000, plus all of the conditions described in paragraph (e). Additionally, the judge could
        require me to undergo treatment, to devote time to a specific occupation, and to pursue a
        prescribed course of study or occupational training.

(m)     The judge may suspend execution of the standard range term of confinement under the special
        sex offender sentencing alternative (SSOSA) if I qualify under RCW 9.94A.120(8). If the
        judge suspends execution of the standard range term of confinement, I will be placed on
        community custody for the length of the suspended sentence or three years, which ever is
        greater; I will be ordered to serve up to 180 days of total confinement; I will be ordered to
        participate in sex offender treatment; and I will be subject to all of the conditions described in
        paragraph (e). Additionally, the judge could require me to devote time to a specific occupation
        and to pursue a prescribed course of study or occupational training. If a violation of the
        sentence occurs during community custody, the judge may revoke the suspended sentence.

(n)     Because this crime involves a sex offense or a kidnaping offense involving a minor, I will be
        required to register where I reside, study, or work. The specific current registration
        requirements are set forth in Attachment "A". These requirements may change at a later date. I
        will be responsible for learning about any changes in the registration requirements and for
        complying with the registration requirements.

(o)     If this crime involves a sex offense or a violent offense, I will be required to provide a sample
        of my blood for purpose of DNA identification analysis.

(p)     If this is a crime of domestic violence and if I, or the victim of the offense has a minor child, the
        court may order me to participate in a domestic violence perpetrator program approved under
        RCW 26.50.150.

STATEMENT OF DEFENDANT
ON PLEA OF GUILTY - 5

Z-2466-S Revised 7/1/00

10296 1/4/2008 00070

# EXHIBIT E

10206  1/4/2008  00071

254  5/5/2003  00024

FILED
IN OPEN COURT
CDPJ
APR 25 2003
Pierce County Clerk
BY............................DEPUTY

**SUPERIOR COURT OF WASHINGTON**
**FOR PIERCE COUNTY**

STATE OF WASHINGTON,

Plaintiff

vs.

_DOUGLAS J. M. TOBIN_
Defendant.

NO. _01-1-01636-3_

**STATEMENT OF DEFENDANT ON PLEA OF GUILTY**

APR 28 2003

1.  My true name is _Doug Tobin_
2.  My age is _49_
3.  I went through the _College Grad_ grade.
4.  *I HAVE BEEN INFORMED AND FULLY UNDERSTAND THAT:*
    (a)  I have the right to representation by a lawyer and that if I cannot afford to pay for a lawyer, one will be provided at no expense to me.
         I am charged with: _COUNT (30) FAILURE TO REPORT COMMERCIAL FISH_
    (b)  The elements are: _HARVEST OR DELIVERY — IN STATE OS WASHINGTON BETWEEN 1/1/00 AND 8/15/01 WHERE ACTING SUN COMMERCIAL PURPOSES UNLAWFULLY TOOK SHELLFISH AND FAILED TO MAKE OUT FISH TICKET._

I UNDERSTAND THAT I HAVE THE FOLLOWING IMPORTANT RIGHTS, AND I GIVE THEM ALL UP BY PLEADING GUILTY:

5.  (a)  The right to a speedy and public trial by an impartial jury in the county where the crime is alleged to have been committed;
    (b)  The right to remain silent before and during trial, and the right to refuse to testify against myself.
    (c)  The right at trial to hear and questiion the witnesses who testify against me;
    (d)  The right at trial to testify and to have witnesses testify for me. These witnesses can be made to appear at no expense to me;
    (e)  I am presumed innocent unless the charge is proven beyond a resonable doubt or I enter a plea of

STATEMENT OF DEFENDANT ON PLEA OF GUILTY
CrRLJ4.2(g) Page 1
Z-110-1

10206 1/4/2008 00072

254 5/5/2003 00025

*PAGE 1 (A)*

## SUPERIOR COURT OF WASHINGTON
### FOR PIERCE COUNTY

STATE OF WASHINGTON,

                Plaintiff

vs.

*DOUGLAS J. M. TOBIN*

                Defendant.

NO. *02-1-01236-3*

**STATEMENT OF DEFENDANT ON PLEA OF GUILTY**

1. My true name is *Doug Tobin*
2. My age is *49*
3. I went through the *College Grad* grade.
4. I HAVE BEEN INFORMED AND FULLY UNDERSTAND THAT:
   - (a) I have the right to representation by a lawyer and that if I cannot afford to pay for a lawyer, one will be provided at no expense to me.
   - (b) I am charged with: *COUNT (38) POSSESSING OR SELLING SHELLFISH*
   
   The elements are: *WITHOUT A CERTIFICATE OF APPROVAL — IN STATE OF WASHINGTON BETWEEN 1/1/2000 AND 7/15/02 WITHOUT A CERTIFICATE OF APPROVAL (HEALTH) DID SELL A COMMERCIAL QUANTITY OF SHELLFISH IN VIOLATED*

I UNDERSTAND THAT I HAVE THE FOLLOWING IMPORTANT RIGHTS, AND I GIVE THEM ALL UP BY PLEADING GUILTY: *OF RCW 69.30 ETC.*

5.
   - (a) The right to a speedy and public trial by an impartial jury in the county where the crime is alleged to have been committed;
   - (b) The right to remain silent before and during trial, and the right to refuse to testify against myself.
   - (c) The right at trial to hear and questiion the witnesses who testify against me;
   - (d) The right at trial to testify and to have witnesses testify for me. These witnesses can be made to appear at no expense to me;
   - (e) I am presumed innocent unless the charge is proven beyond a resonable doubt or I enter a plea of

STATEMENT OF DEFENDANT ON PLEA OF GUILTY
CrRLJ4.2(g) Page 1
Z-110-1

10206 1/4/2008 00073

254 5/5/2003 00020

·guilty;

(f)     The right to appeal a finding of guilt after a trial.

