CERTIFIED COPY

10292 1/8/2008 00119



07-2-12633-9   28933759   MTSMJG   01-07-08

FILED
IN COUNTY CLERK'S OFFICE
A.M.  JAN - 4 2008  P.M.
PIERCE COUNTY, WASHINGTON
KEVIN STOCK, COUNTY CLERK
BY _____ DEPUTY

IN THE SUPERIOR COURT OF WASHINGTON STATE

IN AND FOR THE COUNTY OF PIERCE.

| | | |
|---|---|---|
| DOUGLAS TOBIN, | : | NO: <u>07-2-12633-9</u> |
|     Plaintiff, | : | |
| | : | MOTION FOR SUMMERY |
|   v. | : | JUDGMENT. |
| | : | |
| STATE OF WASHINGTON, | : |   Pursuant CR. 56 (a) |
| PIERCE COUNTY, | : | |
| | : | |
|     Defendant's. | : | |

### A. RELIEF REQUESTED.

Plaintiff Douglas Tobin, moves this Court for Summery Judgment based upon the Attached Pleadings entered in the above entitled cause. Response of the Defendant's. Which proved beyond a Reasonable Doubt that there was a Breach of Contract between Plaintiff and named Defendants.

### B. STATEMENT OF FACTS.

On or about March 18, 2002, the State of Washington and the County of Pierce Seized Substantial amount of Plaintiffs Personal Property.

On December 10th, 2003, the State of Washington and the County of Pierce entered into an Agreement for

PLAINTIFFS MOTION FOR SUMMERY JUDGMENT   (1)

10292 1/8/2008 00120

1  return of Plaintiff's Personal Property. Under Cause
2  Number 02-1-005810-0.
3      Plaintiff's Daughter went to get the Said Property
4  and was Given a couple bags of Garbage. She Photographed
5  the items returned. And was told that was all of the
6  Property not knowing that the Property was kept under
7  a Different Number.
8      After several attempts to get his property back,
9  or compensation for the property. Petitioner Filed Suit.
10     Plaintiff Filed Suit against the Defendant's for
11 Breach of Contract arising out of the Fact that the
12 Defendant's did not Return the Property as Agreed to.
13 See Order of Stipulation Cause Number #02-1-005810-0.
14 In which the State of Washington Claimed to have
15 Searched, Seized, and Forfeiture, of Real Personal
16 Property taken on March 18, 2002. (see order of
17 stipulation)
18     Plaintiff claimed that the Defendant's Breached
19 that Contract that allowed Plaintiff, return of some
20 Property Seized by the State of Washington and the County
21 of Pierce on March 18th 2002. See Appendix A. Stipulation
22 of Forfeiture. Appendix B. of Items Seized. (for a more
23 detailed inventory see Defendants seizure list)
24     It should be noted that Plaintiff had Counsel during
25 those Proceedings and that there had been Bar complaints
26 against him, who was Ineffective, and did not act in

PLAINTIFFS MOTION FOR SUMMERY JUDGMENT   (2)

10292 1/8/2008 00121

1  the best interest of his Client. (this issue is another

2  suit, which can not be discussed herein)

3      Plaintiff, filed a Motion for Discovery of Documents

4  that had been denied him throughout his case when it

5  was being tried. And Defendant's have produced a

6  "affidavit in support of a search warrant". But still

7  no warrant. (The Defendants Admit No such Warrants

8  Exist.)

9      The Defendant's have Supplied Plaintiff, with

10 Evidence, and Statement that they Never had a Valid

11 Seizure under Cause Number 02-1-005810-0. Contrary to

12 the Stipulated Agreement.

13     It is the Defendant's statement that all Items

14 seized where actually under another cause number which

15 would make the agreement Null and Void and Invalidates

16 any Agreement made. Meaning that the State of Washington

17 Nor Pierce County could claim the Property by cause

18 number 02-1-005810-0.

19               C. STATEMENT OF ISSUES.

20

21 A)   WHETHER THERE WAS A SIGNED CONTRACT AGREEMENT
     BETWEEN PLAINTIFF AND DEFENDANT'S. (already admitted
22   by Defendants)

23

24 B)   WHETHER THE CONTRACT WAS BREACHED BY DEFENDANT'S.
     (failed to return property)

25

26              D. EVIDENCE RELIED UPON.

PLAINTIFFS MOTION FOR SUMMERY JUDGMENT   (3)

10292 1/8/2008 00122

a)   Plaintiff Relies on the Written Contract with the State of Washington and the County of Pierce for his Claim to Property. See Attached Stipulated Agreement. or Appendix A of Original Complaint.

b)   Plaintiff relies upon the Defendant's Admission that there was a Signed Contract between himself and the Defendant's. And

c)   Plaintiff relies upon the Admission of Defendant's. that stated "No search warrants were issued under Cause Number 02-1-005810-0,". Response page 1, lines 19-20. If there was No Search Warrant, there was no Legal bases for the Seizure under 02-1-05810-0, and No Property under that cause., and therefor, the Defendant's could not have entered into a contract under that number.

E. LEGAL AUTHORITY.

This Motion is made pursuant to CR. 56, (a) (b) provided that a Party can Motion for Summery Judgment to save time, money and Court Costs of Trial, when there is no Genuine Issues Material Facts, that the Defendant's have not already Admitted Too. Or shown in the Evidence Presented. As follows;

a)   The Agreement between the Defendant's and Plaintiff, at lines 12-13. State;

THE FOLLOWING STIPULATION REGARDING THE FORFEITURE OF PROPERTY, SEIZED PURSUANT TO A SERIES OF SEARCH WARRANTS SERVED ON MARCH 18, 2002."

