10955 1/24/2008 00063

CERTIFIED COPY



07-2-12633-9  29041051  BRR  01-23-08

FILED
IN COUNTY CLERK'S OFFICE

A.M. JAN 2 3 2008 P.M.

PIERCE COUNTY WASHINGTON
KEVIN STOCK, County Clerk
BY_____ DEPUTY

Judge D. Gary Steiner
Department 10

# STATE OF WASHINGTON
# PIERCE COUNTY SUPERIOR COURT

| | |
|---|---|
| DOUGLAS TOBIN, | NO. 07-2-12633-9 |
| Plaintiff, | DEFENDANTS' REPLY BRIEF |
| v. | |
| STATE OF WASHINGTON and PIERCE COUNTY, | |
| Defendants. | |

Plaintiff has submitted what he entitles a "motion for summary judgment" and a supporting declaration. Neither document raises an issue of fact sufficient to defeat the motion for summary judgment filed by the State of Washington. The points raised in these pleadings are addressed as follows:

1. Plaintiff states that his daughter did not receive the property that he was entitled to receive from officers of the Washington State Department of Fish and Wildlife and states that no receipt was produced. (This statement is not set forth in a sworn declaration as required by CR 56 (e) but is recited in plaintiff's motion and therefore cannot be considered in opposing to a motion for summary judgment). In any case this conclusionary statement *is directly contradicted*

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

from the Declaration of Stacey Tobin, plaintiff's daughter, who testified in her declaration that she did in fact receive the personal property that her father was entitled to receive from Washington Department of Fish and Wildlife officers when she met them in January 2004. See Declaration of Stacey Tobin. See also Declarations of Charles R. Pudwill and William Jarmon Jr.

    2.    Plaintiff argues that he did not have effective counsel in the criminal cases pursued against him. Although this may be a basis to collaterally attack his criminal convictions, it is irrelevant in the present case and doesn't raise an issue of fact concerning whether or not officers of the State of Washington returned to plaintiff the property seized at the time of his arrest that he was entitled to have returned pursuant to the Stipulation on Forfeiture of Property dated December 10, 2003.

    3.    Plaintiff argues that no search warrant was issued allowing the seizure of his personal property and that only an "affidavit" was produced by the State in response to discovery in this action. This is not correct. On March 15, 2002 Judge Katherine Stoltz of the Pierce County Superior Court issued a "Search Warrant for Fruits, Instrumentalities and/or Evidence of Crime." See Exhibit A to Declaration of Charles R. Pudwill. This document was produced to plaintiff in response to discovery in this lawsuit. See Supplemental Declaration of Patricia C. Fetterly. The issuance of the search warrant coincided with the filing of the initial information in Pierce County Cause No. 02-1-01236-3 in which plaintiff was charged with numerous crimes related to the illegal harvest and sale of shellfish belonging to the State of Washington. On March 18, 2002 a bench warrant was issued for plaintiff's arrest. Plaintiff was arrested pursuant to this warrant on March 18, 2002, the same date that his personal property related to his alleged criminal activities was seized pursuant to the search warrant dated March 15, 2002. See Declaration of William Jarmon Jr. and Supplemental Declaration of Patricia C. Fetterly Plaintiff's property was in fact seized pursuant to a lawfully issued search warrant at the time of

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Exhibit A-12
Page 232

his arrest on March 18, 2002. See Declaration of William Jarmon Jr. Plaintiff was later charged in December of 2002 with additional crimes related to the illegal harvest and sale of shellfish in information filed in Pierce County Cause No. 02-1-05810-0. See Declaration of Tom L. Moore. This resulted in additional criminal charges that arose out of the same criminal investigation. It is immaterial that the search warrant was not filed in either cause number since it was lawfully issued by a judge of the Pierce County Superior Court.

