UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOUGLAS JOHN MARTIN TOBIN,

                Plaintiff,

   v.

STATE OF WASHINGTON AND PIERCE COUNTY,

                Defendants.

No. 08-5591RJB/JRC

REPORT AND RECOMMENDATION

NOTED FOR:
April 24, 2009

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff paid the filing fee and is not proceeding *in forma pauperis.* Before the court is a motion for summary judgment filed by one of the defendants, the State of Washington (Dkt. # 12). The Plaintiff has responded (Dkt. # 14).

Report and Recommendation- 1

Defendant has replied (Dkt. # 15). This matter is ripe for a Report and Recommendation as to the State of Washington's motion.

There is nothing in the record to indicate that the other defendant, Pierce County, has been properly served. A separate Order to Show Cause will be sent addressing the issue of service of process on Pierce County.

Having reviewed the motion for summary judgment, the response, the reply, the complaint, and the remainder of the file, this court recommends that the State of Washington should be DISMISSED WITH PREJUDICE from this action. The basis for the recommendation is *res judicata* and Eleventh Amendment immunity. This dismissal would not count as a strike pursuant to 28 U.S.C. 1915(g) because plaintiff is not proceeding *in forma pauperis* (Dkt. # 1(Receipt # T-4521)).

## FACTS

The following facts are taken from the motion for summary judgment, (Dkt # 12), and the declaration of Patricia C. Fetterly, with attached exhibits (Dkt. # 13).

Plaintiff owned and operated a commercial fishing vessel and a seafood processing facility. He was arrested by State of Washington Fish and Wildlife officers on March 18, 2002. His arrest followed a lengthy investigation into the illegal harvesting and sale of geoduck and crab. The illegal operation was large scale.

Pursuant to a search warrant, officers seized personal property from plaintiff's home, his place of business, and from a commercial fishing vessel. Defendant summarizes the property taken as follows:

> At the time of arrest, Washington State Department of Fish and Wildlife officers seized numerous items of personal property used in plaintiff's suspected illegal operations. This property included a 42 foot commercial fishing vessel known as the "Typhoon," the vessel registration, maintenance books, all engines, compressors and

Report and Recommendation- 2

equipment related to the vessel, personal property located on the vessel including diving logs, an underwater video camera, a night vision scope, binoculars, a GPS plotter, numerous log sheets, a cellular telephone, photographs, shellfish business licenses, fish tickets, drawings of South Puget Sound waterways, maritime charts and items of miscellaneous personal property kept on the Typhoon including bedding clothing and other items of personal property. Additional property seized included several motor vehicles, two other vessels, and two bank accounts located at Bank of America and other property. All property seized was subject to a notice of forfeiture filed pursuant to RCW 9A.82.120 in Pierce County Cause No. 02-1-01236-3 ON[sic] March 25, 2002 and March 29, 2002. In these notices of forfeiture the State of Washington claimed restitution damages in excess of $3,000,000. Declaration of Tom L. Moore, Exhibit A-7 to Declaration of Patricia C. Fetterly.

(Dkt. # 12, pages 3 and 4). Plaintiff was charged with numerous alleged crimes. On April 25, 2003, he entered pleas to one count of first degree theft on Pierce County Cause No. 02-1-01236-3 and several misdemeanor charges under Pierce County Cause No. 02-1-05810-0, there was also a firearm enhancement under another cause number.

Under the terms of the plea agreement the prosecutor asked for an exceptional sentence of 168 months incarceration. In the agreement, plaintiff agreed that all property seized by the State would be forfeited to the State of Washington. It was further agreed that the State would pursue restitution in excess of $1,200,000.00. (Dkt. # 13, Exhibit A-7 Statement of Defendant on Plea of Guilty, (page 169 of the Exhibits attached to the declaration of Patricia Fetterly)).

