

08-CV-05591-EXH

IN THE SUPERIOR COURT OF WASHINGTON

IN AND FOR PIERCE COUNTY.

| | |
|---|---|
| STATE OF WASHINGTON, | NO: 02-1-05810-0 |
| Plaintiff, | |
| V. | MOTION TO TERMINATE ORDER OF THE COURT FOR FAILURE TO COMPLY WITH COURT ORDER. |
| DOUGLAS JOHN MARTIN TOBIN, | |
| Defendant, | PURSUANT CR 60. (4)(5)(6). CrR 2.3 (e) |

### A. IDENTITY OF PARTY.

Comes now the Defendant, Douglas John Martin Tobin by and through Pro Se an incarcerated Inmate, with Co-Counsel Kenneth Kessler, #4721. 6626 Tacoma Mall Blvd Ste. B. Tacoma, Washington. and asks this Court for the Relief Designated in Part B. of this Motion.

### B. RELIEF SOUGHT.

Defendant asks this Court for Return of his Property. Including Property Forfeited under the Agreement. Due to the Fact that the State has Failed to comply with the Courts Order of December 10, 2003.

In the Alternative Defendant asks this Court to Vacate the Proceedings and Order the State to Return All Seized Property. Including the Boat Typhoon, and the Property that was Seized at Defendants Residence or Business to be Returned to Defendant at the close

MOTION TO TERMINATE ORDER/AGREEMENT       (1)

of the Proceedings of this Hearing.

### C. BRIEF STATEMENT OF FACTS.

Defendant was convicted of the Theft of Shell Fish and Crab in Tribal Waters of Puget Sound.

The State Seized Defendants $2.000.000.00 Million Dollar Boat and $491.400.00 Dollars of Personal Property on board the Boat, (see attached list) As well as Personal Property from Defendants Home and Business, valued at an estimated $200.000.00 Thousand Dollars.

After the Court concluded its hearing on the Matters of Property, the State Claimed the Boat, but Agreed to Return Personal property. And it was so Ordered by the Pierce County Court of December 10, 2003.

As of the Date of this Motion the State has yet to Comply with the Order to Return the Personal property. Defendant's Daughter Stacy Tobin has made attempts to collect the property only to be told that the Property does not exist. Or it was Seized. Defendant's, Daughter was able to get only "Rotted Food Items" that were Returned. This was Witnessed by Counsel. And witness'.

Defendant turned in a Claim for the Missing property. But the Claim was Denied by the State of Washington because it they believe it was "Time Bared" even though it was under Written Contract, and an Active Case. Which had no time limit.

Now Defendant must come before the Court to Request

that the State now Replace All Items. And not just the Items in the Agreement. For All belonged to Defendant. of which were Illegally Seized. (State has not produce or provided for Seizure of the Boats in Quartermaster Harbor in King County.)

## D. REASONS FOR GRANTING.

### 1. COURTS AUTHORITY.

The Trial Court has Authority to Vacate any Judgment or Order it enters when that Order is Violated. CR. 60 (4), (5) and (6), and Under CrR 2.3 (e).

Pursuant CrR 2.3, CR 64, A defendant can petition for independent action. Further, CR 60 (11) give the Court Power to Entertain this Motion based upon "any other reason justifying relief from operation of the judgment."

Herein, this case, the Court Order of December 10th 2003, held that Defendant was to have all personal Effects, and Property Seized by the State Returned to him.

As per the Order, Defendant was Entitled to his Property. And the State of Washington has Violated that Order, by not returning his Property.

Per the Law, the Court must hold hearings to determine "if" and "who" violated the Agreement per, CrR 2.3 (e). State v. Card, 48 Wn.App. 781, 782 741 P.2d

65 (1987); <u>Schilliberg v. Everett Dist Court.</u>, 90 Wn.2d 794, 585 P.2d 1177 (1978).

## 2. FAILURE TO COMPLY.

The State has Failed to comply with the Court Order of December 10th 2003. This is a Denial of Defendant's Constitutional Rights to have back his Personal Property which was Agreed to by the State and the Court. The Violation of the IV Amendment to the United States Constitution requires that the Court Comply with its Rules, and the Constitution when making rulings. Here Defendant is being Denied his Rights.

Under the Laws of the State of Washington the State is required to return all property that is claimed and ordered by the Court. <u>Tellevik v. Real Property</u>, 120 Wn.2d 68, 838 P.2d 111 (1993); <u>Tellevik II</u>, 125 Wn.2d 364, 884 P.2d 1319 (1994).

