1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10 | DOUGLAS JOHN MARTIN TOBIN,

No. 08-5591RJB/JRC

11 |                              Plaintiff,

12 |          v.                                    REPORT AND RECOMMENDATION

13 | STATE OF WASHINGTON AND PIERCE
COUNTY,

14 |                                                NOTED FOR:

15 |                              Defendants.        June 5, 2009

16

17

18          This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned

19 Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate

20 Judges' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff paid the filing fee and is not proceeding *in*

21 *forma pauperis.*  Plaintiff had the burden of properly serving the summons and complaint in this

22 case.  Plaintiff named the State of Washington and Pierce County as defendants.  The County has

23 not appeared.

24          On March 31, 2009, the Court entered an Order to Show Cause directing plaintiff to show

25 what steps he had taken to serve Pierce County (Dkt. # 16).  On April 9, 2009,  plaintiff filed a

26 return of service showing that a Mr. Goforth attempted to serve this action by leaving a copy of

Report and Recommendation- 1

the summons and complaint with the Pierce County Prosecutor's Office at 930 Tacoma Ave. South Room 946, Tacoma, Washington.

This does not constitute proper service. The Rule controlling service on a state or local government entity such as a county is Fed. R. Civ. P. 4(j)(2). A county may be served by leaving a copy of the summons and complaint with the "chief executive officer" of the county or in the manner provided by state law. Under Washington State Law service on a County is accomplished by serving the County Auditor or, if it is normal business hours, by serving the Deputy Auditor. *See,* RCW 4.28.080.

## DISCUSSION

This action was commenced October 2, 2008. Fed. R. Civ. P. 4(m) indicates that if service of a summons and complaint is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). Plaintiff had until January 30, 2009 to properly serve the County. The above analysis and a plain reading of the rule would appear to indicate that dismissal without prejudice is in order.

The 9th Circuit has held that failure to comply with the service requirements does not mandate dismissal and that the rule should be given liberal and flexible construction so long as the defendant receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be

Report and Recommendation- 2

severely prejudiced if his complaint were dismissed." <u>Borzeka v. Heckler</u>, 739 F.2d 444, 447 (9th Cir. 1984).

The federal approach differs sharply from Washington State's approach. Under state law the requirement to serve a certain person is construed narrowly. Even service on the chief executive's secretary does not fulfill the obligation to serve the County Auditor. <u>Nitardy v. Snohomish County</u>, 105 Wash 2d. 1008, 959 P. 2d 127 (1986).

In this case, the county has not appeared at all. The court cannot say the county is aware of the action or that the county would not be prejudiced if the action were to go forward. Plaintiff is not severely prejudiced given that there is a Report and Recommendation to dismiss the action based on *res judicata* pending. Accordingly, Pierce County should be DISMISSED WITHOUT PREJUDICE.

CONCLUSION

This Court recommends that Pierce County be **DISMISSED WITHOUT PREDUDICE** for failure to properly serve the County. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 5, 2009,** as noted in the caption.

DATED this 6th day of May, 2009.

_____

J. Richard Creatura
United States Magistrate Judge

Report and Recommendation- 3