6.     IN CONSIDERING THE CONSEQUENCES OF MY GUILTY PLEA, I UNDERSTAND THAT:

(a)     The crime with which I am charged carries a maximum sentence of _365_ days in jail and a $_5000_ fine.

(b)     The prosecuting authority will make the following recommendation to the judge: _12 MONTHS_ _COLLURRANT WITH FELONY CHARGES_ _____

I _____ agree   X  do not agree with the recommendation in paragraph (b) above.
Defendant's initials _____   Attorney's initials _____.

(c)     The judge does not have to follow anyone's recommendation as to sentence.  The judge can give me any sentence up to the maximum authorized by law no matter what the prosecuting authority or anyone else recommends.

(d)     The judge may place me on probation for up to five years if I am sentenced under RCW 46.61.5055 or up to two years for all other offenses and impose conditions of probation.

(e)     The judge may require me to pay costs, fees and assessments authorized by law.  The judge may also order me to make restitution to any victims who lost money or property as a result of crimes I committed.  The maximum amount of restitution is double the amount of the loss of all victims or double the amount of my gain.

(f)     If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

NOTIFICATION RELATING TO SPECIFIC CRIMES:  IF ANY OF THE FOLLOWING PARAGRAPHS APPLY, THE BOX SHOULD BE CHECKED AND THE PARAGRAPH INITIALED BY THE DEFENDANT.

[ ]g     The crime of _____ has a mandatory minimum sentence of _____ The law does not allow any reduction of this sentence.

[ ]h     If this crime involves a sexual offense, prostitution, or a drug offense associated with hypodermic needles, I will be required to undergo testing for the human immunodeficiency (AIDS) virus.

[ ]i     This plea of guilty will result in suspension or revocation of my driver's license by the Department of Licensing.  If I have a driver's license, I must now surrender it to the judge.

STATEMENT OF DEFENDANT ON PLEA OF GUILTY
CrRLJ 4.2(g) Page 2

Z -110-2

18206 1/4/2008 00074

254 5/5/2003 00027

[ ]j    I understand that I may not possess, own, or have under my control any firearm unless my right to
do so is restored by a court of record and that I must immediately surrender any concealed pistol
license. RCW 9.41.040.

[ ]k    If this case involves driving while under the influence of alcohol and/or being in actual physical
control of a vehicle while under the influence of alcohol and/or drugs, I have been informed and
understand that I will be subject to the penalties described in Attachment "A".

[ ]l    I understand that if this crime involves a sex offense, a kidnapping offense involving a minor,
communicating with a minor, or one of the other offenses listed in RCW 9A.44.130(8)(a), I
will be required to register with the county sheriff as described in Attachment "B".

7.      I plead guilty to the crime(s) of _____ as
charged in the complaint or citation and notice.  I have received a copy of that complaint or citation and
notice.

8.      I make this plea freely and voluntarily.

9.      No one has threatened harm of any kind to me or to any other person to cause me to make this plea.

10.     No person has made promises of any kind to cause me to enter this plea except as set forth in this
statement.

11.     The judge has asked me to state in my own words what I did that makes me guilty of this crime.  This is
my statement:

_Between 1/1/00 - 3/15/02 Failed to report commercial
Fish harvest or Delivery when acting
for a commercial purpose, unlawfully
took Shellfish + failed to make
out fish ticket!_

[ ] Instead of making a statement, I agree that the court may review the police reports and/or a statement
of probable cause supplied by the prosecution to establish a factual basis for the plea.

12.     My lawyer has explained to me, and we have fully discussed, all of the above paragraphs.  I understand

10206  1/4/2008  00075

254  5/5/2003  00020

them all. I have been given a copy of this "Statement of Defendant on Plea of Guilty." I have no further questions to ask the judge.

Date: _____               _____
                                                  Defendant

                                                  I have read and discussed this statement with the defendant and
                                                  believe that the defendant is competent and fully understands
                                                  the statement

_____               _____
Prosecuting Authority and Bar # 17541        Defendant's Lawyer and Bar # 13720

_____               _____
Print Name                                   Print Name

The foregoing statement was signed by the defendant in open court in the presence of the defendant's lawyer and the undersigned judge. The defendant asserted that (check the appropriate box):

[ ] (a) The defendant had previously read; or
[ ] (b) The defendant's lawyer had previously read to him or her; or
[ ] (c) An interpreter had previously read to the defendant the entire statement above and that the defendant
        understood it in full.

I find the defendant's plea of guilty to be knowingly, intelligently and voluntarily made. Defendant understands the charges and the consequences of the plea. There is a factual basis for the plea. The defendant is guilty as charged.

DATED: ___4 - 25 - 03___               _____
                                        Judge

## INTERPRETER'S DECLARATION
(If required, attach to Statement of Defendant on Plea of Guilty.)

I am a certified interpreter or have been found otherwise qualified by the court to interpret in the
_____ language, which the defendant understands, and I have translated
_____ for the defendant from English into that
language.           (Identify document being translated)

The defendant has acknowledged his or her understanding of both the translation and the subject matter of this document. I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED: _____               _____
                                                  Interpreter

LOCATION: _____

STATEMENT OF DEFENDANT ON PLEA OF GUILTY
CrRLJ 4.2(g) Page 4

Z-110-4

10206 1/4/2008 00076

254 5/5/2003 00029

## IN THE SUPERIOR COURT OF WASHINGTON, COUNTY OF PIERCE

STATE OF WASHINGTON,

               Plaintiff,

vs.

_Douglas J. M. Tobin_      Defendant.