PLAINTIFFS MOTION FOR SUMMERY JUDGMENT   (4)

1       By the very wording stated in the Agreement, it

2  stated there was "a series" of Search Warrants for the

3  property under Cause Number, 02-1-01236-3. And not

4  02-1-5810-0. In Which the Agreement was made.

5       In Fact and in Law there was No Search Warrants

6  issued for 02-1-05810-0. And the Agreement is based

7  upon Another Cause, and False Information as to the

8  Search Warrants by the Pierce County Prosecuting

9  Attorney's Office. (see note of address at bottom right

10 hand corner)

11      The Prosecutions placement of wrong number and

12 Information in the Agreement could and does constitute

13 Prosecution Misconduct, Bad Faith, and Fraud on the

14 part of Defendant's. Axtell v. MacRae, 133 Wash 490,

15 233 P. 934 (1925); Barr v. Interbay Citizens Bank, 96

16 Wn.2d 692, 635 P.2d 441 (1981).

17      A contract is rendered voidable when there is a

18 misrepresentation written into the contract as was done

19 herein this case. Yakama County Fire v. City of Yakima,

20 122 Wn.2d 371, 858 P.2d 245 (1993); Anthony v. Warren,

21 28 Wn.2d 773, 184 P.2d 105 (1947).

22      Here the Contract was Void by its own terms. let

23 alone the Breach of the Agreement by the Defendant's.

24 And for this Reason the Court should Grant Summery

25 Judgment.

26 b)   Plaintiff states that the Defendant's Admit there

10292 1/8/2008 00124

was a Written Contract.

At page 2 lines 22-25, of the Defendant's Answer and Affirmative Defense. They state;

> "THE DEFENDANT STATE OF WASHINGTON ADMITS THE ALLEGATION IN PARAGRAPH D,. B(2) THAT THE DEFENDANT STATE OF WASHINGTON THROUGH DEFENDANT PIERCE COUNTY ENTERED INTO A WRITTEN AGREEMENT."

Here there is not Material Factual Dispute. There was a Written Contract. Between the Plaintiff and Defendant's. Their only Defense is that they complied with the Agreement. Which was disputed. But is void now due to the Defendant's admissions as to the Agreement and No Authority in which to Seize the property.

c). The Defendants admit at page 1 of Defendant's state; "To the best of Defendant's Knowledge No such Search Warrants were issued under Pierce County Cause Number 02-1-005810-0."

Under the Laws of Search and Seizure. Seizure is accomplished under the Cause and Venue of the Number in which the charge is based. Herein, the Seizure was under 02-1-01236-4.

The Defendant's when forfeiting Plaintiff's Property, used another Cause Number in which the Property was never Transferred too, which made the Forfeiture Illegal.

As can be seen from this admission the Respondent's

PLAINTIFFS MOTION FOR SUMMERY JUDGMENT   (6)

10292 1/8/2008 00125

1   used False information in the Agreement to mislead

2   Plaintiff into signing away property seized in another

3   Case and Cause. Which makes the Agreement Invalid. for

4   the Defendants the Agreement between Plaintiff and the

5   Defendants could not have been reach.

6       Here, the Original Agreement made by the Prosecutor

7   of the county of Pierce, made an Illegal Contract, and

8   therefore, breach the contract before it was even in

9   effect.

10      The very fact that the Defendant's did not Return

11  the Property becomes a Moot point since the contract

12  was Void from the Beginning.

13      But the Fact remains that Property was Not Returned.

14  And "the Respondent's Witness Detective Volz, statement

15  that "they" returned all property, and had Signed

16  Receipts. But they did not produce the Receipt. While

17  Plaintiff, has Produce a Witness, and can produce more,

18  who were present as well as Photographs of the Items

19  that were returned.

20      Detective Volz's, in his statement is on a fishing

21  trip to support his Employer. In which he is in Error

22  of the Record, the Contract, and Agreement between

23  Plaintiff and the Defendants.

24              F. PROPOSED ORDER OF PLAINTIFF.

25      Plaintiff, asks this court for an Order that the

26  Defendant's pay Plaintiff the Requested $6.000.000.00

PLAINTIFFS MOTION FOR SUMMERY JUDGMENT   (7)

10292 1/8/2008 00126

1  Million Dollars in Damages Requested.

2     Plaintiff Purposes that the Defendnat's pay for;

3  (1) The Estimated $3.000.000.00 dollars in Real Property.

4  (2) $1.500.000.00 in Interest since the December 10,

5  2003, and

6  (3) $1.500.000.00 in other costs, attorney fees, and

7  Investigation costs, and any costs that the Court

8  believes that Plaintiff is entitled to.

9

10                  Respectfully      Submitted.

11

12  Dated this 23 day of 12 _____, 200_

13

14  DOUGLAS TOBIN #253648
   Washington correction
15  P.O. BOX 900 Cedar A-12
   Shelton, WA 98584

16

17

18

19

20  STATE OF WASHINGTON, County of Pierce
21  ss: I, Kevin Stock, Clerk of the above
   entitled Court, do hereby certify that this
22  foregoing instrument is a true and correct
   copy of the original now on file in my office.
23  IN WITNESS WHEREOF, I hereunto set my
   hand and the Seal of said Court this
24  _____ day of FEB 12 2009, 20 ___
   Kevin Stock Clerk
   By _____

25

26

PLAINTIFFS MOTION FOR SUMMERY JUDGMENT   (8)

Exhibit A-11
Page 230