4. In his guilty pleas filed in 2003 plaintiff agreed to forfeit all property received at the time of his arrest to the State of Washington. See Declaration of Tom L. Moore. On December 10, 2003 plaintiff and the State of Washington entered into a Stipulation filed in Pierce County Cause No. 02-1-05810-0 in which the State of Washington agreed to return a limited amount of personal property to plaintiff's designated representative. The items to be returned were listed in the Stipulation which referenced both Cause No. 02-1-05810-0 and Pierce County Cause No. 02-1-01236-3. The Stipulation expressly stated that "[t]he rest of the property seized by the State will become the property of the State of Washington, Department of Fish and Wildlife, Statewide Enforcement Program." See Exhibit H to Declaration of Tom L. Moore. It is undisputed that all property covered by the Stipulation has been returned to plaintiff's representatives. It is immaterial that the Stipulation allowing the return of this property was not filed in both criminal actions. It referenced both cause numbers which concerned criminal prosecutions arising out the same criminal investigation. See Declaration of William Jarmon. The fact that the Stipulation was not filed in both criminal actions does not raise a material issue of fact sufficient to defeat summary judgment in this action.

5. Plaintiff argues that the Stipulation dated December 10, 2003 is null and void because it was not based upon a search warrant issued in both actions. This argument lack merit. The Stipulation clearly refers to both cause numbers. If in fact the Stipulation is void, then all

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Exhibit A-12
Page 233

1  property remains forfeited to the State of Washington pursuant to the express terms of the please

2  bargain agreements plaintiff entered into earlier in 2003. See Declaration of Tom L. Moore.

3  The materials filed by plaintiff fail to raise a genuine issue of material fact sufficient to

4  death defendant's motion for summary judgment. Plaintiff's declaration contains much

5  speculation, inadmissible hearsay and allegations wholly irrelevant to issues raised in the State's

6  motion for summary judgment. See Defendant's Motion to Strike Declaration of Douglas Tobin.

7  It is well established that in order to defeat a motion for summary judgment the non-moving

8  party cannot rely on allegations and speculation but must come forward with admissible evidence

9  in the form of sworn testimony demonstrating that a genuine issue of material fact exists. Such

10  declarations must be based upon personal knowledge, be admissible at trial and not merely rely

11  on conclusory allegations, speculative statements or argumentative assertions. *Grimwood v.*

12  *University of Puget Sound,* 110 Wn.2d 355, 753 P.2d 517 (1988). In the present case the

13  material facts are undisputed. All property seized at the time of plaintiff's arrest in March of

14  2002 that he was entitled to have returned to him as been returned. The motion for summary

15  judgment of the State of Washington should be granted. Plaintiff's complaint should be

16  dismissed.

17

18  DATED this ___18___ day of January 2008.

19

20  ROBERT M. MCKENNA
    Attorney General

21

22  PATRICIA FETTERLY, WSBA No. 8425
    Assistant Attorney General

23  STATE OF WASHINGTON, County of Pierce
    ss: I, Kevin Stock, Clerk of the above
24  entitled Court, do hereby certify that this
    foregoing instrument is a true and correct
25  copy of the original now on file in my office.
    IN WITNESS WHEREOF, I hereunto set my
    hand and the Seal of said Court, this
26  ____ day of FEB 12 2009, 20 ____
    Kevin Stock, Clerk
    By _____ Deputy

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I certify that I caused to be served a copy of this document on all parties or their counsel of |
| 3 | record on the date below as follows: |
| 4 | ☐ US Mail Postage Prepaid via Consolidated Mail Service |
| 5 | ☐ ABC/Legal Messenger |
| 6 | ☐ State Campus Delivery |
| 7 | ☐ Hand delivered by _____ |
| 8 | I certify under penalty of perjury under the laws of the state of Washington that the |
| 9 | foregoing is true and correct. |
| 10 | DATED this 22nd day of January, 2008, at Tumwater, WA. |

*[signature]*
LAUREL B. DeFOREST

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Exhibit A-12
Page 235