On December 10, 2003, the Pierce County Prosecutor and plaintiff entered into a stipulated agreement regarding forfeited property. Under this agreement certain items were to be returned to plaintiff. The items to be returned included certain personal property from the Typhoon including a medicine bag, eagle feathers, clothing, bedding and $1,700 dollars in cash. The agreement also called for the State to release a lien against a 1969 Chevrolet Nova and two bank accounts located at Bank of America. The stipulation stated:

> The rest of the property seized by the State will become the property of the State of Washington, Department of Fish and Wildlife, Statewide Enforcement Program. This includes all property listed in the (Attached) notice of Intent To Forfeit except that listed

Report and Recommendation- 3

above, and any property seized listed or not, to include: electronics on the boats seized, commercial fishing gear and weapons.

(Dkt. # 13, Exhibit A-7). On that same day, December 10, 2003, according to Deputy Prosecuting Attorney Tom L. Moore, the $1,700 was thereafter returned to plaintiff's attorney and the liens on the car and bank accounts were released. *Id*. at 6.

According to a declaration signed by Stacey Tobin, plaintiff's daughter, Ms. Tobin acknowledges that on January 16, 2004, she received certain personal property from the Typhoon on behalf of her father. She details what items she received in an inventory attached to her declaration (Dkt. # 13, Declaration of Patricia Fetterly, Exhibit A-8).

Almost a year later, on April 9, 2004 the Superior Court issued Restitution Orders against plaintiff of over $1,000,000.00 (Dkt. # 13, Exhibit A-7 Exhibits F and G). This restitution was split among the State, County, and Indian Tribes.

Plaintiff appealed the award of restitution arguing the wrong cause number appeared on certain documents rendering the seizures invalid. The appeal was rejected and the award was affirmed by the Washington State Supreme Court. State v. Tobin, 161 Wn.2d 517, 166 P.3d 1167 (2007).

Over three years later, on October 1, 2007, Plaintiff filed an action against the State of Washington and Pierce County in state court seeking civil damages claiming the State of Washington and Pierce County had wrongfully seized his property. He alleged that the State breached its contract by retaining his property (Dkt. # 13, Exhibit A-1).

The State answered the state civil complaint and alleged that it had fully complied with the terms of the stipulated agreement. The State also raised the affirmative defense of the statute of limitations and argued that the proper limitation period for the claim was the two-year limitation period for a claim involving return of property forfeited (Dkt. # 13, Exhibit A-2).

Report and Recommendation- 4

The State moved for summary judgment and that motion was granted on February 15, 2008 (Dkt. # 13, Exhibit A-14). The order granting summary judgment does not set forth the grounds for the dismissal. Plaintiff appealed, but did not perfect the record for an appeal and the appeal was dismissed on June 26, 2008 (Dkt. # 13, Exhibit 15 B-2). There is nothing in the record before this court to show that Pierce County was served or appeared in the state action.

On October 2, 2008, plaintiff filed his Federal Civil Rights Action (Dkt # 1). The State argues that the action is identical to the state civil action filed in Pierce County Superior Court under Cause No. 07-2-12633-9. The State provides a copy of the Pierce County complaint (Dkt # 13, Exhibit A-1). In the motion for summary judgment the State argues that this action fails for a number of reasons: (1) That it is not a "person" for the purposes of 42 U.S.C. § 1983, (2) that breach of contract is not a recognized cause of action under 42 U.S.C. § 1983, and (3) that this action is barred by application of the doctrine of *res judicata*.

Mr. Tobin acknowledges filing a prior action in the complaint. He contends that the action was erroneously dismissed (Dkt. # 1 page 2). The court has examined the complaint filed in Pierce County Superior Court against the complaint filed in Federal Court and, although they are worded slightly differently, the claims are substantially the same. In both cases, plaintiff is asking for damages for the alleged failure of the defendants to return to him property that he believes rightfully belongs to him. It is undisputed that it is the same property (Dkt. # 1, complaint and Dkt. # 13, Exhibit A-1, Pierce County Superior Court complaint).

In his response to the motion for summary judgment plaintiff argues many issues that could properly have been raised at the Superior Court proceeding but were not, and other issues that were raised at the Superior Court level, and were rejected by the Court. Among other things he contends that there are disputed facts regarding the statute of limitations, that a different

Report and Recommendation- 5

statute of limitations should apply, and that there was a breach of the agreement for the return of property (Dkt. # 14, pages 1 to 4), and that the seizure was improper because the cause numbers on warrants were incorrect (Dkt. # 14, page 5). In addition, plaintiff seeks to collaterally challenge his plea agreement and raise questions of tribal jurisdiction, and treaty rights (Dkt. # 14, pages 4 and 5).