When the Government does not follow statutory procedures the government is <u>estopped</u> from proceedings in any forfeiture action. <u>State v. Alaway</u>, 64 Wn.App. 796, 799-802 828 P.2d 591 (1992).

CrR 2.3(e) controls the Court and the State when the Court Orders Return of Property. And it clearly states that the Property <u>Shall</u> be returned. <u>State v. Alaway</u>, 798. <u>State v. Card</u>, 48 Wn.App. 781, 741 P.2d 65 (1987).

## 3. WRITTEN CONTRACT.

A Plea, or Stipulation in a criminal Proceeding

MOTION TO TERMINATE ORDER/AGREEMENT (4)

that are based upon a Plea Agreements are Contracts, and basic principle of laws of contract law apply State v. Sledge, 133 Wn.2d 828, 838-39, 947 P.2d 1199 (1997). Among those principles is that both parties has an Implied duty of Good Faith and fair Dealings. Sledge at 839. Further, "the Constitutional due process considerations apply to plea agreements because fundamental rights of criminal defendants are involved." sledge at 839.

The guiding objective in interpreting a contract is to determine the parties' intent. Berg v. Hudesman, 115 Wn.2d 657, 663, 801 P.2d 222 (1999)

Once entered by the court, a plea agreement creates a right analogous to a contract right and is binding prosecutor. State v. Hall, 104 Wn.2d 486, 706 P.2d 1074 (1985); In Re Palodichuk, 22 Wn.App. 107, 589 P.2d 269 (1978); State v. Schaupp, 111 Wn.2d 34, 38, 757 P.2d 970 (1988).

This Court Signed the Agreement to Return Defendants Property. And the Prosecution, State, and W.D.F. have Failed to follow the Order of the Court. And Defendant was Entitled to his Property. And now Defendant asks for All of his Property to be Returned due to the Fundamental Violations of Defendants Fourth, and Fourteenth Amendment Rights.

MOTION TO TERMINATE ORDER/AGREEMENT (5)

## 4. BREACH OF PLEA

As can be seen in the Courts order of December 10th, and the Attached Personal Property Lists, Defendant was Supposed to have all Property Returned to him. This would be Error of the State. because it is their duty to up hold Plea Agreements. Santonello v. New York, 404 U.S. 2577, 262, 92 S.Ct. 495 (1971); State v. Tourtellotte, 88 Wn.2d 579, 584, 564 P.2d 799 (1977); State v. Van Buren, 101 Wn.App. 206, 2 P.3d 991 (2000) If this Court Fails to Up Hold its Prior Decision and Agreement Order, then it will be the Duty of this Court to Withdraw the Plea, and All Orders entered in Cause Number 02-1-05810-0. For the Failure of the Prosecution/State to comply with the Agreement is a Breach of the Plea in which Defendant has a implicit Constitutional Rights to. State v. Walsh, 143 Wn.2d 1, 4, 17 P.3d 591 (2001); In Re Montoya, 109 Wn.2d 270, 277, 744 P.2d 340 (1987) Due process holds the prosecution to the agreements. Here they have not honored the Agreement.

## 5. TIME LIMITATIONS.

In this Case there is no question that the Order of the Court is a Bidding Contract with the State of Washington. And under RCW 4.16.040 (1) Actions Limited to Six Years. "An Actions upon a contract in writing, or liability express or implied arising out of a written agreement."

Here, the Written Agreement was Barely 3 years and Allowable under the Washington State Laws of Written Contract Laws, and that of Plea Agreements of CrR 7.8, RCW 10.73.090, and RCW 4.16.040.

The Agreement between Defendant and the State concerning his Plea, and the Return of his Property where in-fact Contracts to a case that is Not Final or Under mandate of the Courts. Which therefore, allow Defendant to bring forth his Motion.

The Washington State Supreme Court, and the Washington State Courts of Appeals have all held that Failure to Correct a "Breach in the Plea Bargain by the Prosecution" the Court has only Two (2) Remedies. (1) Grant the Defendants Request under the Agreement. or (2) Vacate all matters underlying the Plea and the Deals made therein. State v. Wakefield, 130 Wn.2d 464, 472, 925 P.2d 183 (1996); State v. Jorde, 93 Wn.App. 774, 780, 970 P.2d 781 (1999); State v. Tolley, 134 Wn.2d 176, 183, 949 P.2d 358 (1998).

Defendants have a Constitutional Right to have the State adhere to its terms by recommendations and agreed upon decisions taken in good faith by the Defendant. And is a Manifest Injustice which mandates reversal of the plea. CrR 4.2 (f). State v. Sledge, 133 Wn.2d 828, 838, 947 P.2d 1199 (1997) State v. Williams, 103 Wn.App. 231, 235, 11 P.3d 878 (2000).