Cause No. _02-1-01236-3_

**STATEMENT OF DEFENDANT ON PLEA OF GUILTY**
USE FOR NON-VIOLENT CRIMES
COMMITTED AFTER 7-1-00

1. My true name is: _Douglas John Maafen Tobin_
2. My age is: _49_    DOB: _4/27/05_
3. I went through the _College_ grade.
4. **I HAVE BEEN INFORMED AND FULLY UNDERSTAND THAT:**
(a) I have the right to representation by a lawyer and that if I cannot afford to pay for a lawyer, one will be provided at no expense to me. My lawyer's name is: _____ WSBA#: _____
(b) I have received a copy of and I am charged in _3rd amended_ Information with the crime(s) of:
Count I: _Unlawful Trafficking in Fish or Wildlife in the First Degree_
Elements: In the State of WA. _on 6/6/00 did traffick in shellfish, valued in excess of $250, That had been illegally harvested_
Count II: _Unlawful Trafficking in Fish or Wildlife in the First Degree_
Elements: In the State of WA. _on 6/9, 10/00 did traffick in shellfish, valued in excess of $250, That had been illegally harvested_
(c) ✓ Additional counts are addressed in Attachment 4(d).
5. **IN CONSIDERING THE CONSEQUENCES OF MY GUILTY PLEA, I UNDERSTAND THAT:**
(a) Each crime with which I am charged carries a maximum sentence, a fine, and a STANDARD SENTENCE RANGE as follows:

| OFFENDER SCORE | STANDARD RANGE ACTUAL CONFINEMENT (not including enhancements) | PLUS Enhancements* | TOTAL ACTUAL CONFINEMENT (standard range including enhancements) | COMMUNITY CUSTODY RANGE | MAXIMUM TERM AND FINE |
|---|---|---|---|---|---|
| 1-3, 38 | 1-12 months | | same on all Felony Counts This cause # | | 5 yrs, $10,000 |
| 2 | | | | | |

* (V) VUCSA in protected zone, (JP) Juvenile present





10206 1/4/2008 00077

254 5/5/2003 00038

Case Name: _Douglas Tobin_   Cause No: _02-1-01236-3_

ATTACHMENT "B"

4.    (b) (continued)  Defendant is pleading guilty to these additional counts:

Count _3_ : _Unlawful Trafficking in Fish or Wildlife in the First_ _Degree_
Elements: _In the State of Washington_
_on (3) day of June, 2000_
_did trassick in shellfish, valued in excess of $250_
_that had been ~~harvested~~ illegally harvested_

This crime carries a maximum sentence of _5_ years imprisonment and a $_
_____ fine. The standard range is from _0_ months to
_12_ months based upon the attached stipulation as to my criminal history.
Offense Designations:   Most Serious Offense[ ] Serious Violent[ ] Violent[✗] Non-
Violent[ ] Sex[ ] Drug[ ] . Traffic[ ] (check all that apply)

Count ___ : _____
Elements:_____
_____
_____
_____

This crime carries a maximum sentence of _____ years imprisonment and a $_
_____ fine. The standard range is from _____ months to
_____ months based upon the attached stipulation as to my criminal history.
Offense Designations:   Most Serious Offense[ ] Serious Violent[ ] Violent[ ] Non-
Violent[ ] Sex[ ] Drug[ ]  Traffic[ ] (check all that apply)

6.    (b) (continued)  Defendant is pleading guilty to these additional counts:

| COUNT NO. | STANDARD RANGE ACTUAL CONFINEMENT (not including enhancements) | PLUS Enhancement for (F) Firearm, (D) Other Deadly Weapon, (V) VUCSA in protected zone, (VH) Vehicular Homicide, See RCW 46.61.520, or (JP) Juvenile Present | TOTAL ACTUAL CONFINEMENT (standard range including enhancements) | STANDARD RANGE COMMUNITY CUSTODY (Only applicable for crimes committed on or after July 1, 2000. For crimes committed prior to July 1, 2000, see paragraph 6(f)) | MAXIMUM PENALTY |
|---|---|---|---|---|---|
| | _0-12 months_ | | | | _5 yrs._ |
| | | | | | |

ATTACHMENT "B"

Z-2466-11 Revised 7/1/00

10206 1/4/2000 00078

254 5/5/2003 00031

Case Name: DOUGLAS J. M. TOBIN _____   Cause No: 02-1-01236-3

### ATTACHMENT "B"

4.       (b) (CONTINUED)   Defendant is pleading guilty to these additional counts:

Count  4  : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE  15th DAY OF June, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count  5  : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 20 - 21 DAY OF June, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count  6  : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 22 - 23 DAY OF June, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count  7  : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 24 - 25 DAY OF June, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count  8  : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 28 - 30 DAY OF June,  2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count  9  : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 3rd DAY OF July, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count  10  : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 6th DAY OF July, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count  11  : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 9th DAY OF July,  2000 DID

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: (253) 798-7400

10206 1/4/2008 00079

254 5/5/2003 00032

TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 12 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 13th DAY OF July, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 13 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 15th DAY OF July, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 14 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 18 - 20 DAY OF July, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 15 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 27th DAY OF July, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 16 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 28 - 29 DAY OF July, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 17 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 29th DAY OF July, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 18 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 1st DAY OF August, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 19 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 4th DAY OF August, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 20 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 8th DAY OF August, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: (253) 798-7400

10206 1/4/2008 00080

254 5/5/2003 00033

Count 21 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 10 - 12 DAY OF August, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 22 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 14 - 15 DAY OF August, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 23 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 20th DAY OF August, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 24 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 26th DAY OF August, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 25 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 2nd DAY OF September, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 26 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 11th DAY OF September, 2000 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 27 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 9th DAY OF March, 2001 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 28 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 23 - 26 DAY OF March, 2001 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count 29 : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 5th DAY OF April, 2001 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: (253) 798-7400

10206  1/4/2008  00081

254  5/5/2003  00034

Count _30_ : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 7th DAY OF April, 2001 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count _31_ : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 27th DAY OF April, 2001 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count _32_ : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 11th DAY OF November, 2001 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

Count _33_ : UNLAWFUL TRAFFICKING IN FISH OR WILDLIFE IN THE FIRST DEGREE
Elements: IN THE STATE OF WASHINGTON ON THE 5th DAY OF February, 2002 DID
TRAFFICK IN SHELLFISH, VALUED IN EXCESS OF $250.00, THAT HAD BEEN
ILLEGALLY HARVESTED.