In direct response to this motion, Plaintiff argues that the State of Washington is a "person" because it has waived immunity for tort actions (Dkt. # 14, page 6). He also argues the doctrine of r*es judicata* does not apply because the ruling of the Superior Court was not "on the merits", and that the court was hostile to him.

Defendant State of Washington replies noting that even if a court is hostile to a party, this by itself does not defeat the doctrine of *res judicata*. Defendant also notes that plaintiff does not submit evidence regarding his contention that there are facts in dispute.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant

Report and Recommendation- 6

probative evidence, not simply "some metaphysical doubt."). *See also*, Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, supra, 809 F.2d 626, 630 (9th Cir. 1987).

The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradict facts specifically attested by the moving party. *Id.*

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630 (relying on Anderson, *supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

A. *Res judicata*.

In order to bar a later suit under the doctrine of *res judicata*, an adjudication must (1) involve the same claim as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies. Blonder-Tongue Laboratories v. Univ. of Ill. Found., 402 U.S. 313, 323-24 (1971); Davis Wright & Jones v. National Union Fire Ins. Co., 709 F. Supp. 196 (W.D.Wa.1989), *aff'd*, 897 F.2d 1021 (9th Cir.1990).

Here the claims are the same although the complaints contain different wording (Dkt. # 1 and Dkt. # 13, Exhibit A-1). The state court had issued a Summary Judgment Order and entered a final judgment. Although the state court action appears to be based on the legal theory of

Report and Recommendation- 7

breach of contract and the instant case is based on the legal theory of § 1983, both cases are grounded on the identical facts. The identical property at issue in the state court actions is the subject of the current action. Although plaintiff alleges breach of contract in both cases, in the present case he argues that this also constitutes a violation of § 1983. He provides no explanation why §1983 was not raised in the previous case. In this circumstance, courts have previously concluded that *res judicata* bars a litigant from relitigating the same facts in a second action. Even if the causes of action may be different, when they arise out of the same facts, *res judicata* bars the cause of action. Therefore, the complaint should be dismissed. *See, e.g.,* Robi v. Five Platters, Inc., 838 F.2d 318, 324 (9th Cir. 1988); United States v. Rayonier, Inc., 627 F.2d 996, 1002 (9th Cir. 1980).

The Federal Court gives the state court adjudication full faith and credit as a final adjudication of the claims raised in this complaint. Therefore, the doctrine of *res judicata* would dictate that plaintiff would not have the right to raise the same claims again. The court recommends the State of Washington be DISMISSED WITH PREJUDICE on the basis of *res judicata.*

    B. Eleventh Amendment.

Additionally, the Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent. *See* Seminole Tribe of Florida v. Florida 517 U.S. 44, 68 (1996); Natural Resources Defense Council v. California Dep't of Transportation, 96 F.3d 420, 421 (9th Cir. 1996). Eleventh Amendment immunity is not automatically waived in actions brought under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332 (1979). Washington has not waived the protection of the Eleventh Amendment for actions

brought under 42 U.S.C. § 1983 by allowing itself to be sued in state court for tort actions. Edgar v. State, 92 Wn.2d 217, 595 P.2d 534 (1979).

Thus, the State of Washington is immune from suit under 42 U.S.C. § 1983. Therefore, in addition to the previous grounds for dismissal, the court recommends that the State of Washington be DISMISSED WITH PREJUDICE as immune from suit in this case.

## CONCLUSION

This Court recommends that the State of Washington be **DISMISSED WITH PREDUDICE** from this action. The claims in this action are subject to the defense of *res judicata* because they were litigated and lost on the merits in Pierce County Superior Court. Additionally, the State of Washington is immune under 42 U.S.C. §1983 and the waiver of sovereign immunity for tort liability found in Washington State law does not extend to federal civil rights actions.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 24, 2009,** as noted in the caption.

DATED this 1st day of April, 2009.

J. Richard Creatura
United States Magistrate Judge

Report and Recommendation- 9