## E. CONCLUSION.

Through the Attached Plea Agreements, and the Attached Exhibits, and Court Records. Defendant has shown that the State/Prosecution has violated the Plea Agreements, and Agreements on Return of Property that the State/Prosecution made into Contracts, and has Deprived Defendant of fulfillment of those Agreements by its failure to Return the Seized Property by the State/Prosecution, and then Denying Defendants claim to his Property and or Compensation for the Lost Property.

Respectfully Submitted.

Dated this 21, day of May, 2007

Douglas John Martin Tobin #253648
Washington Correction center
P.O. BOX 900 Cedar A-12
Shelton, WA 98584

IN THE SUPERIOR COURT OF WASHINGTON

FOR PIERCE COUNTY

| | | |
|---|---|---|
| STATE OF WASHINGTON, | : | NO: 02-1-05810-0 |
| Plaintiff, | : | |
| | : | AFFIDAVIT OF: |
| v. | : | DOUGLAS TOBIN IN |
| | : | IN SUPPORT OF MOTION. |
| DOUGLAS JOHN MARTIN TOBIN, | : | |
| Defendant, | : | |

COMES NOW THE DEFENDANT Douglas John Martin Tobin, and swears that he is the Defendant named above, and that the following is true and correct.

1. That I am the Defendant in this cause of action.

2. That the Court Ordered that I receive and the State Agreed to Return my Personal Property taken from King County, Pierce County, and Thurston County.

3. That I sent my Daughter Stacy Tobin retrieve my Property from Pierce County, and the State of Washington.

4. That when she went to get my Property that was Order by the Court. She was told that All my Property was Seized. or Did not Exist.

5. That the Property that was Returned was a Garbage bag of Rotten Food stuffs. And nothing more.

6. This was witnessed by (a) Destery Schatz. (b) Brian Tobin. (c) Marie Tobin. and (d) Gay Booth. Each can be called for their testimony.

7. That the value of my Property is estimated at $491.000.00 Dollars. This does not take into consideration Interest on my Property.

8. That, the State has failed to Comply with the Agreement.

9. That I know I am entitled to my Property or Compensation for my Loss.

10. That with the State failing to honor the Agreement.

AFFIDAVIT IN SUPPORT OF MOTION        (1)

That **now** want All of my Property returned which is listed in the Seizure List.

11. That the Seizure of my Boat, and All Related Items be Returned as they were Seized, as well as All personal Items lost.

12. That the Total Amount now due to Loss, is $2.491.000.00.00 Dollars. Or my Property. Which ever the State wishes to give. This is $500.000.00 Dollars less than the States Estimated value of the Property. Who claimed a Value of $3.000.000.00 million Dollars. See Notice of Lien.

I swear under the Penalty of perjury that the aforementioned is true and correct as to the record of the court, and the witness's therein.

Douglas John Martin Tobin

Respectfully Submitted.

Dated this 21, day of May, 2007

Douglas John Martin Tobin #253648
Washington Correction center
P.O. BOX 900 Cedar A-12
Shelton, WA 98584

AFFIDAVIT IN SUPPORT OF MOTION        (2)

```
                                                    4/28/2003 14:56 00006
```

|||| OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

FILED IN OPEN COURT CDPJ
APR 25 2003
Pierce County Clerk
By _____ DEPUTY

STATE OF WASHINGTON,

    Plaintiff,

vs.

DOUGLAS JOHN MARTIN TOBIN

    Defendant.

CAUSE NO. 02-1-05810-0

PROSECUTOR'S STATEMENT REGARDING AMENDED INFORMATION

APR 28 2003

The State requests the Court to consider accepting a plea to the filing of an Amended Information pursuant to RCW 9.94A.090 for the following reasons: The defendant was originally charged with Leading Organized Crime (1), Trafficking in Stolen Property 1° (10), Theft 1° (27), and Conspiracy Theft 1°. State is amending to 1 count Theft 1° which includes entire time period and will be requesting an exceptional sentence and restitution of 1.2 million dollars —

____ This is a drug case and there is no victim.

____ There is no victim.

    WDFW + DNR
✓ The victim has been notified of the amended Information.