This crime carries a maximum sentence of _5_ years imprisonment and a $_____ fine.
The standard range is from _0_ months to _12_ months based upon the attached stipulation as
to my criminal history.
Offense Designations:    Most Serious Offense [  ] Serious Violent [  ] Violent [  ] Non-
Violent [  ] Sex [  ] Drug [  ] Traffic [  ] (check all that apply)

6.    (b) (continued) defendant is pleading guilty to these additional counts:

| COUNT NO: | STANDARD RANGE ACTUAL CONFINEMENT (not including enhancements) | PLUS Enhancement for (F) Firearm, (D) Other Deadly weapon, (V) VUCSA in protected zone, (VH) Vehicular Homicide, See RCW 46.61.520, or (JP) Juvenile Present | TOTAL ACTUAL CONFINEMENT (standard range including enhancements) | STANDARD RANGE COMMUNITY CUSTODY (Only applicable for crimes committed on or after July 1, 2000. For crimes committed prior to July 1, 2000, see paragraph 6(f)) | MAXIMUM PENALTY |
|---|---|---|---|---|---|
| 4 | 0-12 MONTHS | | | | 5 YRS |
| 5 | 0-12 MONTHS | | | | 5 YRS |
| 6 | 0-12 MONTHS | | | | 5 YRS |
| 7 | 0-12 MONTHS | | | | 5 YRS |
| 8 | 0-12 MONTHS | | | | 5 YRS |
| 9 | 0-12 MONTHS | | | | 5 YRS |
| 10 | 0-12 MONTHS | | | | 5 YRS |
| 11 | 0-12 MONTHS | | | | 5 YRS |
| 12 | 0-12 MONTHS | | | | 5 YRS |
| 13 | 0-12 MONTHS | | | | 5 YRS |
| 14 | 0-12 MONTHS | | | | 5 YRS |
| 15 | 0-12 MONTHS | | | | 5 YRS |

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: (253) 798-7400

18206 1/4/2008 00082

254 5/5/2003 00035

| 16 | 0-12 MONTHS | | | | 5 YRS |
|----|-------------|---|---|---|-------|
| 17 | 0-12 MONTHS | | | | 5 YRS |
| 18 | 0-12 MONTHS | | | | 5 YRS |
| 19 | 0-12 MONTHS | | | | 5 YRS |
| 20 | 0-12 MONTHS | | | | 5 YRS |
| 21 | 0-12 MONTHS | | | | 5 YRS |
| 22 | 0-12 MONTHS | | | | 5 YRS |
| 23 | 0-12 MONTHS | | | | 5 YRS |
| 24 | 0-12 MONTHS | | | | 5 YRS |
| 25 | 0-12 MONTHS | | | | 5 YRS |
| 26 | 0-12 MONTHS | | | | 5 YRS |
| 27 | 0-12 MONTHS | | | | 5 YRS |
| 28 | 0-12 MONTHS | | | | 5 YRS |
| 29 | 0-12 MONTHS | | | | 5 YRS |
| 30 | 0-12 MONTHS | | | | 5 YRS |
| 31 | 0-12 MONTHS | | | | 5 YRS |
| 32 | 0-12 MONTHS | | | | 5 YRS |
| 33 | 0-12 MONTHS | | | | 5 YRS |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: (253) 798-7400

10206 1/4/2008 00083

254 5/5/2003 00036

Case Name: _Douglas J. M. Tobin_   Cause No: _02-1-01236-3_

ATTACHMENT "B"

4.      (b) (continued)  Defendant is pleading guilty to these additional counts:

Count 34: _UNLAWFULLY ENGAGE IN FISH DEALING ACTIVITY WITHOUT A LICENSE IN THE FIRST DEGREE_
        Elements: _In the state of Washington during 1/1/00 through 3/15/02 did sell shellfish (crab + geoduck), value in excess of $250°° and did not have a wholesale fish dealers license._

        This crime carries a maximum sentence of _____5_____ years imprisonment and a $_10,000_
        _____ fine. The standard range is from __0__ months to
        __12__ months based upon the attached stipulation as to my criminal history.
        Offense Designations:   Most Serious Offense[ ] Serious Violent[ ] Violent[X]Non-
                                Violent[ ] Sex[ ]  Drug[ ]  Traffic[ ] (check all that apply)

Count 35: _VIOLATION OF COMMERCIAL FISHING AREA OR TIME IN THE FIRST DEGREE._
        Elements: _In the state of Washington during 6/6/00 through 3/16/02 did knowingly, while acting for commercial purposes, take crab and geoduck value in excess of $250°° at a time and/or area that was not open to the taking of crab or geoduck for commercial purposes_

        This crime carries a maximum sentence of _5 yr._ years imprisonment and a $_10,000_
        _____ fine. The standard range is from __0__ months to
        __12__ months based upon the attached stipulation as to my criminal history.
        Offense Designations:   Most Serious Offense[ ] Serious Violent[ ] Violent[ ] Non-
                                Violent[ ] Sex[ ]  Drug[ ]  Traffic[ ] (check all that apply)

6.      (b) (continued)  Defendant is pleading guilty to these additional counts:

| COUNT NO. | STANDARD RANGE ACTUAL CONFINEMENT (not including enhancements) | PLUS Enhancement for (F) Firearm, (D) Other Deadly Weapon, (V) VUCSA in protected zone, (VH) Vehicular Homicide, See RCW 46.61.520, or (JP) Juvenile Present | TOTAL ACTUAL CONFINEMENT (standard range including enhancements) | STANDARD RANGE COMMUNITY CUSTODY (Only applicable for crimes committed on or after July 1, 2000. For crimes committed prior to July 1, 2000, see paragraph 6(f)) | MAXIMUM PENALTY |
|---|---|---|---|---|---|
| 34 | 0-12 | — | 0-12 | | 5 yrs $10,000 |
| 35 | 0-12 | — | 0-12 | | 5 yrs $10,000 |

ATTACHMENT "B"

Z-2466-11 Revised 7/1/00

10206  1/4/2008  00004
250 CR-03-2363-3?
(F+W)

(b)  The standard sentence range is based on the crime charged and my criminal history. Criminal history includes other current offenses, prior convictions and juvenile adjudications or convictions, whether in this state, in federal court, or elsewhere. [__] The parties stipulate the standard range is correct and may be relied upon.