____ The victim has not been notified of the amended Information.

4/21/03
Date

_____
DEPUTY PROSECUTING ATTORNEY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | |
| Respondent, | No. 37459-5-II |
| v. | |
| DOUGLAS TOBIN, | CONDITIONAL RULING OF DISMISSAL |
| Appellant. | |

THIS MATTER comes before the undersigned upon a motion by the clerk of this court to dismiss the above-entitled appeal for failure to file the statement of arrangements and designation of clerks papers, due since May 15, 2008. It appears that dismissal is warranted, but that a brief grace period is also warranted. Accordingly, it is

ORDERED that the above-entitled appeal will be dismissed without further notice unless the statement of arrangements and designation of clerks papers and any previously imposed sanctions are on file with the Clerk before the close of business on June 11, 2008.

DATED this 27th day of May, 2008.

_____
COURT COMMISSIONER

Kathleen Proctor
Pierce County Prosecuting Atty Ofc
930 Tacoma Ave S Rm 946
Tacoma, WA, 98402-2171

Douglas Tobin
DOC# 253648
Washington Correction Center
P. O. Box 900 A-12
Shelton, WA, 98584

Douglas Tobin
253648 PO Box 900 A-12
WA Corr Ctr
Shelton, WA, 98584

IN THE COURT OF APPEALS
DIVISION II.

DOUGLAS JOHN MARTIN TOBIN,   NO: 37459-5-II.
                             NO: 07-2-12633-9
        Plaintiff,
                             MOTION TO WITHDRAW APPEAL
        v.

PIERCE COUNTY, &
STATE OF WASHINGTON.

        Defendants,

A. IDENTITY OF PARTY.

COMES NOW THE Plaintiff Douglas John Martin Tobin, by and through Pro Se, and Incarcerated Inmate and seeks the relief in Section B.

B. RELIEF REQUESTED.

Plaintiff asks this Court to Allow him to Withdraw his Suit Against the Defendants. And Refund whatever portion of the Filing Fees are left to him.

C. STATEMENT OF FACTS.

Plaintiff filed a Direct Appeal of the Pierce County Superior Courts Decision of Denial in his 42 U.S.C. 1983. Which he has never received from that court.

When Plaintiff filed his Appeal, he filed a Proper

MOTION TO WITHDRAW    (1)

| | |
|---|---|
| 1 | Motion for Production of the Court Records. The Court |
| 2 | Clerk had the Transcripts made but nothing else. |
| 3 |     This Court has treated Plaintiff with Hostilities, |
| 4 | and Denial of Due Process to a Pro Se Plaintiff. |
| 5 |     And now Plaintiff seeks to remove himself from this |
| 6 | Court. |
| 7 | D. REASONS FOR GRANTING. |
| 8 |     Plaintiff, filed with this Court his Notice of Appeal, |
| 9 | paid the filing fee. An Proper Papers to receive the |
| 10 | Records of the Court. |
| 11 |     And since that time Plaintiff has had to deal with |
| 12 | "Inaction" by the Pierce County Court Clerk. Who had the |
| 13 | Transcript Transcribed. And nothing Else. He has not even |
| 14 | sent Plaintiff a Formal Notice of the trial Courts |
| 15 | Decision. Or any Correspondence as to Why the Record has |
| 16 | not been sent. |
| 17 |     Further, this Court threatens Plaintiff with Sanctions |
| 18 | due to Pierce Court Clerk Keven Stocks failure to Comply |
| 19 | with Written Court Rules, and Repeated Requests for the |
| 20 | Record. |
| 21 |     Plaintiff, has had to deal with the Trial Court |
| 22 | not Ruling as to One of the Defendants (Pierce County). |
| 23 | Clerks changing Parties, Changing Defendants, and a plain |
| 24 | simple denial of Due Process. |
| 25 |     Under the Rules of 42 U.S.C. § 1983. Plaintiff |
| 26 | Exhausted his State Remiedies when his Tort Claim was |

Denied. But believed that the Trial Court would have a Chance to Correct their Errors. And since that time, Plaintiff has only meet with Hostilities in the State Courts. Therefor, Plaintiff will take his Issues to the United States District Court. Where a Pro Se Plaintiff is not treated so harshly. And Allowed access to the Court without interference from a Court Clerk who has refused to follow Court Procedures.

CONCLUSION.

Plaintiff, respectfully asks this Court to Grant his Withdrawal from this Court, and a Refund of any monies not actually used by the Court.

Respectfully Submitted.

Dated this ___ day of _____, 2008

Douglas Tobin #253648
Washington correction center
P.O. BOX 900 Cedar Hall A-12
Shelton, WA 98584.