(c)  The prosecuting attorney's statement of my criminal history is attached to this agreement. Unless I have attached a different statement, I agree that the prosecuting attorney's statement is correct and complete. If I am convicted of any additional crimes between now and the time I am sentenced, I am obligated to tell the sentencing judge about those convictions prior to being sentenced.

(d)  If I am convicted of any new crimes before sentencing, or if any additional criminal history is discovered, both the standard sentence range and the prosecuting attorney's recommendation may increase. Even so, my plea of guilty to this charge is binding upon me. I cannot change my mind if additional criminal history is discovered even though the standard sentencing range and the prosecuting attorney's recommendation increase, even if the result is a mandatory sentence of life imprisonment without the possibility of parole.

(e)  In addition to sentencing me to confinement, the judge will order me to pay $500.00 as a victim's compensation fund assessment. If this crime resulted in injury to any person or damage to or loss of property, the judge will order me to make restitution, unless extraordinary circumstances exist which make restitution inappropriate. The amount of restitution may be up to double my gain or double the victim's loss. The judge may also order that I pay a fine, court costs, attorney fees, the costs of incarceration, and other legal financial obligations.

(f)  In addition to sentencing me to confinement, the judge may order me to serve up to one year of community custody if the total period of confinement ordered is not more than 12 months. If the crime I have been convicted of falls into one of the offense types listed in the following chart, the court will sentence me to community custody for the community custody range established for that offense type unless the judge finds substantial and compelling reasons not to do so. If the period of earned release awarded per RCW 9.94A.728 (formerly RCW 9.94A.150) is longer, that will be the term of my community custody. If I have been convicted of a crime that is not listed in the chart and my sentence is more than 12 months, I will be placed on community custody for the period of earned release.

| OFFENSE TYPE | COMMUNITY CUSTODY RANGE |
|---|---|
| Crimes Against Persons as defined by RCW 9.94A.411 (formerly .440(2)) | 9 to 18 months or up to the period of earned release, whichever is longer |
| Offenses under Chapter 69.50 or 69.52 RCW (Not sentenced under RCW 9.94A.505 (formerly .120(6)) | 9 to 12 months or up to the period of earned release, whichever is longer |

During the period of community custody I will be under the supervision of the Department of Corrections, and I will have restrictions and requirements placed upon me. My failure to comply with these conditions will render me ineligible for general assistance, RCW 74.04.005(6)(h), and may result in the Department of Corrections transferring me to a more restrictive confinement status or other sanctions.

(g)  The prosecuting attorney will make the following recommendation to the judge; [__] The State and the defendant will jointly make this recommendation. *The State will request an exceptional sentence to run consecutive to cause # 02-F-01499-4.-Suf cup 110"costs - The State will request $300,000 restitution. The Defendant forfeits all property seized by the State: Typhoon + equipment, SDM + equipment, audios, whicker + equipment, trucks, fee... car parts, etc.*

(h)  The judge does not have to follow anyone's recommendation as to sentence. The judge must impose a sentence within the standard range of actual confinement and community custody unless the judge finds substantial and compelling reasons not to do so. If the judge goes outside the standard range of actual confinement and community custody, either the State or I can appeal that sentence. If the sentence is within the standard range, no one can appeal the sentence.

(i)  If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. I am [__] am not [__] a United States citizen.

(j)  I understand that I may not possess, own, or have under my control any firearm unless my right to do so is restored by a court of record and that I must immediately surrender any concealed pistol license. RCW 9.41.040.

(k)  Public assistance will be suspended during any period of imprisonment.

(l)  I understand that I will be required to have a biological sample collected for purposes of DNA identification analysis. For offenses committed on or after July 1, 2002, I will be assessed a $100 DNA collection fee.

NOTIFICATION RELATING TO SPECIFIC CRIMES: IF ANY OF THE FOLLOWING PARAGRAPHS

*(left margin handwritten) State's request on exceptional sentence will not be faced by Plaintiff 19 years our Plaintiffs*

STATEMENT OF DEFENDANT ON PLEA OF GUILTY (8-2-02)
(NON-VIOLENT CRIMES AFTER 7-1-00)                    Z-172-2

10206 1/4/2008 00085

254 5/5/2003 00036

**DO NOT APPLY, THEY SHOULD BE STRICKEN.**

(m)    The judge may sentence me as a **first-time offender** instead of giving me a sentence within the standard range if I qualify under RCW 9.94A.030.  This sentence could include as much as 90 days confinement, and up to two years of community custody, plus all of the conditions described in paragraph 5(f).  Additionally, the judge could require me to undergo treatment, to devote time to a specific occupation, and to pursue a prescribed course of study or occupational training.

(n)    If this is a crime of **domestic violence** and I, or the victim of the offense has a minor child, the court may order me to participate in a domestic violence perpetrator program approved under RCW 26.50.150.

(o)    If this crime involves a **sexual offense, prostitution, or a drug offense** associated with hypodermic needles, I will be required to undergo testing for the human immunodeficiency (AIDS) virus.