IN THE SUPERIOR COURT OF WASHINGTON

IN AND FOR PIERCE COUNTY.

| | |
|---|---|
| DOUGLAS TOBIN, | NO: _____ |
| Plaintiff, | |
| V | CLAIM FOR DAMAGES |
| | PURSUANT RCW 4.92.020 |
| STATE OF WASHINGTON | 42 U.S.C. 1983 |
| PIERCE COUNTY, | |
| Defendants, | |

## A. IDENTITY OF PARTY.

COMES NOW THE PLAINTIFF, Douglas John Martin Tobin . and makes the following Claim against the State of Washington and the County of Pierce.

## B. JURISDICTION AND VENUE.

Jurisdiction and Venue in this case is brought forth pursuant to RCW 4.92,010., and RCW 4.96.010.

The County of Pierce, and the State of Washington itself are named as Defendant's for actions caused under the Color of Law of the State.

## C. BACKGROUND FACTS.

Plaintiff, as part of a Prior Agreement with the State of Washington and the County of Pierce was to receive Personal Property that was Seized by the State. See attached List of Personal Property. Appendix B.

The Property was not Returned and is still Retained by the State of Washington.

Plaintiff presented his Claim to the Washington State Risk Management Department. Who would not Honor a Claim for Damages.

Further, the Actions of the State of Washington, Pierce county, and the Risk Management all have Violated a Court Order of the Pierce County Court to return said Property in which Plaintiff has a Liberty Interest therein. See Attached Appendix A.

The Failure of the State of Washington and Pierce County Constitute Breach of Contract. Thus making the Breach of Agreement to the Original Agreement and under Washington Law Plaintiff entitled to either Enforcement of the Agreement or rendering the Proceeding null and void.

## D. CLAIMS AND CAUSE OF ACTION.

A.  PLAINTIFF.

1) The Plaintiff, Douglas John Martin Tobin, is the Plaintiff, And resides in the State of Washington. His Address is:


B.  DEFENDANTS.

2) The Defendant's, the State of Washington, and the County of Pierce Entered into a Written Agreement with

Plaintiff to Return Personal Property of Plaintiff.

3) The Defendant's are Represented by the Attorney General of Washington State pursuant to RCW 4.92.010. And their address is;

ATTORNEY GENERAL
ROB M. McKENNA
1125 Washington Street
P.O. BOX 40100
Olympia, Washington 98504-0100

4) Plaintiff was prosecuted by the Pierce Court Superior Court for Theft.

5) Plaintiff's Personal Property was Seized by Defendant Pierce County while acting for the State of Washington on March 18, 2002 in a Criminal Matter.

6) The Property Seized by the County of Pierce for the State of Washington was estimated to be Over $3.000.000.00 Million Dollars. (see attached Appendix C. estimate sheet by Prosecuting attorney Moore)

7) Plaintiff was by Agreement Granted Return of His Personal Property which was Seized by the County of Pierce.

8) The State of Washington, and the County of Pierce did not Return Plaintiff's Personal Property when he sent his Representative. (see Sworn Statement of Stacy Tobin to retrieve his property from the Pierce County.

9) The Agreement with the State of Washington and Plaintiff was not Honored. Or Enforced as it was Written.

10) The County of Pierce failed to Enforce the Court

Ordered Agreement between Plaintiff, and the State of Washington.

11) Defendant, Pierce County has/had Possession of all said Property. And is the Controlling Entity of the Personal Property of Plaintiff.

### E. DAMAGES SOUGHT.

Plaintiff asks that the Court award him Damages in the Amount of $6.000.000.00 Million Dollars.

Plaintiff asks for the amount of $6.000.000.00 Million Dollars for the following reasons.

a) The Actual Value of the Property at the time of Seizure was in Excess of $3.000.000.00 Million Dollars.

b) That Some Items Can Not Be Replaced. Either due to the Nature of the Items. (Divers Log Books, Captains Log Book, needed for maritime rules & reg.. Religious significance, Tools and mis. items)

c) Since the Seizure the Cost of the items for replacement value has increased.

d) Interest on the Amount owed to Plaintiff set by Statute of 12% Interests (RCW 4.56.110) makes $360.000.00 Thousand Dollars per year since December 10, 2003

e) Related Attorneys Fees and Costs accrued by Plaintiff.

### F. RELIEF SOUGHT.

Plaintiff Request that Judgment be entered against Defendant's as Follows;

A) Award Plaintiff Specific amount of $6.000.000.00

Million Dollars Loss of Property.

B) Award Interest the Amount of Property as based by the State of Washington at 12% Interest since Entery of Order.

C) Award Replacement Costs to all Itemized Listed Property. and

D) Attorney Fees, Court Costs, and any othe additional relief that the Court finds.

Dated this ____ day of _____, 2007.

                                        _____
                                        Douglas John Martin Tobin.