(p)    The judge may sentence me under the **special drug offender sentencing alternative (DOSA)** if I qualify under RCW 9.94A.660, formerly RCW 9.94A.120(6).  This sentence could include a period of total confinement in a state facility for one-half of the midpoint of the standard range plus all of the conditions described in paragraph 5(f).  During confinement, I will be required to undergo a comprehensive substance abuse assessment and to participate in treatment.  The judge will also impose community custody of at least one-half of the midpoint of the standard range that must include appropriate substance abuse treatment, a condition not to use illegal controlled substances, and a requirement to submit to urinalysis or other testing to monitor that status.  Additionally, the judge could prohibit me from using alcohol or controlled substances, require me to devote time to a specific employment or training, stay out of certain areas, pay thirty dollars per month to offset the cost of monitoring and require other conditions, including affirmative conditions.  For offenses committed on or after June 8, 2000, if an offender receives a DOSA sentence and then fails to complete the drug offender sentencing alternative program or is administratively reclassified by the department of corrections, the offender shall be reclassified to serve the unexpired term of the sentence as ordered by the sentencing judge and shall then be subject to a range of community custody and early release as specified in section 5(f) of the plea form.

(q)    If the judge finds that I have a **chemical dependency** that has contributed to the offense, the judge may order me to participate in rehabilitative programs or otherwise to perform affirmative conduct reasonably related to the circumstances of the crime for which I am pleading guilty.

(r)    If this crime involves the **manufacture, delivery, or unlawful possession with the intent to deliver methamphetamine** or amphetamine or unlawful possession of pseudoephedrine or anhydrous ammonia with intent to manufacture methamphetamine, a mandatory methamphetamine clean-up fine of $3,000.00 will be assessed.  RCW 69.50.401(a)(1)(ii) or RCW 69.50.440.

(s)    If this crime involves a **motor vehicle**, my driver's license or privilege to drive will be suspended or revoked.  If I have a driver's license, I must now surrender it to the judge.

(t)    I understand that the offense(s) I am pleading guilty to include a **deadly weapon or firearm enhancement.**  Deadly weapon or firearm enhancements are mandatory, they must be served in total confinement, and they must run consecutively to any other sentence and to any other deadly weapon or firearm enhancements.

(u)    I understand that the offenses I am pleading guilty to include both a conviction under RCW 9.41.040 for **unlawful possession of a firearm** in the first or second degree and one or more convictions for the felony crimes of **theft of a firearm or possession of a stolen firearm.**  The sentences imposed for these crimes shall be served **consecutively to each other.**  A consecutive sentence will also be imposed for each firearm unlawfully possessed.

(v)    I understand that if I am pleading guilty to the crime of **unlawful practices in obtaining assistance** as defined in RCW 74.08.331, no assistance payment shall be made for at least 6 months if this is my first conviction and for at least 12 months if this is my second or subsequent conviction.  This suspension of benefits will apply even if I am not incarcerated.  RCW 74.08.290.

STATEMENT OF DEFENDANT ON PLEA OF GUILTY (8-2-02)                                              Z-172-3
(NON-VIOLENT CRIMES AFTER 7-1-00)

10206 1/4/2008 00086

254 5/5/2003 00839

(w) If this crime involves a violation of the state drug laws, my eligibility for state and federal food stamps, welfare, and education benefits will be affected. 20 U.S.C. §1091(r) and 21 U.S.C.§ 826a.

6. I UNDERSTAND THAT I HAVE THE FOLLOWING IMPORTANT RIGHTS, AND I GIVE THEM ALL UP BY PLEADING GUILTY:

(a) The right to a speedy and public trial by an impartial jury in the county where the crime is alleged to have been committed;

(b) The right to remain silent before and during trial, and the right to refuse to testify against myself;

(c) The right at trial to hear and question the witnesses who testify against me;

(d) The right at trial to testify and to have witnesses testify for me. These witnesses can be made to appear at no expense to me;

(e) I am presumed innocent unless the charge is proven beyond a reasonable doubt or I enter a plea of guilty;

(f) The right to appeal a finding of guilt after a trial as well as other pretrial motions such as speedy trial challenges and suppression issues.

7. I make this plea freely and voluntarily.

8. No one has threatened harm of any kind to me or to any other person to cause me to make this plea.

10. No person has made promises of any kind to cause me to enter this plea except as set forth in this statement.

11. The ~~judge has asked~~ me to state what I did in my own words that makes me guilty of this crime. This is my statement: CT 1-33 On the dates indicated in this plea in Pierce County I unlawfully trafficked in shellfish valued in excess of $250 that had been illegally harvested. CT 34 On 1/1/00-3/4/02 in Pierce County, I unlawfully sold shellfish valued in excess of $250 without a valid wholesale dealer's license. CT 35 On 6/6/00-7/15/02 in Pierce County I took crab & geoduck for commercial purposes in excess of $250 at a time/area not open to taking.

If my statement is a Newton or Alfred Plea, I agree that the court may review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea.

12. [X] I was given a copy and I read this plea statement. [X] My lawyer read this plea statement to me. Also, my lawyer has explained to me, and we have fully discussed, all of the above paragraphs. If I have any more questions about it, I understand I can and need to ask the judge when I enter my plea of guilty.

[signature]
Defendant

I have read and discussed this statement with the defendant and believe that the defendant is competent and fully understands the statement.

[signature] 17721
Defendant's Lawyer, WSBA#

Approved for entry:

Prosecuting Attorney, WSBA#

The foregoing statement was signed by the defendant in open court in the presence of the defendant's lawyer and the undersigned judge. The court finds:

(a) [ ] The defendant had previously read the entire statement above and the defendant understood it in full; or

(b) [ ] The defendant's lawyer had previously read to him or her the entire statement above and that the defendant understood it in full; or

(c) [ ] An interpreter had previously read to the defendant the entire statement above and that the defendant understood it in full.

I find the defendant's plea of guilty to be knowingly, intelligently, and voluntarily made. Defendant understands the charges and the consequences of the plea. There is a factual basis for the plea. The defendant is guilty as charged.

Dated this 25 day of April, 2003.

[signature]
Judge

IN OPEN COURT
COPY
APR 25 2003
Pierce County Clerk
By ........ DEPUTY

10206 1/4/2008 00887

# EXHIBIT F

10206 1/4/2008 00088
229 4/13/2004 00040

FILED
DEPT. 11
IN OPEN COURT

APR 0 9 2004

Pierce County Clerk
By_____
DEPUTY

SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

| | |
|---|---|
| STATE OF WASHINGTON, | |
| Plaintiff, | CAUSE NO. 02-1-05810-0 |
| vs. | |
| DOUGLAS JOHN MARTIN TOBIN, | ORDER SETTING RESTITUTION AND DISBURSEMENT |
| Defendant. | |

THIS MATTER having come on before the undersigned judge of the above entitled court and restitution having been ordered pursuant to a criminal conviction and RCW 9.94A.753 which provides in part that restitution be ordered for easily ascertainable damage for injury or loss of property and actual expenses incurred for treatment for injury to persons and lost wages resulting from injury, but that the amount of restitution shall not exceed double the amount of the offender's gain or the victim's loss from the commission of the crime; and the files of the Prosecuting Attorney having reflected that the following persons or entities should receive restitution; Now, Therefore, IT IS HEREBY

ORDERED that restitution in the above entitled matter be, and the same is hereby set in the sum of $879,408.00 and the Clerk of the above entitled Court is hereby directed to disburse said funds as they are received in the manner following:

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: (253) 798-7400

ORDER SETTING RESTITUTION AND DISBURSEMENT-1
restord.dot

10206 1/4/2008 00089
229 4/13/2004 00041

STATE OF WASHINGTON DEPT OF NATURAL RESOURCES
AND      WA. DEPT. OF FISH AND WILDLIFE

NISQUALLY INDIAN TRIBE

SQUAXIN INDIAN TRIBE

PUYALLUP INDIAN TRIBE

DISTRIBUTION OF FUNDS WILL BE ALLOCATED
PER NEGOTIATIONS OF TRIBES AND DEPT. OF
NATURAL RESOURCES. m

DONE IN OPEN COURT this ___9___ day of ___April___, 2004.

_____
JUDGE

Presented by:

_____
TOM L. MOORE
Deputy Prosecuting Attorney
WSB # 17542

I, DOUGLAS JOHN MARTIN TOBIN, Cause No. 02-1-05810-0 being fully advised I have a
right to be brought before the Court for a full Restitution Hearing, and to have an attorney
present to represent me, and that the Court will appoint an attorney if I cannot afford one, hereby
waive these rights and agree to entry of this order.

___4/9/04___
Date

_____
Signature of Defendant

_____
Signature Witness or Attorney for Defendant

5330
DEPT. 11
FILED
IN OPEN COURT
APR 09 2004
Pierce County Clerk
By............................ DEPUTY

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: (253) 798-7400

ORDER SETTING RESTITUTION AND DISBURSEMENT-2
restord

10206  1/4/2008  00090

# EXHIBIT G

10206  1/4/2008  00091
229  4/13/2004  00016

FILED
DEPT. 11
IN OPEN COURT

APR 0 9 2004

Pierce County Clerk

By................................
DEPUTY

SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff, | CAUSE NO. 02-1-01236-3 |
| vs. | |
| DOUGLAS JOHN MARTIN TOBIN, | ORDER SETTING RESTITUTION AND DISBURSEMENT |
| Defendant. | |

THIS MATTER having come on before the undersigned judge of the above entitled court and restitution having been ordered pursuant to a criminal conviction and RCW 9.94A.753 which provides in part that restitution be ordered for easily ascertainable damage for injury or loss of property and actual expenses incurred for treatment for injury to persons and lost wages resulting from injury, but that the amount of restitution shall not exceed double the amount of the offender's gain or the victim's loss from the commission of the crime; and the files of the Prosecuting Attorney having reflected that the following persons or entities should receive restitution; Now, Therefore, IT IS HEREBY

ORDERED that restitution in the above entitled matter be, and the same is hereby set in the sum of ~~$190,000~~ $297,805?? and the Clerk of the above entitled Court is hereby directed to disburse said funds as they are received in the manner following:

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: (253) 798-7400

ORDER SETTING RESTITUTION AND DISBURSEMENT-1
restord.dot

10286  1/4/2008  00092
229  4/13/2004  00017

STATE OF WASHINGTON DEPT OF ~~NATURAL RESOURCES~~  *FiSh and Wildlife*

NISQUALLY INDIAN TRIBE

*Distribution of funds will be allocated per negotiations of Tribe and Dept. of Fish and Wildlife*

DONE IN OPEN COURT this _____ day of _____, 2004.

_____
JUDGE

Presented by:

_____
TOM L. MOORE
Deputy Prosecuting Attorney
WSB # 17542

I, DOUGLAS JOHN MARTIN TOBIN, Cause No. 02-1-01236-3 being fully advised I have a right to be brought before the Court for a full Restitution Hearing, and to have an attorney present to represent me, and that the Court will appoint an attorney if I cannot afford one, hereby waive these rights and agree to entry of this order.

_____
Date

_____
Signature of Defendant

_____
Signature Witness or Attorney for Defendant

FILED
DEPT. 11
IN OPEN COURT

APR 0 9 2004

Pierce County Clerk
By _____ DEPUTY

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: (253) 798-7400

ORDER SETTING RESTITUTION AND DISBURSEMENT - 2
restord

10286  1/4/2008  00093

# EXHIBIT H

10206 1/4/2008 00094
20026 12/11/2003 00027

ORIGINAL



FILED
DEPT. 11
IN OPEN COURT

DEC 1 0 2003

Pierce County Clerk
By.................... DEPUTY

3

4

5

6            SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

7    STATE OF WASHINGTON,

8                              Plaintiff,     CAUSE NO. 02-1-05810-0

9            vs.

     DOUGLAS JOHN MARTIN TOBIN,           STIPULATION ON FORFEITURE OF
                                          PROPERTY
10                             Defendant.

11

12        The State of Washington represented by Deputy Prosecutor Tom L. Moore and the
     defendant DOUGLAS JOHN MARTIN TOBIN represented by Attorney Allen Ressler enter into
13   the following stipulation regarding the forfeiture of property, seized pursuant to a series of search
     warrants served on March 18th, 2002. The defendant was originally served with a Notice of
14   Seizure and Intent to Forfeit Property on March 22nd, 2002, under cause number 02-1-01236-3.
     The State subsequently filed an Amended Information under this cause number charging the
15   defendant with Leading Organized Crime.
          The State and the Defendant reach the following agreement:
16        The State will release to the defendant or his representative:
          One pair of binoculars  
17   1/700  $850.00 seized from the defendant's person
          The State's lien on a 1969 Chevrolet Nova, license CV3982
18        The State's hold on two bank accounts located at Bank of America, Fife Washington,
          #16492605 and #70458401
19        Personal property found on the boat Typhoon to include, medicine bag, clothes, etc.

20

21        The rest of the property seized by the State will become the property of the State of
     Washington, Department of Fish and Wildlife, Statewide Enforcement Program. This includes
22   all property listed in the ( Attached) Notice of Intent to Forfeit, except that listed above, and any
     other property seized listed or not, to include: electronics on the boats seized, commercial fishing
23   gear, and weapons.

24

25

gencaption.dot                                    Office of the Prosecuting Attorney
                                                 930 Tacoma Avenue South, Room 946
                                                  Tacoma, Washington 98402-2171
                                                   Main Office: (253) 798-7400

10206  1/4/2008  00095
20026  12/11/2002  00029

1   Tom L. Moore, DPA, #17542

2

3   Allen Ressler, Attorney for Defendant

4

5   Douglas John Martin Tobin

6

7                          COURT ORDER
          The Court being fully advised in this matter and having reviewed the Stipulation
8   of the Parties.

9       NOW HEREFORE

10      ORDERS that the property listed above shall be forfeited to the State of Washington,
    Department of Fish and Wildlife, Statewide Enforcement Program, except that property that by
11  Stipulation is to be returned to the defendant.

12

13      DONE IN OPEN COURT this  16  day of December, 2003.

14
                                        Judge, John A. MCCarthy
15

16

17

18

19

20

21

22

23

24

25

gencaption.dot

Office of the Prosecuting Attorney
930 Tacoma Avenue South, Room 946
Tacoma, Washington 98402-2171
Main Office: (253) 798-7400

10206 1/4/2008 00096

# EXHIBIT I

10286  1/4/2008  00097

PERSONAL INVENTORY SEIZED BY THE STATE OF WASHINGTON
FROM DOUGLAS JOHN MARTIN TOBIN.
    INVENTORY LIST OF ITEMS SEIZED BY STATE OF WASHINGTON
AND NOT RETURNED PURSUANT COURT ORDER.

| ITEM | VALUE OF ITEM |
|---|---|
| 2 each. Turq Blue Sleeping Bags. | 900.00 |
| 2 each. Blu/Blk Coleman Sleeping Bages. | 300.00 |
| 2 each. Red/White pillows. | 200.00 |
| 1 each. Quilted Bed Spread | 400.00 |
| 1 each. Dark red/blue quilt. | 400.00 |
| 1 each. Green blanket. | 60.00 |
| 2 each. Tribal Quilts. | 600.00 |
| 7 each. Pillows miscellaneous. | 210.00 |
| 2 each. Bedroom pillows. | 180.00 |
| 1 each. Shave Kit. | 300.00 |
| 1 pair. Columbia Boots. | 80.00 |
| 3 each. Coats. | 600.00 |
| 2 pairs. Pants. | 120.00 |
| 5 each. Shirts | 150.00 |
| 10 each. Hats miscellaneous. | 150.00 |
| 1 each. Colt Brown Shoes. | 400.00 |
| 1 each. Coffee Maker/tea pot. | 100.00 |
| 2 each. Bib Coveralls. | 340.00 |
| 1 each. Outback Jacket. | 300.00 |
| 2 each. Eagle Feathers. (blessed by elders priceless) | 100,000.00 |
| 1 each. Medicine Bag. (gift from elders priceless) | 100,000.00 |
| 100 each. Movies VHS/DISC | 1,200.00 |
| 1 each. Glass case. | 1,700.00 |
| 1 each. Bird Guide Book. | 140.00 |
| 1 each. Garman GPS map 220 Plotter. | 1,500.00 |
| 1 set. Marine Log Sheet (can't be replaced) needs to be re-created or found for Maritime Law, and Maritime use. | 100,000.00 |

10206 1/4/2008 00098

Miscellaneous  Personal Papers, need to be Found and Returned.

| | |
|---|---|
| 1 each. Celluar Phone. | 500.00 |
| 7 each. Maritime Charts. | 1.500.00 |
| 1 each. Vessel Registrations. | 10.000.00 |
| Several. Dive Logs needs to be replaced. | 50.000.00 |
| 1 each. Video Camera. | 800.00 |
| 1 each. Night Vision Scope. | 1.500.00 |
| 1 each. Binoculars. | 3000.00 |

NOT LISTED ON ANY SEIZURES.

BOAT EQUIPMENT.
Shackles, Deck Snaps, and Hardware. All Stanless Steal.                        4000.00

DIVE GEAR.
2. Suites, Air tanks, Weight Belts, Communications Computer, Air Pumps, Hosing,
Manifolds, Com System, lines, and assessors.                        100.000.00

TOOLS.
Welder, Grinders, Cutting Torch, Wrenches,  Vice, and assorted other tools.
9000.00

2 each. Generators.                        3500.00.

For a total of  $491.400.00

        Douglas Tobin, also request that Interest on said items
be  issued  since  to  Order  of  Return  of  Property  on  December  10,
2003,  at  the  going  Rate  of  12%  as  the  State  would  collect  if  it
was Owed to the State.